IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| PING WANG, EMILY LEHNES, EMILY RAMOS, JENNIFER KILKUS, and JOHN DOE, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>THE CORPORATION OF MERCER UNIVERSITY,<br><br>        Defendant. | Civil Action No.:<br>5:23-cv-00193-TES |

## [PROPOSED] PRELIMINARY APPROVAL ORDER

This matter is before the Court for consideration of whether the Settlement reached by the Parties should be preliminarily approved, the proposed Settlement Class preliminarily certified, and the proposed plan for notifying the Settlement Class approved. Having reviewed the proposed Settlement, together with its exhibits, and based upon the relevant papers and all prior proceedings in this matter, the Court has determined the proposed Settlement satisfies the criteria for preliminary approval, the proposed Settlement Class should be preliminarily certified, and the proposed notice plan approved.[1] Accordingly, good cause appearing in the record, **IT IS HEREBY ORDERED THAT**:

### Provisional Certification of The Settlement Class

    1.    The Court provisionally certifies the following Settlement Class:

---

[1] Unless otherwise indicated, capitalized terms used herein have the same meaning as in the Settlement.

1

>All persons who were notified that their information may have been impacted in the Data Incident. The Settlement Class specifically excludes: (i) Mercer and its respective officers and directors; (ii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iii) the Judge and/or magistrate assigned to evaluate the fairness of this settlement; and (iv) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding, or abetting the Data Incident or who pleads *nolo contender* to any such charge.

This Settlement Class is provisionally certified for purposes of settlement only.

2. The Court determines that for settlement purposes the proposed Settlement Class meets all the requirements of Federal Rule of Civil Procedure 23(a) and (b)(3), namely that the class is so numerous that joinder of all members is impractical; that there are common issues of law and fact; that the claims of the class representatives are typical of absent class members; that the class representatives will fairly and adequately protect the interests of the class as they have no interests antagonistic to or in conflict with the class and have retained experienced and competent counsel to prosecute this matter; that common issues predominate over any individual issues; and that a class action is the superior means of adjudicating the controversy.

3. Ping Wang, Emily Lehnes, Emily Ramos, Jennifer Kilkus, and John Doe are designated and appointed as the Settlement Class Representatives.

4. William B. Federman of Federman & Sherwood and Kevin Laukaitis of Laukaitis Law LLC, who were previously appointed by the Court as interim Co-Lead Class Counsel, are designated as Class Counsel pursuant to Fed. R. Civ. P. 23(g). The Court finds that Mr. Federman and Mr. Laukaitis are experienced and will adequately protect the interests of the Settlement Class.

### **Preliminary Approval of the Proposed Settlement**

5. Upon preliminary review, the Court finds the proposed Settlement is fair, reasonable, and adequate, otherwise meets the criteria for approval, and warrants issuance of notice to the Settlement Class. Accordingly, the proposed Settlement is preliminarily approved.

**Final Approval Hearing**

6.      A Final Approval Hearing shall take place before the Court on _____ ____, 2024, at ___ a.m./p.m. in the William A. Bootle Federal Building & United States Courthouse, 475 Mulberry Street, Macon, Georgia 31201, to determine, among other things, whether: (a) the proposed Settlement Class should be finally certified for settlement purposes pursuant to Federal Rule of Civil Procedure 23; (b) the Settlement should be finally approved as fair, reasonable and adequate and, in accordance with the Settlement's terms, all claims in the Consolidated Class Action Complaint and Action should be dismissed with prejudice; (c) Settlement Class Members should be bound by the releases set forth in the Settlement; (d) the proposed Final Approval Order and Judgment should be entered; (e) the application of Class Counsel for an award of attorney's fees, costs, and expenses should be approved; and (f) the Settlement Class Representatives are entitled to the requested service awards. Any other matters the Court deems necessary and appropriate will also be addressed at the hearing.

7.      Class Counsel shall submit their application for Attorneys' Fees and Expenses fourteen (14) days prior to the Objection Deadline and Opt-Out Deadline.

8.      Any Settlement Class Member that has not timely and properly excluded itself from the Settlement in the manner described below, may appear at the Final Approval Hearing in person or by counsel and be heard, to the extent allowed by the Court, regarding the proposed Settlement; provided, however, that no Settlement Class Member that has elected to exclude themself from the Settlement shall be entitled to object or otherwise appear, and, further provided, that no Settlement Class Member shall be heard in opposition to the Settlement unless the Settlement Class Member complies with the requirements of this Order pertaining to objections, which are described below.

