IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| PING WANG, EMILY LEHNES, EMILY RAMOS, JENNIFER KILKUS, and JOHN DOE, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE CORPORATION OF MERCER UNIVERSITY,<br><br>Defendant. | Civil Action No.: 5:23-cv-00193-TES |

**JOINT DECLARATION OF COUNSEL IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

We, Kevin Laukaitis and William B. Federman, declare under penalty of perjury as follows:

1. We are counsel for Plaintiffs Ping Wang, Emily Lehnes, Emily Ramos, Jennifer Kilkus, and John Doe in the above-captioned case. This declaration supports Plaintiffs' Motion for Preliminary Approval of Class Action Settlement. A copy of the Settlement Agreement is attached as **Exhibit 1**. This declaration explains the bases for the Settlement, including the significant relief it affords the class. We have personal knowledge of the facts in this declaration and could testify to them if called on to do so.

**COUNSEL'S QUALIFICATIONS**

**Laukaitis Law LLC**

2. Laukaitis Law's firm resume is attached as **Exhibit 2**.

**Federman & Sherwood**

3. Federman & Sherwood's firm resume is attached hereto as **Exhibit 3**.

1

**LITIGATION BACKGROUND**

4.      Defendant Mercer University is a private research university that enrolls over 9,000 students in twelve colleges and schools. (Consolidated Class Action Compl. ("Compl."), ¶ 1, ECF No. 16). Between February 12, 2023, and February 24, 2023, an unauthorized actor gained access to Mercer University's systems during a ransomware attack. (*Id.* ¶ 4). Plaintiffs allege that the PII of current and former Mercer University students and employees, including their names, social security numbers, driver's license numbers were exfiltrated during the Breach. (*Id.* ¶ 5).

5.      On May 31, 2023, Plaintiffs began filing separate class action lawsuits against Mercer based on the Data Incident. On October 3, 2023, Plaintiffs filed a consolidated putative class action complaint against Mercer in the United Stated District Court for the Middle District of Georgia, asserting claims of negligence, unjust enrichment, breach of implied contract, violations of the Georgia Security Breach Notification Act, O.C.G.A. § 10-1-912 *et seq.*, and Deceptive Trade Practices Act, O.C.G.A. § 10-1-370 *et seq.*, and declaratory judgment (the "Litigation"). (*See generally, id.*).

6.      On November 2, 2023, Mercer filed a motion to dismiss the Consolidated Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF Nos. 21 and 22). The Parties completed briefing the motion to dismiss on December 27, 2023. (ECF Nos. 25 and 29). While the Motion to Dismiss was pending, the Parties agreed to attend mediation. Mercer also responded to Plaintiffs' requests for documents and information pursuant to Federal Rule of Evidence 408 to facilitate mediation.

7.      On May 20, 2024, the Parties participated in a full-day mediation before JAMS mediator Bruce A. Friedman. The Parties were unable to come to an agreement. Following the mediation, the Parties continued arms-length negotiations with the assistance of Mr. Friedman.

8.    On June 6, 2024, Mr. Friedman presented a mediator's proposal, which the Parties thoroughly considered and subsequently accepted, the salient terms of which were memorialized in a term sheet signed by the Parties on July 31, 2024. The full terms of the Parties' agreement are memorialized in the Settlement Agreement and attached exhibits. The terms of the Settlement were negotiated at arm's-length, in good faith and without collusion, by capable and experienced counsel, with full knowledge of the facts, the law, and the inherent risks in the litigation, and with the active involvement of the Parties.

9.    Prior to engaging in mediation and reaching a settlement, the parties conducted meaningful informal discovery. The Parties exchanged documents and information responsive to these informal discovery requests, allowing them to fully evaluate the strengths and weaknesses of their positions.

10.   The Settlement provides substantial benefits to the Settlement Class, including: (i) up to $450.00 for Ordinary Out-of-Pocket Losses and Lost Time spent responding to the Data Security Incident (capped at five (5) hours at $20.00 per hour); (ii) up to $5,500.00 in Extraordinary Out-of-Pocket Losses arising from identity theft and fraud stemming from the Data Incident; and (iii) two (2) years of three-bureau credit monitoring services and identity theft insurance. Mercer University must pay all verified, valid, and timely claims in full.

11.   Furthermore, Defendant will implement and maintain certain data security-related measures to protect Class Members' PII. The cost of these data security-related measures is estimated at $800,000.00 and will be paid for by Defendant completely separate and apart from the Settlement.

12.   Defendant will pay all notice and claims administration costs, as well as any Court approved attorneys' fees, costs, and expenses, completely separate and apart from the Settlement.

These are significant benefits that directly address and remedy the harm claimed by Plaintiffs and the Settlement Class.

13. Before settlement negotiations, and as alluded to above, Class Counsel sought informal discovery from Mercer University on a number of topics, including: the number of individuals whose PII was potentially compromised during the Data Incident; the types of PII potentially compromised; the mechanics of the Data Incident; the remedial actions Mercer University took after the Data Incident; and the terms of any potentially applicable insurance coverage.

14. The Settlement was achieved only after a thorough investigation, preparation of a detailed consolidated complaint, a thoroughly researched response to Mercer University's motion to dismiss, the consideration of relevant informal discovery, the preparation of a detailed mediation statement, and intense settlement negotiations. Class Counsel thoroughly evaluated this in their analysis of damages. By the time the Settlement in principle was reached, Plaintiffs and Class Counsel were well informed of the strengths and weaknesses of the case.

15. The Parties selected Epiq after considering bids from multiple administration firms and believe that Epiq will be able to meet the obligations imposed on the Settlement Administrator under the settlement for a reasonable cost.

16. It is Class Counsel's opinion that the Settlement is fair, reasonable, and adequate considering the significant benefits to the Settlement Class as well as the risks and delays attendant to further protracted litigation. This view is informed by Class Counsel's decades of work litigating complex actions. Therefore, given this risk and uncertainty, settlement is the more prudent course when a reasonable one can be reached. In light of the above, the un-capped claims made settlement achieved, and the benefits Settlement Class Members are eligible to receive is an

outstanding result.

17.     Class Counsel represent that there are no agreements related to the settlement other than those reflected in the Settlement Agreement itself and an agreement with Epiq to perform notice and settlement administration services if this Motion is granted by the Court.

18.     The Class Representatives have also demonstrated their adequacy by: (i) selecting well-qualified Class Counsel; (ii) producing information and documents to Class Counsel to permit investigation and development of the complaints; (iii) being available as needed throughout the litigation; and (iv) monitoring the Litigation. Plaintiffs do not have any interests antagonistic to other Class Members.

19.     It is our opinion that the proposed class action settlement is fair, reasonable, and adequate and is an outstanding result for the Settlement Class Members and should be preliminarily approved by the Court.

We declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of our knowledge.

*/s/: Kevin Laukaitis*
Kevin Laukaitis
**LAUKAITIS LAW LLC**
954 Avenida Ponce De Leon
Suite 205, #10518
San Juan, PR 00907
Telephone: (215) 789-4462
klaukaitis@laukaitislaw.com


*/s/: William B. Federman*
William B. Federman
**FEDERMAN & SHERWOOD**
10205 N. Pennsylvania Ave.
Oklahoma City, OK 73120
Telephone: (405) 235-1560
wbf@federmanlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 14, 2024, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using CM/ECF. Copies of the foregoing document will be served upon interested counsel via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/: William B. Federman*
William B. Federman