**Administration**

9. Epiq is appointed as the Settlement Administrator, with responsibility for reviewing, determining the validity of, and processing all claims submitted by Settlement Class Members, and all other obligations of the Settlement Administrator as set forth in the Settlement. All Notice and Settlement Administration Costs incurred by the Settlement Administrator will be paid by the Defendant, as provided in the Settlement.

**Notice to the Class**

10. The Notice Plan, along with the Short Notice, Long Notice, and Claim Form attached to the Settlement as Exhibits A through C satisfy the requirements of Federal Rule of Civil Procedure 23 and due process and thus are approved. Non-material modifications to these exhibits may be made without further order of the Court. The Settlement Administrator is directed to carry out the Notice Plan and to perform all other tasks that the Settlement requires.

11. The Court finds that the form, content, and method of giving notice to the Settlement Class as described in the Notice Plan, Short Notice, Long Notice, and Claim Form: (a) constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the action, the terms of the proposed Settlement, and their rights under the proposed Settlement; (c) are reasonable and constitute due, adequate, and sufficient notice to those persons entitled to receive notice; and (d) satisfy the requirements of Federal Rule of Civil Procedure 23, the constitutional requirement of due process, and any other legal requirements. The Court further finds that the notice is written in plain language, uses simple terminology, and is designed to be readily understandable by Settlement Class Members.

**Exclusions from the Class**

12. Each Settlement Class Member wishing to opt-out of the Settlement Class shall individually sign and timely submit written notice of such intent to the designated Post Office box established by the Settlement Administrator. The written notice must clearly manifest the Settlement Class Member's intent to opt-out of the Settlement Class. To be effective, written notice must be postmarked no later than 60 days after the Notice Date (the "Opt-Out Deadline"). All Persons who submit valid and timely notices of their intent to opt-out of the Settlement Class shall not receive any benefits of and/or be bound by the terms of this Settlement Agreement. All Persons falling within the definition of the Settlement Class who do not opt-out of the Settlement Class shall be bound by the terms of this Settlement Agreement and Judgment entered thereon.

**Objections to the Settlement**

13. A Settlement Class Member that complies with the requirements of this Order may object to the Settlement.

14. No Settlement Class Member shall be heard, and no papers, briefs, pleadings, or other documents submitted by any Settlement Class Member shall be received and considered by the Court, unless a written objection is submitted to the Court on or before the Objection Deadline, which shall be 60 days after the Notice Date. For the objection to be considered by the Court, the written objection must include:

   a. the objector's full name and address;

   b. the case name and docket number: *Wang et al. v. The Corporation of Mercer University*, 5:23-cv-00193-TES (M.D. Ga.);

   c. a written statement of all grounds for the objection, including whether the objection applies only to the objector, to a subset of the Settlement Class, or to the entire

        Settlement Class, accompanied by any legal support for the objection the objector believes applicable;

d.     the identity of any and all counsel representing the objector in connection with the objection;

e.     a statement whether the objector and/or his or her counsel will appear at the Final Fairness Hearing; and

f.     the objector's signature or the signature of the objector's duly authorized attorney or other duly authorized representative (if any) representing him or her in connection with the objection.

15.     To be timely, written notice of an objection in the appropriate form must be mailed, with a postmark date no later than 60 days from the Notice Date to Class Counsel and Defense Counsel (addresses below).

16.     The objector or his or her counsel may also file their Objection with the Court through the Court's ECF system, with service on Class Counsel and Defense Counsel, to be made through the ECF system. For all objections mailed to Class Counsel and Defense Counsel, Class Counsel will file them with the Court as an exhibit to Plaintiffs' motion for final approval.

| DEFENDANT'S COUNSEL | LEAD CLASS COUNSEL |
|---|---|
| Christopher A. Weich<br>BAKER & HOSTETLER LLP<br>1170 Peachtree Street NE, Suite 2400<br>Atlanta, GA 30309-7676 | William B. Federman<br>FEDERMAN & SHERWOOD<br>10205 N. Pennsylvania<br>Oklahoma City, OK 73120<br><br>and to:<br><br>Kevin Laukaitis<br>LAUKAITIS LAW LLC<br>954 Avenida Ponce De Leon<br>Suite 205, #10518<br>San Juan, PR 00907 |

17. Any Settlement Class Member who fails to comply with the requirements for objecting pursuant to this Order shall waive and forfeit any and all rights he or she may have to appear separately and/or to object to the Settlement Agreement, and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders and judgments in the Litigation.

### Claims Process and Distribution Plan

18. The Settlement establishes a process for assessing and determining the validity and value of claims and a methodology for paying Settlement Class Members that submit a timely, valid Claim Form. The Court preliminarily approves this process.

19. Settlement Class Members that qualify for and wish to submit a Claim Form shall do so in accordance with the requirements and procedures specified in the Settlement, including the Claim Form. If the Settlement is finally approved, all Settlement Class Members that qualify for any benefit under the Settlement, but who fail to submit a claim in accordance with the requirements and procedures specified in the Settlement, including the Claim Form, shall be forever barred from receiving any such benefit. Such Class Members, however, will in all other respects be subject to and bound by the provisions of the Settlement, including the releases included in the Settlement, and the Final Approval Order and Judgment.

### Termination of the Settlement and Use of this Order

20. This Order shall become null and void and shall be without prejudice to the rights of the Parties, all of which shall be restored to their respective positions existing immediately before this Court entered this Order, if the Settlement is not finally approved by the Court or is terminated in accordance with the terms of the Settlement. In such event, the Settlement shall become null and void and be of no further force and effect, and neither the Settlement (including

any Settlement-related filings) nor the Court's orders, including this Order, relating to the Settlement shall be used or referred to for any purpose whatsoever.

21. If the Settlement is not finally approved or there is no Effective Date under the terms of the Settlement, then this Order shall be of no force or effect; shall not be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, or liability; shall not be construed or used as an admission, concession, or declaration by or against any Settlement Class Representative or any other Settlement Class Member that his or her claims lack merit or that the relief requested is inappropriate, improper, unavailable; and shall not constitute a waiver by any party of any defense (including without limitation any defense to class certification) or claims he or she may have in this Action or in any other lawsuit.

### Stay of Proceedings

22. Except as necessary to effectuate this Order, this matter and any deadlines set by the Court in this matter are stayed and suspended pending the Final Approval Hearing and issuance of the Final Approval Order and Judgment, or until further order of this Court.

### Continuance of Final Approval Hearing

23. The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the Settlement Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the website maintained by the Settlement Administrator.

### Actions By Settlement Class Members

24. The Court stays and enjoins, pending Final Approval of the Settlement, any actions, lawsuits, or other proceedings brought by Settlement Class Members against Defendant related to the Data Incident.

**Summary of Deadlines**

25. The Settlement, as preliminarily approved in this Order, shall be administered according to its terms pending the Final Approval Hearing. Deadlines arising under the Settlement and this Order include but are not limited to the following:

| **Grant of Preliminary Approval** | |
|---|---|
| Defendant provides list of Settlement Class Members to the Settlement Administrator | +10 days after Preliminary Approval |
| Long Form and Short Form Notices Posted on the Settlement Website | +30 days after Preliminary Approval |
| Notice Deadline | +30 days after Preliminary Approval |
| Class Counsel's Motion for Attorneys' Fees, Reimbursement of Litigation Expenses, and Class Representative Service Award | -14 days prior to the Objection Deadline and Opt-Out Deadline |
| Objection Deadline | +60 days after Notice Date |
| Exclusion Deadline | +60 days after Notice Date |
| Claims Deadline | +90 days after Notice Date |
| Settlement Administrator Provide List of Objections/Exclusions to Counsel | +7 days after deadline for Opt-Out |
|  |  |
| **Final Approval Hearing** | At least 100 days after Preliminary Approval Order |
| Motion for Final Approval | -14 Days before Final Approval Hearing |
|  |  |
| **Final Approval** | |
| Payment of Attorneys' Fees, Expenses, and Class Representative Service Award | +30 days after Effective Date |
| Payment of Claims | +35 days of the Effective Date or after all Claim deficiencies are resolved |
| Settlement Website Deactivation | +5 business days after last payment or credit is terminated |

IT IS SO ORDERED this ____ day of _____, 2024.

_____