# EXHIBIT 1

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA
### MACON DIVISION

PING WANG, EMILY LEHNES, EMILY RAMOS, JENNIFER KILKUS, and JOHN DOE, individually and on behalf of all others similarly situated,

        Plaintiffs,

v.

THE CORPORATION OF MERCER UNIVERSITY,

        Defendant.

Case No. 5:23-cv-00193-TES

## DECLARATION OF WILLIAM B. FEDERMAN IN SUPPORT OF PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

I, William B. Federman, declare under penalty of perjury as follows:

1.      I am an attorney duly admitted to the bars of the states of Texas, Oklahoma, and New York. I am admitted to practice *pro hac vice* before this Court. I am a founder and managing member of the law firm Federman & Sherwood.

2.      I am one of the Court-appointed Co-Lead Class Counsel for Plaintiffs Ping Wang, Emily Lehnes, Emily Ramos, Jennifer Kilkus, John Doe, and the Settlement Class. This declaration supports Plaintiffs' Motion for Final Approval of Class Action Settlement. I have personal knowledge of the facts in this declaration and could testify to them if called on to do so.

3.      This declaration explains the basis for the Settlement, including the significant relief it affords the Settlement Class.

1

## I.    **LITIGATION BACKGROUND**

4.    Defendant Mercer University is a private research university that enrolls over 9,000 students in twelve colleges and schools. Consolidated Class Action Compl. ("Compl."), ¶ 1 (ECF No. 16). Between February 12, 2023, and February 24, 2023, an unauthorized actor gained access to Mercer University's systems during a ransomware attack (the "Data Incident"). *Id.* ¶ 4. Plaintiffs allege that the PII of current and former Mercer University students and employees, including their names, social security numbers, driver's license numbers were exfiltrated during the Data Incident. *Id.* ¶ 5.

5.    After the Data Incident, Defendant sent notification letters to approximately 93,512 individuals. Plaintiffs and the Settlement Class, received notices of the Data Incident on or around May 19, 2023.

6.    On May 31, 2023, Plaintiffs began filing separate class action lawsuits against Mercer based on the Data Incident. On October 3, 2023, Plaintiffs filed a consolidated putative class action complaint against Mercer in the United Stated District Court for the Middle District of Georgia, asserting claims of negligence, unjust enrichment, breach of implied contract, violations of the Georgia Security Breach Notification Act, O.C.G.A. § 10-1-912 *et seq.*, and Deceptive Trade Practices Act, O.C.G.A. § 10-1-370 *et seq.*, and declaratory judgment (the "Litigation"). The O.C.G.A. claims were voluntarily dismissed.

7.    On November 2, 2023, Mercer filed a motion to dismiss the Consolidated Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF Nos. 21 and 22). The Parties completed briefing the motion to dismiss on December 27, 2023. (ECF Nos. 25 and 29). The Court heard oral arguments for the Motion to Dismiss on February 22, 2024. While the Motion to Dismiss was pending, the Parties agreed to attend mediation.

8.      On May 20, 2024, the Parties participated in a full-day mediation before JAMS mediator Bruce A. Friedman. Mr. Friedman has extensive experience in mediating complex cases, including class action and data breach litigation. The Parties were unable to come to an agreement by the end of the mediation. However, following the mediation, the Parties continued arms-length negotiations with the assistance of Mr. Friedman.

9.      On June 6, 2024, Mr. Friedman presented a mediator's proposal, which the Parties thoroughly considered and subsequently accepted, the salient terms of which were memorialized in a term sheet signed by the Parties on July 31, 2024. The full terms of the Parties' agreement are memorialized in the Settlement Agreement and attached exhibits, which were filed with the Court on November 14, 2024. The terms of the Settlement were negotiated at arm's-length, in good faith and without collusion, by capable and experienced counsel, with full knowledge of the facts, the law, and the inherent risks in the litigation, and with the active involvement of the Parties.

10.     This Court granted preliminary approval of the Settlement on November 18, 2024, and directed the Claims Administrator to begin processing claims in accordance with the schedule set in the order, finding that the Settlement was "fair, reasonable, and adequate, otherwise meets the criteria for approval, and warrants issuance of notice to the Settlement Class." ECF No. 36.

## II.     CLASS COUNSEL'S INVESTIGATION

11.     Class Counsel are confident in the strength of Plaintiffs' case because Class Counsel have been involved in other data breach litigation and have led numerous large data breach cases to favorable resolution.

12.     Class Counsel is experienced in the litigation, certification, trial, and settlement of nationwide class action cases. In negotiating this Settlement, Class Counsel had the benefit of years of experience litigating data breach cases.

13.     Before filing this Action, Class Counsel spent time investigating the claims to gather information about the Data Incident. The thorough pre-suit investigation resulted in the preparation of detailed complaints and later the Consolidated Complaint.

14.     In addition, for the initial complaints and the Consolidated Class Action Complaint, Class Counsel conducted background research, interviewed, and gathered Plaintiffs' documents and relevant information.

15.     Prior to engaging in mediation and reaching a settlement, the parties conducted meaningful informal discovery. As part of this process, Mercer responded to Plaintiffs' requests for documents and information pursuant to Federal Rule of Evidence 408 to facilitate mediation. The Parties exchanged documents and information responsive to these informal discovery requests, allowing them to fully evaluate the strengths and weaknesses of their positions.

16.     Class Counsel entered the mediation fully informed of the merits of Settlement Class Members' claims and negotiated the proposed Settlement while advancing the position of Plaintiffs and Settlement Class Members and being fully prepared to continue to litigate rather than accept a settlement that was not in the best interest of Plaintiffs and Settlement Class Members.

17.     Mr. Friedman actively supervised and participated in the settlement discussions, presiding over arm's-length negotiations between capable and experienced class action counsel on both sides.

18.     The Parties did not discuss attorneys' fees or service awards until after agreeing on the material terms of the Settlement, including the Settlement Class definition, , Settlement Class Benefits, and the Releases.

### III.    THE SETTEMENT

19.    Before settlement negotiations, and as alluded to above, Class Counsel sought informal discovery from Mercer University on a number of topics, including: the number of individuals whose PII was potentially compromised during the Data Incident; the types of PII potentially compromised; the mechanics of the Data Incident; the remedial actions Mercer University took after the Data Incident; and the terms of any potentially applicable insurance coverage.

20.    The Settlement provides substantial benefits to the Settlement Class, including: (i) Compensation for Lost Time spent responding to the Data Security Incident, up to five (5) hours at $20.00 per hour, (ii) reimbursement of Ordinary Out-of-Pocket Losses up to $450.00; (iii) reimbursement of Extraordinary Out-of-Pocket Losses arising from identity theft and fraud stemming from the Data Incident, up to $5,500; and (iv) two (2) years of three-bureau Credit Monitoring and Identity Theft Protection services, including identity theft insurance and real-time credit monitoring. Mercer University must pay all verified, valid, and timely claims in full.

21.    Furthermore, Defendant will implement and maintain certain data security-related measures to protect Class Members' PII. The cost of these data security-related measures is estimated at $800,000.00 and will be paid for by Defendant completely separately and apart from any relief to Class Members.

22.    Defendant will pay all notice and claims administration costs, as well as any Court approved attorneys' fees, costs, and expenses, separate and apart from the payments and benefits provided directly to the Settlement Class Members. These are significant benefits that directly address and remedy the harm claimed by Plaintiffs and the Settlement Class.

23.     The Settlement was achieved only after a thorough investigation, preparation of a detailed consolidated complaint, a thoroughly researched response to Mercer University's motion to dismiss, arguments on the motion to dismiss, the consideration of relevant informal discovery, the preparation of a detailed mediation statement, and intense settlement negotiations. Class Counsel thoroughly evaluated this in their analysis of damages. By the time the Settlement in principle was reached, Plaintiffs and Class Counsel were well informed of the strengths and weaknesses of the case.

24.     It is my opinion that the Settlement is fair, reasonable, and adequate considering the significant benefits to the Settlement Class as well as the risks and delays attendant to further protracted litigation. This view is informed by my decades of work litigating complex actions. Therefore, given this risk and uncertainty, settlement is the more prudent course when a reasonable one can be reached. Considering the above, the un-capped claims made settlement achieved, and the benefits Settlement Class Members are eligible to receive is an outstanding result.

25.     I represent that there are no agreements related to the settlement other than those reflected in the Settlement Agreement itself and an agreement with Epiq Class Action & Claims Solutions, Inc. ("Epiq") to perform notice and settlement administration services as directed by the Court in its Preliminary Approval Order. ECF No. 36.

26.     The Class Representatives have also demonstrated their adequacy by: (i) selecting well-qualified Class Counsel; (ii) producing information and documents to Class Counsel to permit investigation and development of the complaints; (iii) being available as needed throughout the litigation; and (iv) monitoring the Litigation. Plaintiffs do not have any interests antagonistic to other Class Members.

27.     It is my professional opinion that the proposed class action settlement is fair, reasonable, and adequate and is an outstanding result for the Settlement Class Members and that the Court should enter an order granting final approval to the Settlement.

## IV.     RISKS OF CONTINUED LITIGATION

28.     Any settlement requires the parties to balance the merits of the claims and defenses asserted against the attendant risks of continued litigation and delay.

29.     Class Counsel believe the claims asserted are meritorious and that Plaintiffs would prevail if this matter proceeded to trial.

30.     Class Counsel are cognizant of the risks and challenges of litigation, including uncertainties in litigating the case through a motion to dismiss, including on the issue of standing, class certification discovery and proceedings, pretrial motion practice, trial, and likely appellate review. In addition, Class Counsel are aware of the risks inherent from any appeal and subsequent proceedings following a successful trial verdict. Even if Plaintiffs and the Settlement Classes ultimately prevailed at trial, recovery could be delayed for years by an appeal.

31.     Each of these risks, by itself, could have impeded the successful prosecution of these claims at trial and in an eventual appeal—resulting in zero benefit to the Settlement Class. Under the circumstances, Plaintiffs and Class Counsel appropriately determined the Settlement reached outweighs the gamble of continued litigation.

32.     The claims and defenses in this Action are complex, as is clear by the record and other similar data breach cases. There is no doubt that continued litigation here would be difficult, expensive, and time consuming.

33.     The Settlement provides immediate and substantial benefits to Settlement Class Members. The proposed Settlement is the best vehicle for Settlement Class Members to receive the relief to which they are entitled in a prompt and efficient manner.

34.     Whether the Action would have been tried as a class action is also relevant in assessing the fairness of the Settlement. As the Court had not yet certified a class at the time the Agreement was executed, it is unclear whether certification would have been granted. This litigation activity would have required the Parties to expend significant resources.

35.     In my experience and using my informed judgment, the Settlement represents an excellent result, in providing substantial monetary and injunctive relief to Settlement Class Members without further delay and considering the challenging and unpredictable path of litigation Plaintiffs would have faced absent a settlement.

## V.    CLAIMS ADMINISTRATION AND NOTICE PROGRAM

36.     The Claims Administrator, Epiq, oversaw the Notice Program in accordance with the Court's Preliminary Approval Order. *See* Declaration of Cameron Azari ("Azari Decl."), attached hereto as **Exhibit A**. The Notice Program was designed to provide the best notice practicable and is tailored to inform Settlement Class Members about the Settlement benefits.

37.     The Notice Program constitutes sufficient notice to all persons entitled to notice. The Notice Program satisfies all applicable requirements of law and due process.

38.     The Notice Program properly informed Settlement Class Members of the Settlement's substantive terms. It advised Settlement Class members of their options for remaining part of the Settlement Class or for opting out of the Settlement; for submitting Claim Forms; for objecting to the Settlement and/or the Application for Attorneys' Fees, Costs, and Service Awards; and how to obtain additional information about the Settlement. The Notice Program was designed

to directly reach a very high percentage of Settlement Class members with Email Notice and Postcard Notice, with consideration that Settlement Class Members' contact information is readily available to Defendants. It exceeds the requirements of constitutional due process.

39.      Epiq successfully mailed 91,451 Short Notices to Settlement Class Member. As such, the Notice Program provided direct notice to 97.9% of the Settlement. This percentage easily meets the requirements of constitutional due process. Azari Decl. at ¶ 28.

40.      The Notice Program satisfies all applicable requirements of law and due process.

## <u>RESPONSE OF THE SETTLEMENT CLASS</u>

41.      The deadline to request exclusions from the Settlement or to object to the Settlement was February 17, 2025. As of April 2, 2025, the claims administrator has received **no** objections to the settlement and only **one** request for exclusion from the Settlement. Azari Decl. at ¶ 32.

42.      In addition to Settlement Class Members' positive reaction to the Settlement, as of April 2, 2025, 3,267 claims forms have been received by Epiq, representing a claims rate of 3.50%. Azari Decl. at ¶ 34. This claim rate compares favorably to claims rates in data breach class action settlements that have been finally approved by courts. *See, e.g.*, *In re Anthem, Inc. Data Breach Litig.*, 327 F.R.D. 299, 321 (N.D. Cal. 2018) (finding that a 1.8% claims rate reflects a positive reaction by the class). This is supported by the below chart of some recent data breach settlement:

| Case | Claims Rate |
|------|-------------|
| *In re Target Corp. Customer Data Sec. Breach Litig.*, No. 14-md-2522, 2017 WL 2178306, at *1–2 (D. Minn. May 17, 2017), *aff'd*, 892 F.3d 968 (8th Cir. 2018) | 0.23% |
| *In re Hudson's Bay Co. Data Sec. Incident Consumer Litig.*, No. 18-CV-8472 (PKC), 2022 WL 2063864, at *10 (S.D.N.Y. June 8, 2022) | 0.25% |

| | |
|---|---|
| *Corona v. Sony Pictures Entmt., Inc.,* No. 2:14-cv-9600 (C.D. Cal. Apr. 12, 2016), ECF Nos. 164, 166 | 0.7% |
| *Cochran et al. v. The Kroger Co.*, No. 5:21-cv-01887 (N.D. Cal.), ECF Nos. 104, 115 | 1% |
| *In re Anthem, Inc. Data Breach Litig*., 327 F.R.D. 299, 321 (N.D. Cal. 2018) | 1.8% |

43.     Overall, the response from the Settlement Class has been extremely positive, demonstrating the Class Members' approval of the Settlement.

44.     In my professional opinion, the Settlement represents an excellent result for the Settlement Class and merits final approval.

45.     It is my opinion that the proposed class action settlement is fair, reasonable, and adequate and is an outstanding result for the Settlement Class Members in light of the significant challenges faced.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of our knowledge.

Dated: April 3, 2025

*/s/ William B. Federman*
William B. Federman
**FEDERMAN & SHERWOOD**
10205 N. Pennsylvania Ave.
Oklahoma City, OK 73120
Telephone: (405) 235-1560
wbf@federmanlaw.com

*Class Counsel for Plaintiffs*

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| PING WANG, EMILY LEHNES, EMILY RAMOS, JENNIFER KILKUS, and JOHN DOE, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>THE CORPORATION OF MERCER UNIVERSITY,<br><br>        Defendant. | Civil Action No.:<br>5:23-cv-00193-TES |

**DECLARATION OF CAMERON R. AZARI, ESQ. REGARDING IMPLEMENTATION AND ADEQUACY OF NOTICE PLAN**

I, Cameron R. Azari, Esq., hereby declare and state as follows:

1.      My name is Cameron R. Azari, Esq.  I have personal knowledge of the matters set forth herein, and I believe them to be true and correct.

2.      I am a nationally recognized expert in the field of legal notice and have served as an expert in hundreds of federal and state cases involving class action notice plans.

3.      I am a Senior Vice President of Epiq Class Action & Claims Solutions, Inc. ("Epiq") and the Managing Director of Epiq Legal Noticing (aka Hilsoft Notifications), a business unit of Epiq that specializes in designing, developing, analyzing, and implementing large-scale, un-biased, legal notification plans.

4.      Epiq is an industry leader in class action administration, having implemented more than a thousand successful class action notice and settlement administration matters.  Epiq Legal Noticing has handled some of the most complex and significant notice programs in recent history, examples of which are discussed below.  With experience in more than 700 cases, including more than 75 multidistrict litigation settlements, Epiq Legal Noticing has prepared notices that have appeared in 53 languages and been distributed in almost every country, territory, and dependency

DECLARATION OF CAMERON R. AZARI, ESQ. REGARDING IMPLEMENTATION AND
ADEQUACY OF NOTICE PLAN

in the world.  Courts have recognized and approved numerous notice plans developed by Epiq Legal Noticing, and those decisions have invariably withstood appellate review.

## RELEVANT EXPERIENCE

5.      I have served as a notice expert and have been recognized and appointed by courts to design and provide notice in many significant cases, including:

a)      *In re Juul Labs, Inc. Marketing, Sales Practices, and Products Liability Litigation* 19-md-02913 (N.D. Cal.), involved two settlements totaling $300 million for JUUL Labs, Inc. and Altria, which alleged consumers were misled about JUUL products' addictiveness and safety, causing them to pay more, and that JUUL products were unlawfully marketed to minors.  Two companion notice programs were implemented with more than 10.7 million email notices and nearly 500,000 postcard notices sent to potential class members and comprehensive media efforts (over 936 million impressions delivered).  The notice programs each reached approximately 80% of the class nationwide.

b)      *In Re: Zoom Video Communications, Inc. Privacy Litigation*, 3:20-cv-02155 (N.D. Cal.), involved an extensive notice plan for a $85 million privacy settlement involving Zoom, the most popular videoconferencing platform.  Notice was sent to more than 158 million class members by email or mail, and millions of reminder notices were sent to stimulate claim filings. The individual notice efforts reached approximately 91% of the class.  A supplemental media campaign provided notice via regional newspaper notice, nationally distributed digital and social media notice (delivering more than 280 million impressions), sponsored search, an informational release, and a settlement website.

c)      *In re Takata Airbag Products Liability Litigation*, MDL No. 2599, 1:15-md-02599 (S.D. Fla.), involved $1.91 billion in settlements with BMW, Mazda, Subaru, Toyota, Honda, Nissan, Ford, and Volkswagen regarding Takata airbags.  The notice programs included individual mailed notice to more than 61.8 million potential class members and extensive nationwide media via consumer publications, U.S. Territory newspapers, radio, digital notices, mobile digital notices,

DECLARATION OF CAMERON R. AZARI, ESQ. REGARDING IMPLEMENTATION AND ADEQUACY OF NOTICE PLAN

and behaviorally targeted digital media. Combined, the notice programs reached more than 95% of adults aged 18+ in the U.S. who owned or leased a subject vehicle, with a frequency of 4.0 times each.

d)    *In Re: Capital One Consumer Data Security Breach Litigation*, MDL No. 2915, 1:19-md-02915 (E.D. Va.), involved an extensive notice program for a $190 million data breach settlement. Notice was sent to more than 93.6 million settlement class members by email or mail. The individual notice efforts reached approximately 96% of the identified settlement class members and were enhanced by a supplemental media plan that included digital and social media notices (delivering more than 123.4 million impressions), sponsored search, and a settlement website.

e)    *In re: Disposable Contact Lens Antitrust Litigation*, 3:15-md-02626 (M.D. Fla.), involved several notice programs to notify retail purchasers of disposable contact lenses for four separate settlements totaling $88 million. For each notice program more than 1.98 million email or postcard notices were sent to potential class members and a comprehensive media plan was implemented, with a well-read nationwide consumer publication, internet digital notices (delivering more than 312.9 million – 461.4 million impressions per campaign), sponsored search listings, and a case website.

f)    *In re U.S. Office of Personnel Management Data Security Breach Litigation* MDL No. 2664, 15-cv-01394 (D.D.C.), involved a $63 million settlement for compromised personal information of then-current and former federal government employees and contractors, and certain applicants for federal employment. An extensive nationwide media notice campaign was implemented using magazines, digital and social media notices (delivering more than 758 million impressions), traditional and satellite radio, and other forms of media. The media notice reached at least 85% of the class. In addition, more than 3.5 million email notices and/or postcard notices were sent to identified class members. The notice program was supplemented with outreach to unions and associations, sponsored search listings, an informational release, and a settlement website.

g)    *In re: fairlife Milk Products Marketing and Sales Practices Litigation*, 1:19-cv-03924 (N.D. Ill.), involved a $21 million settlement against The Coca-Cola Company, fairlife, LLC, and other defendants alleging false labeling and marketing of fairlife milk products. A

DECLARATION OF CAMERON R. AZARI, ESQ. REGARDING IMPLEMENTATION AND ADEQUACY OF NOTICE PLAN

comprehensive media plan was implemented with a consumer print publication notice, targeted digital and social media notices (delivering more than 620.1 million impressions in English and Spanish nationwide). Combined with individual notice to a small percentage of the class, the notice plan reached approximately 80.2% of the class. The reach was further enhanced by sponsored search, an informational release, and a website.

h)    *In re: Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, MDL No. 1720 (E.D.N.Y.). Second Circuit affirmed. *See Fikes Wholesale, Inc. v. Visa U.S.A., Inc.* 62 F.4th 704 (2d Cir. 2023). The case involved a $5.5 billion settlement reached by Visa and MasterCard. An intensive initial notice program included more than 19.8 million direct mail notices sent to potential class members, together with insertions in over 1,500 newspapers, consumer magazines, national business publications, trade and specialty publications, with notices in multiple languages, and a digital notice campaign (delivering more than 770 million adult impressions). Sponsored search listings and a settlement website in eight languages expanded the notice program. For the subsequent settlement reached by Visa and MasterCard, an extensive notice program was implemented, which included over 16.3 million direct mail notices to class members together with more than 354 print publication insertions and digital notices (delivering more than 689 million adult impressions).

i)    *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, MDL No. 2179 (E.D. La.), involved landmark settlement notice programs to distinct "Economic and Property Damages" and "Medical Benefits" settlement classes for BP's $7.8 billion settlement of claims related to the Deepwater Horizon oil spill. Notice efforts included more than 7,900 television spots, 5,200 radio spots, and 5,400 print insertions and reached over 95% of Gulf Coast residents.

6.    I have served as a notice expert and have been recognized and appointed by courts to design and provide notice in numerous data breach and privacy settlements, including:

DECLARATION OF CAMERON R. AZARI, ESQ. REGARDING IMPLEMENTATION AND ADEQUACY OF NOTICE PLAN

| Data Breach & Privacy Cases | Case No. & Court |
|---|---|
| *In re: Zoom Video Communications, Inc. Privacy Litigation* | 3:20-cv-02155 (N.D. Cal.) |
| *In re: Capital One Consumer Data Security Breach Litigation* | MDL No. 2915 (E.D. Va.) |
| *In re: Morgan Stanley Data Security Litigation* | 1:20-cv-05914 (S.D.N.Y.) |
| *In re: U.S. Office of Personnel Management Data Security Breach Litigation* | MDL No. 2664, (D.D.C.) |
| *In re: Department of Veteran Affairs (VA) Data Theft Litigation* | MDL No. 1796 (D.D.C.) |
| *In re: Premera Blue Cross Customer Data Security Breach Litigation* | MDL No. 2633 (D. Or.) |
| *McCullough v. True Health New Mexico, Inc.* | D-202-CV-2021-06816 (2nd Dist. Ct., N.M.) |
| *Chapman v. Insight Global Inc.* | 1:21-cv-00824 (M.D. Penn.) |
| *Thomsen et al. v. Morley Cos., Inc.* | 1:22-cv-10271 (E.D. Mich.) |
| *In re Scripps Health Data Incident Litigation* | 37-2021-00024103 (Sup. Ct. Cal. Cnty. of San Diego) |
| *Service et al. v. Volkswagen Group of America et al.* | C22-01841 (Sup. Ct. Cal. Cnty. of Contra Costa) |
| *Wenston Desue et al. v. 20/20 Eye Care Network, Inc. et al.* | 21-cv-61275 (S.D. Fla.) |
| *Kostka et al. v. Dickey's Barbecue Restaurants, Inc. et al.* | 3:20-cv-03424 (N.D. Tex.) |
| *Cochran et al. v. The Kroger Co. et al.* | 5:21-cv-01887 (N.D. Cal.) |
| *Ford et al. v. [24]7.ai, Inc.* (Best Buy Data Incident) | MDL No. 2863 (N.D. Cal.) |
| *Snyder et al. v. The Urology Center of Colorado, P.C.* | 2021CV33707 (2nd Dist. Ct. Cnty. of Denver Col.) |
| *Dearing v. Magellan Health Inc. et al.* | CV2020-013648 (Sup. Ct. Cnty. of Maricopa, Ariz.) |
| *Torretto et al. v. Donnelley Financial Solutions, Inc. and Mediant Communications Inc.* | 1:20-cv-02667 (S.D.N.Y.) |
| *Stoll et al. v. Musculoskeletal Institute, Chartered d/b/a Florida Orthopaedic Institute* | 8:20-cv-01798 (M.D. Fla.) |
| *Hameed-Bolden et al. v. Forever 21 Retail, Inc. et al.* | 2:18-cv-03019 (C.D. Cal.) |
| *In re Community Health Systems, Inc. Customer Data Security Breach Litigation* | MDL No. 2595 (N.D. Ala.) |
| *Lozano v. CodeMetro Inc.* | 37-2020-00022701 (Sup. Ct. Cal. Cnty. of San Diego) |
| *Fox et al. v. Iowa Health System d.b.a. UnityPoint Health* | 3:18-cv-00327 (W.D. Wis.) |

DECLARATION OF CAMERON R. AZARI, ESQ. REGARDING IMPLEMENTATION AND ADEQUACY OF NOTICE PLAN

| Data Breach & Privacy Cases | Case No. & Court |
|---|---|
| *Armon et al. v. Washington State University* | 17-2-23244-1 consolidated with 17-2-25052-0 (Sup. Ct. Wash.) |
| *Kuss v. American HomePatient, Inc. et al.* | 8:18-cv-02348 (M.D. Fla.) |
| *Nelson v. Roadrunner Transportation Systems, Inc.* | 1:18-cv-07400 (N.D. Ill.) |
| *Adlouni v. UCLA Health System Auxiliary et al.* | BC589243 (Cal. Sup. Ct., L.A. Cnty.) |
| *Parsons v. Kimpton Hotel & Restaurant Group, LLC* | 3:16-cv-05387 (N.D. Cal.) |
| *In re: Valley Anesthesiology Consultants, Inc. Data Breach Litigation* | CV2016-013446 (Ariz. Super. Ct., Maricopa Cnty.) |
| *McGann et al., v. Schnuck Markets, Inc.* | 1322-CC00800 (Mo. Cir. Ct.) |
| *Greater Chautauqua Federal Credit Union et al. v. Kmart Corp. et al.* | 1:15-cv-02228 (N.D. Ill.) |
| *In re: Heartland Payment Systems, Inc. Data Security Breach Litigation* | MDL No. 2046 (S.D. Tex.) |
| *In re: Countrywide Financial Corp. Customer Data Security Breach Litigation* | MDL No. 1998, (W.D. Ky.) |
| *Bandy v. TOC Enterprises, Inc. d/b/a Tennessee Orthopaedic Clinics, a division of Tennessee Orthopaedic Alliance, P.A.* | 3:23-cv-00598, (M.D. Tenn) |
| *Medina et al. v. PracticeMax, Inc.* | CV-22-01261, (D. Ariz.) |
| *In re Waste Management Data Breach Litigation* | 1:21-cv-06199, (S.D.N.Y) |
| *Sherwood, et al. v. Horizon Actuarial Services, LLC* | 1:22-cv-01495, (N.D. Ga.) |
| *Briscoe et al. v. First Financial Credit Union* | D-202-CV-2022-02974, (2nd. Jud. Dist. Cnty. of Bernalillo, N.M.) |
| *Patterson et al. v. DPP II LLC, et al.* | DC-23-01733, (Dist. Ct of Dallas Cnty., Tex.) |
| *In Re: Canon U.S.A. Data Breach Litigation* | 1:20-cv-06239, (E.D.N.Y.) |

7.      Courts have recognized our testimony as to which method of notification is appropriate for a given case, and I have provided testimony on numerous occasions on whether a certain method of notice represents the best notice practicable under the circumstances. Numerous court opinions and comments regarding my testimony, and the adequacy of our notice efforts, are included in the Epiq Legal Noticing *curriculum vitae* included as **Exhibit 1**.

8.      In forming expert opinions, my staff and I draw from our in-depth class action case

DECLARATION OF CAMERON R. AZARI, ESQ. REGARDING IMPLEMENTATION AND ADEQUACY OF NOTICE PLAN

experience, as well as our educational and related work experiences.  I am an active member of the Oregon State Bar, having received my Bachelor of Science from Willamette University and my Juris Doctor from Northwestern School of Law at Lewis and Clark College.  I have served as the Director of Legal Notice for Epiq since 2008 and have overseen the detailed planning of virtually all of our court-approved notice programs during that time.  Overall, I have more than 24 years of experience in the design and implementation of legal notification and claims administration programs, having been personally involved in well over one hundred successful notice programs.

9.      The facts in this declaration are based on my personal knowledge, as well as information provided to me by my colleagues in the ordinary course of my business at Epiq and Epiq Legal Noticing (hereinafter "Epiq").

## OVERVIEW

10.      This declaration describes the successful implementation of the Settlement Notice Plan ("Notice Plan") and notices (the "Notice" or "Notices") for *Wang et al. v. The Corporation of Mercer University*, Civil Action No. 5:23-cv-00193-TES, pending in the United States District Court for the Middle District of Georgia.  Epiq designed this Notice Plan based on our extensive prior experience and research into the notice issues particular to this Settlement.  The Notice Plan as designed and implemented was the best notice practicable under the circumstances to provide notice to the Settlement Class Members.

## DATA PRIVACY AND SECURITY

11.      Epiq has procedures in place to protect the security of data for the Settlement Class. As with all cases, Epiq maintains extensive data security and privacy safeguards in its official capacity as the Settlement Administrator for this Action.  A Service Agreement, which formally retains Epiq as the Settlement Administrator, governs Epiq's Settlement Administration responsibilities for the Action.  Epiq maintains adequate insurance in case of errors.

12.      As a data processor, Epiq performs services on data provided, only as those outlined in a contract and/or associated statement(s) of work.  Epiq does not utilize or perform other

DECLARATION OF CAMERON R. AZARI, ESQ. REGARDING IMPLEMENTATION AND ADEQUACY OF NOTICE PLAN

procedures on personal data provided or obtained as part of its services to a client. For this Action, Settlement Class Member data was provided directly to Epiq. Epiq does not use such information or information provided by Settlement Class Members for any other purpose than the administration of this Action, specifically the information is not used, disseminated, or disclosed by or to any other person for any other purpose.

13.    The security and privacy of clients' and class members' information and data are paramount to Epiq. That is why Epiq has invested in a layered and robust set of trusted security personnel, controls, and technology to protect the data we handle. To promote a secure environment for client and class member data, industry leading firewalls and intrusion prevention systems protect and monitor Epiq's network perimeter with regular vulnerability scans and penetration tests. Epiq deploys best-in-class endpoint detection, response, and anti-virus solutions on our endpoints and servers. Strong authentication mechanisms and multi-factor authentication are required for access to Epiq's systems and the data we protect. In addition, Epiq has employed the use of behavior and signature-based analytics as well as monitoring tools across our entire network, which are managed 24 hours per day, 7 days per week, by a team of experienced professionals.

14.    Epiq's world class data centers are defended by multi-layered, physical access security, including formal ID and prior approval before access is granted, closed-circuit television ("CCTV"), alarms, biometric devices, and security guards, 24 hours per day, 7 days per week. Epiq manages minimum Tier 3+ data centers in 18 locations worldwide. Our centers have robust environmental controls including uninterruptable power supply ("UPS"), fire detection and suppression controls, flood protection, and cooling systems.

15.    Beyond Epiq's technology, our people play a vital role in protecting class members' and our clients' information. Epiq has a dedicated information security team comprised of highly trained, experienced, and qualified security professionals. Our teams stay on top of important security issues and retain important industry standard certifications, like SysAdmin, Audit, Network, and Security ("SANS"), Certified Information Systems Security Professional ("CISSP"), and Certified Information Systems Auditor ("CISA"). Epiq is continually improving security

DECLARATION OF CAMERON R. AZARI, ESQ. REGARDING IMPLEMENTATION AND ADEQUACY OF NOTICE PLAN

infrastructure and processes based on an ever-changing digital landscape. Epiq also partners with best-in-class security service providers. Our robust policies and processes cover all aspects of information security to form part of an industry leading security and compliance program, which is regularly assessed by independent third parties.

16.    Epiq holds several industry certifications including: Trusted Information Security Assessment Exchange ("TISAX"), Cyber Essentials, Privacy Shield, and ISO 27001. In addition to retaining these certifications, we are aligned to Health Insurance Portability and Accountability Act ("HIPAA"), National Institute of Standards and Technology ("NIST"), and Federal Information Security Management Act ("FISMA") frameworks. Epiq follows local, national, and international privacy regulations. To support our business and staff, Epiq has a dedicated team to facilitate and monitor compliance with privacy policies. Epiq is also committed to a culture of security mindfulness. All employees routinely undergo cybersecurity trainings to ensure that safeguarding information and cybersecurity vigilance is a core practice in all aspects of the work our teams complete.

17.    Upon completion of a project, Epiq continues to host all data until otherwise instructed in writing by a customer to delete, archive or return such data. When a customer requests that Epiq delete or destroy all data, Epiq agrees to delete or destroy all such data; provided, however, that Epiq may retain data as required by applicable law, rule or regulation, and to the extent such copies are electronically stored in accordance with Epiq's record retention or back-up policies or procedures (including those regarding electronic communications) then in effect. Epiq keeps data in line with client retention requirements. If no retention period is specified, Epiq returns the data to the client or securely deletes it as appropriate.

### NOTICE PLAN SUMMARY

18.    Federal Rule of Civil Procedure 23 directs that notice must be "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice may be by one or more of the following: United

DECLARATION OF CAMERON R. AZARI, ESQ. REGARDING IMPLEMENTATION AND
ADEQUACY OF NOTICE PLAN

States mail, electronic means, or other appropriate means."[1]  The Notice Plan as implemented satisfied these requirements.

19.    The Notice Plan as designed and implemented reached the greatest practicable number of Settlement Class Members with individual notice via United States Postal Service ("USPS") first-class mail to identified Settlement Class Members.  With the address updating protocols that were used, the Notice Plan individual notice efforts reached approximately 97.9% of the identified Settlement Class.  The reach was further enhanced by a Settlement Website.  In my experience, the reach of the Notice Plan was consistent with other court-approved notice plans, was the best notice practicable under the circumstances, and satisfied the requirements of due process, including its "desire to actually inform" requirement.[2]

## CAFA NOTICE

20.    Pursuant to the Class Action Fairness Act, ("CAFA"), 28 U.S.C. §1715, on December 6, 2024, Epiq sent 57 CAFA Notice Packages ("CAFA Notice").  The CAFA Notice was mailed via USPS Priority Mail to 53 officials (the Attorneys General of 47 states, the District of Columbia, and the United States Territories).  Per the direction of the Offices of the Nevada, New York, and Connecticut Attorneys General, the CAFA Notice was sent to the Nevada, New York, and Connecticut Attorneys General electronically via email.  The CAFA Notice was also sent via United Parcel Service ("UPS") to the Attorney General of the United States.  Details regarding the CAFA Notice mailing are provided in the *Declaration of Kyle S. Bingham on Implementation of CAFA Notice*, dated December 31, 2024, which is included as **Exhibit 2**.

## NOTICE PLAN DETAIL

21.    On November 18, 2024, the Court approved the Notice Plan and appointed Epiq as the Settlement Administrator in the *Preliminary Approval Order*.  In the Preliminary Approval

---

[1] Fed. R. Civ. P. 23(c)(2)(B).
[2] *Mullane v. Cent. Hanover Bank & Trust Co*., 339 U.S. 306, 315 (1950) ("But when notice is a person's due, process which is a mere gesture is not due process.  The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it.  The reasonableness and hence the constitutional validity of any chosen method may be defended on the ground that it is in itself reasonably certain to inform those affected . . .").

DECLARATION OF CAMERON R. AZARI, ESQ. REGARDING IMPLEMENTATION AND
ADEQUACY OF NOTICE PLAN

Order, the Court approved the following "Settlement Class":

> All persons who were notified that their information may have been impacted in the Data Incident.

> The Settlement Class specifically excludes: (i) Mercer and its respective officers and directors; (ii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iii) the Judge and/or magistrate assigned to evaluate the fairness of this settlement; and (iv) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding, or abetting the Data Incident or who pleads nolo contender to any such charge.

22.    After the Court's Preliminary Approval Order was entered, Epiq implemented the Notice Plan. This declaration details the notice activities undertaken to date and explains how and why the Notice Plan was comprehensive and well-suited to reach the Settlement Class. This declaration also discusses the administration activity to date.

## NOTICE PLAN

### *Individual Notice*

23.    On November 22, 2024, Epiq received one data file with 93,512 identified Settlement Class Member records, which included names and last known physical addresses ("Class Member Information"). Epiq deduplicated and rolled-up the records and loaded the unique, identified Settlement Class Member records into its database for this Settlement. These efforts resulted in 93,397 unique, identified Settlement Class Member records.

### *Individual Notice – Direct Mail*

24.    On December 18, 2024, Epiq sent 93,366 double Postcard Notices with an address updater form ("Postcard Notices") to all identified Settlement Class Members for whom an associated physical mailing address was available (31 records did not have a valid physical mailing address available and were not sent a Postcard Notice). The Postcard Notice was sent via USPS first-class mail. The Postcard Notice clearly and concisely summarized the Settlement and the legal rights of the Settlement Class Members. In addition, the Postcard Notice also directed the recipients to the Settlement Website where they could access the Long Form Notice and additional information about the Settlement. The Postcard Notice is included as **Exhibit 3.**

DECLARATION OF CAMERON R. AZARI, ESQ. REGARDING IMPLEMENTATION AND ADEQUACY OF NOTICE PLAN

25.     Prior to sending the Postcard Notices, all mailing addresses were checked against the National Change of Address ("NCOA") database maintained by the USPS to ensure all address information was up-to-date and accurately formatted for mailing.[3]  In addition, the addresses were certified via the Coding Accuracy Support System ("CASS") to ensure the quality of the zip code and verified through Delivery Point Validation ("DPV") to verify the accuracy of the addresses. This address updating process is standard for the industry and for the majority of promotional mailings that occur today.

26.      The return address on the Postcard Notices was a post office box that Epiq maintains for this Settlement.  The USPS automatically forwarded Postcard Notices with an available forwarding address order that has not expired ("Postal Forwards").  Postcard Notices returned as undeliverable were re-mailed to any new address available through USPS information, (for example, to the address provided by the USPS on returned mail pieces for which the automatic forwarding order had expired but was still within the time period in which the USPS returned the piece with the address indicated), or to better addresses that were found using a third-party address lookup service.  Upon successfully locating better addresses, Postcard Notices were promptly remailed.  As of April 3, 2025, Epiq has remailed 5,732 Postcard Notices.

27.     Additionally, a Long Form Notice and Claim Form ("Claim Package") were mailed to all persons who requested one via the toll-free telephone number or other means.  As of April 3, 2025, Epiq mailed 160 Claim Packages as a result of such requests.  The Long Form Notice is included as **Exhibit 4**.  The Claim Form is included as **Exhibit 5**.

### *Notice Results*

28.     As of April 3, 2025, a Postcard Notice was successfully delivered to 91,451 of the 93,397 unique, identified Settlement Class Members.  This means the individual notice efforts

---

[3] The NCOA database is maintained by the USPS and consists of approximately 160 million permanent change-of-address (COA) records consisting of names and addresses of individuals, families, and businesses who have filed a change-of-address with the Postal Service™.  The address information is maintained on the database for 48 months and reduces undeliverable mail by providing the most current address information, including standardized and delivery-point-coded addresses, for matches made to the NCOA file for individual, family, and business moves.

DECLARATION OF CAMERON R. AZARI, ESQ. REGARDING IMPLEMENTATION AND ADEQUACY OF NOTICE PLAN

reached approximately 97.9% of the identified Settlement Class.

### *Settlement Website*

29.    On December 18, 2024, Epiq established a dedicated Settlement Website with an easy to remember domain name (www.MercerDataSettlement.com).  Relevant documents are posted on the Settlement Website, including the Postcard Notice, Long Form Notice, Claim Form, Preliminary Approval Order, Settlement Agreement, and Complaint.  In addition, the Settlement Website includes relevant dates, answers to frequently asked questions ("FAQs"), instructions for how Settlement Class Members could opt-out (request exclusion) from or object to the Settlement prior to the deadlines, instructions for submitting a Claim Form, contact information for the Settlement Administrator, and how to obtain other case-related information.  The Settlement Website also provided the ability for Settlement Class Members to submit an online Claim Form prior to the Claims Deadline.  The Settlement Website address was prominently displayed in all notice documents.  As of April 3, 2025, there have been 9,294 unique visitor sessions to the Settlement Website, and 33,833 web pages have been presented.

### *Toll-Free Telephone Number and Other Contact Information*

30.    On December 18, 2024, a toll-free telephone number (1-888-884-9402) was established for the Settlement.  Callers are able to hear an introductory message, have the option to learn more about the Settlement in the form of recorded answers to FAQs, and were able to request a Claim Package be mailed to them.  This automated telephone system is available 24 hours per day, 7 days per week.  The toll-free telephone number was prominently displayed in all notice documents.  As of April 3, 2025, there have been 530 calls to the toll-free telephone number representing 1,283 minutes of use.

31.    A postal mailing address and email address were established and continue to be available to allow Settlement Class Members the opportunity to request additional information or ask questions.

### *Requests for Exclusion and Objections*

32.    The Opt-Out Date and Objection Date for the Settlement was February 17, 2025.

DECLARATION OF CAMERON R. AZARI, ESQ. REGARDING IMPLEMENTATION AND
ADEQUACY OF NOTICE PLAN

As of April 3, 2025, Epiq has received one request for exclusion. The Exclusion Report is included as **Exhibit 6**. As of April 2, 2025, Epiq is aware of no objections to the Settlement.

### *Claim Submission & Distribution*

33.    The Notices provided a detailed summary of the relevant information about the Settlement, including the Settlement Website address and how Settlement Class Members could submit a Claim Form online or by mail prior to the Claim Deadline.

34.    The deadline for Settlement Class Members to file a Claim Form was March 18, 2025. As of April 3, 2025, Epiq has received 3,276 Claim Forms (3,087 online and 189 paper), which is comparable to other similar data breach class action settlements. Since the March 18, 2025, deadline recently passed, these numbers are preliminary and are subject to change. As standard practice, Epiq is in the process of conducting a complete review of all Claim Forms received. There is a likelihood that after detailed review, the total number of Claim Forms received will change due to duplicate and denied Claim Forms.

### <u>CONCLUSION</u>

35.    In class action notice planning, execution, and analysis, we are guided by due process considerations under the United States Constitution, by federal and local rules and statutes, and further by case law pertaining to notice. This framework directs that the notice plan be designed to reach the greatest practicable number of potential class members and, in a settlement class action notice situation such as this, that the notice or notice plan itself not limit knowledge of the availability of benefits—nor the ability to exercise other options—to class members in any way. All of these requirements were met in this case.

36.    The Notice Plan included individual notice via USPS first-class mail to identified Settlement Class Members. With the address updating protocols that were used, the Notice Plan individual notice efforts reached approximately 97.9% of the identified Settlement Class. The reach was further enhanced by the Settlement Website. In 2010, the FJC issued a *Judges' Class Action Notice and Claims Process Checklist and Plain Language Guide,* which is relied upon for federal cases, and is illustrative for state courts. This guide states that, "the lynchpin in an objective

DECLARATION OF CAMERON R. AZARI, ESQ. REGARDING IMPLEMENTATION AND
ADEQUACY OF NOTICE PLAN

determination of the adequacy of a proposed notice effort is whether all the notice efforts together will reach a high percentage of the class.  It is reasonable to reach between 70–95%."[4]  Here, we have developed and implemented a Notice Plan that readily achieved a reach beyond the high end of that standard.

37.     The Notice Plan followed the guidance for satisfying due process obligations that a notice expert gleans from the United States Supreme Court's seminal decisions, which emphasize the need: (a) to endeavor to actually inform the Settlement Class, and (b) to ensure that notice is reasonably calculated to do so:

    a)     "[W]hen notice is a person's due, process which is a mere gesture is not due process.  The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it," *Mullane v. Central Hanover Trust*, 339 U.S. 306, 315 (1950); and

    b)     "[N]otice must be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections," *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156 (1974) (citing *Mullane*, 339 U.S. at 314).

38.     The Notice Plan provided the best notice practicable under the circumstances of this case, conformed to all aspects of Federal Rules of Civil Procedure, Rule 23 regarding notice, comported with the guidance for effective notice articulated in the *Manual for Complex Litigation* 4th Ed. and FJC guidance, and satisfied the requirements of due process, including its "desire to actually inform" requirement.

39.     The Notice Plan schedule afforded sufficient time to provide full and proper notice to Settlement Class Members before the Opt-Out Date and Objection Date.

I declare under penalty of perjury that the foregoing is true and correct.  Executed April 3, 2025.

_____

Cameron R. Azari, Esq.

---

[4] FED. JUDICIAL CTR, JUDGES' CLASS ACTION NOTICE AND CLAIMS PROCESS CHECKLIST AND PLAIN LANGUAGE GUIDE 3 (2010), available at https://www.fjc.gov/content/judges-class-action-notice-and-claims-process-checklist-and-plain-language-guide-0.

DECLARATION OF CAMERON R. AZARI, ESQ. REGARDING IMPLEMENTATION AND ADEQUACY OF NOTICE PLAN

# Exhibit 1



## Legal Noticing Experts

Epiq Legal Noticing is a leading global provider of legal noticing services. Our team of recognized noticing experts provide superior notice programs that satisfy due-process requirements and withstand judicial scrutiny. For over 30 years, our notice programs and notices have been approved and upheld by courts.

We have handled over 700 cases, including over 75 MDL case settlements. Our notices have appeared in over 53 languages and in almost every country, territory, and dependency in the world.

Epiq Legal Noticing (a/k/a Hilsoft Notifications) is a business unit of Epiq Class Action & Claims Solutions, Inc. ("Epiq").  www.EpiqLegalNoticing.com.



# Case Expertise

## *In re Juul Labs, Inc. Marketing, Sales Practices, and Products Liability Litigation* 19-md-02913 (N.D. Cal.)

For two settlements totaling $300 million involving JUUL Labs, Inc. and Altria, Epiq designed and implemented cutting-edge, companion notice programs. The settlements alleged consumers were misled about JUUL products' addictiveness and safety, causing them to pay more, and that JUUL products were unlawfully marketed to minors. For the notice programs, over 10.7 million email notices and nearly 500,000 postcard notices were sent to potential class members, and a comprehensive media plan was implemented (over 936 million impressions delivered). The notice programs each reached approximately 80% of the class nationwide with combined individual notice and media notice.

**10.7M**
email notices

**836M**
digital impressions

**80%**
of class reached

---

**$190M**
settlement

**93.6M**
email or mail notices

**96%**
of class reached

## *In re Capital One Consumer Data Security Breach Litigation* MDL No. 2915, 1:19-md-02915 (E.D. Va.)

For a $190 million data breach settlement involving Capital One, Epiq implemented an extensive notice program. Notice was sent to over 93.6 million settlement class members by email or mail. The individual notice efforts reached approximately 96% of the identified settlement class members. In addition, a supplemental media campaign was implemented and enhanced the notice program with digital and social media notices (over 123.4 million impressions delivered), sponsored search listings, and a settlement website.

---

## *In re Zoom Video Communications, Inc. Privacy Litigation* 3:20-cv-02155 (N.D. Cal.)

Epiq designed and implemented an extensive notice program for a $85 million privacy settlement involving Zoom, the most popular video-conferencing platform. Notice was sent to over 158 million class members by email or mail, and millions of reminder notices were sent to stimulate claim filings. The individual notice efforts reached approximately 91% of the class. A supplemental media campaign provided notice via regional newspaper and nationally distributed digital and social media notices (over 280 million impressions delivered), along with sponsored search listings, an informational release, and a settlement website.

**$85M**
settlement

**158M**
email or mail notices

**91%**
of class reached



## Case Expertise

**$5.5B**
settlement

**36.1M**
mail notices

**1.45B**
digital impressions

***In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*** MDL No. 1720, 1:05-md-01720, (E.D.N.Y.). Second Circuit affirmed. *See Fikes Wholesale, Inc. v. Visa U.S.A., Inc.* 62 F.4th 704 (2d Cir. 2023)

For a landmark $5.5 billion settlement reached by Visa and MasterCard, Epiq implemented an extensive initial notice program with over 19.8 million direct mail notices together with insertions in over 1,500 newspapers, consumer magazines, national business publications, and trade and specialty publications, with notices in multiple languages, and a digital notice campaign that generated over 770 million impressions. Sponsored search listings and a website in eight languages expanded the notice efforts. Subsequently, Epiq implemented a notice program with over 16.3 million direct mail notices, over 354 print publication insertions, and digital notices that generated over 689 million impressions.

***In re fairlife Milk Products Marketing and Sales Practices Litigation*** 1:19-cv-03924 (N.D. Ill.)

For a $21 million settlement that involved The Coca-Cola Company, fairlife, LLC, and other defendants regarding allegations of false labeling and marketing of fairlife milk products, Epiq designed and implemented a media based notice program. The program included a consumer print publication notice, targeted digital and social media notices (over 620.1 million impressions delivered in English and Spanish nationwide). Combined with individual notice to a small percentage of the class, the notice program reached approximately 80.2% of the class. The reach was further enhanced by sponsored search listings, an informational release, and a settlement website.

**$21M**
settlement

**620.1M**
digital impressions

**80.2%**
of class reached

**$1.91B**
settlements

**61.8M**
mail notices

**95%**
reach of notice program

***In re Takata Airbag Products Liability Litigation*** MDL No. 2599 (S.D. Fla.)

Epiq designed and implemented numerous monumental notice campaigns to notify current or former owners or lessees of certain BMW, Mazda, Subaru, Toyota, Honda, Nissan, Ford, and Volkswagen vehicles as part of $1.91 billion in settlements regarding Takata airbags. The notice programs included mailed notice to over 61.8 million potential class members and notice via consumer publications, U.S. Territory newspapers, radio, digital notices, mobile notices, and behaviorally targeted digital media. Combined, the notice programs reached over 95% of adults aged 18+ in the U.S. who owned or leased a subject vehicle, 4.0 times each.



## Case Expertise

*In re Morgan Stanley Data Security Litigation* 1:20-cv-05914 (S.D.N.Y.)

For a $60 million settlement for Morgan Stanley Smith Barney's account holders in response to "Data Security Incidents," Epiq designed and implemented an individual notice program. Over 13.8 million email or mailed notices were delivered, reaching approximately 90% of the identified potential settlement class members. The individual notice efforts were supplemented with nationwide newspaper notice and a settlement website.

**$60M**
settlement

**13.8M**
email or mail notices

**$88M**
settlements

**7.92M**
email or mail notices

*In re Disposable Contact Lens Antitrust Litigation* 3:15-md-02626 (M.D. Fla.)

Epiq implemented notice programs for retail purchasers of disposable contact lenses in four settlements totaling $88 million. For each notice program, over 1.98 million email or postcard notices were sent to potential class members and a comprehensive media plan was implemented, with a robust, nationwide consumer publication, digital notices (over 312.9 million – 461.4 million impressions delivered per campaign), sponsored search listings, and a settlement website.

*Yamagata et al. v. Reckitt Benckiser LLC* 3:17-cv-03529 (N.D. Cal.)

For a $50 million settlement on behalf of certain purchasers of Schiff Move Free® Advanced glucosamine supplements, nearly 4 million email notices and 1.1 million postcard notices were sent. The individual notice efforts sent by Epiq were delivered to approximately 98.5% of the identified class sent notice. A media campaign with digital notices and sponsored search listings combined with the individual notice efforts reached at least 80% of the class.

**$50M**
settlement

**5.1M**
email or mail notices

**$63M**
settlement

**758M**
digital impressions

**85%**
of class reached

*In re U.S. Office of Personnel Management Data Security Breach Litigation* MDL No. 2664, 15-cv-01394 (D.D.C.)

For a $63 million settlement, Epiq designed and implemented an extensive, nationwide media notice campaign using magazines, digital and social media notices (over 758 million impressions delivered), traditional and satellite radio, and other forms of media. The media notice reached at least 85% of the class. In addition, over 3.5 million email notices and/or postcard notices were sent to identified class members. The individual notice and media notice were supplemented with outreach to unions and associations, sponsored search listings, an informational release, and a settlement website.



## Case Expertise

### *In re Toll Roads Litigation* 8:16-cv-00262 (C.D. Cal.)

Epiq implemented a notice program for several settlements alleging improper collection and sharing of PII of drivers on certain toll roads in the state of California. The settlements provided benefits of over $175 million, including penalty forgiveness. Combined, over 13.8 million email or postcard notices were sent, reaching approximately 93% - 95% of class members across all settlements. Individual notice was supplemented with digital notices and notices in newspapers, geo-targeted within California. Sponsored search listings and a settlement website further extended the reach of the notice program.

**$175M**
settlement benefits

**13.8M**
email or mail notices

**93% – 95%**
of class reached

---

**geo-targeted**
media noticing

**95%**
of class reached

### *In re Flint Water Cases* 5:16-cv-10444, (E.D. Mich.)

In response to largescale municipal water contamination in Flint, Michigan, Epiq's expertise was relied upon to design and implement a comprehensive notice program that reached over 95% of the class. The program included direct mail notice and reminder email notice sent to identified class members, and a media plan with local newspaper publications, online video and audio ads, local television and radio ads, sponsored search listings, an informational release, a website, and digital and social media notices geo-targeted to Flint, Michigan and the state of Michigan.

---

### *Zanca et al. v. Epic Games, Inc.* 21-CVS-534 (Sup. Ct. Wake Cnty., N.C.)

For a $26.5 million settlement, Epiq designed and implemented a notice program to reach individuals 13+ in the U.S. who exchanged or purchased in-game virtual currency in *Fortnite* or *Rocket League*. Over 29 million email notices and 27 million reminder notices were sent to class members. In addition, a targeted media campaign was implemented with digital and social media notices, *Reddit* feed ads, and *YouTube* pre-roll ads, generating over 350.4 million impressions. Combined, the notice efforts reached approximately 93.7% of the class.

**$26.5M**
settlement

**29M**
email notices

**93.7%**
of class reached

---

**1.8M**
mail or email notice to vehicle owners

### *In re Volkswagen "Clean Diesel" Marketing, Sales Practices and Product Liability Litigation (Bosch Settlement)* MDL No. 2672 (N.D. Cal.)

Epiq executed a comprehensive notice program within the *Volkswagen Emissions Litigation* with individual notice to over 946,000 vehicle owners via first class mail and to over 855,000 vehicle owners via email. A targeted digital notice campaign further enhanced the notice efforts.



## Case Expertise

### *Hale v. State Farm Mutual Automobile Insurance Company et al.* 3:12-cv-00660 (S.D. Ill.)

For a $250 million settlement with 4.7 million class members, Epiq designed and implemented a notice program with postcard or email notice to over 1.43 million class members and a robust publication program that reached 78.8% of all U.S. adults aged 35+, approximately 2.4 times each.

**$250M**
settlement

**4.7M**
class members

---

one of the **largest, most complex** cases in **Canadian** history

### *In re Residential Schools Class Action Litigation* 00-cv-192059 (Ont. Super. Ct.)

One of the largest and most complex class actions cases in Canadian history. Epiq handled groundbreaking notice to disparate, remote Indigenous people to provide notice of a multi-billion-dollar settlement.

---

### *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010* MDL No. 2179 (E.D. La.)

For BP's $7.8 billion settlement for the Deepwater Horizon oil spill, possibly the most complex class action case in U.S. history, Epiq opined on all forms of notice, and designed and implemented a dual notice program for "Economic and Property Damages" and "Medical Benefits." The notice program reached at least 95% of Gulf Coast region adults with over 7,900 TV spots, 5,200 radio spots, 5,400 print insertions in newspapers, consumer publications and trade journals, digital media, and individual notice. Epiq also implemented one of the largest claim deadline notice campaigns, with paid print, television, radio, and digital notice, reaching over 90% of adults aged 18+ in 26 identified Designated Market Areas ("DMAs") covering the Gulf Coast Areas, an average of 5.5 times each.

**$7.8B**
settlement

**7,900**
tv spots

**5,200**
radio spots

**5,400**
print insertions

---

**6.9M**
email or mail notices

**90.%**
of class reached

### *Vergara et al., v. Uber Technologies, Inc.* 1:15-cv-06972 (N.D. Ill.)

For a $20 million Telephone Consumer Protection Act settlement, Epiq sent mail or email notice to over 6.9 million class members and provided media notice via newspaper and digital notices and reached over 90% of the class.

---

### *In re Kaiser Gypsum Company, Inc. et al.* 16-cv-31602 (Bankr. W.D. N.C.)

Epiq implemented an extensive notice effort for asbestos personal injury claims with nationwide consumer print, trade and union labor publications, digital notices, an informational release, and a website.

**asbestos, personal injury claims**
notice program



# Legal Noticing Experts

### Cameron Azari, Esq., Senior Vice President Epiq, Managing Director Epiq Legal Noticing



Cameron Azari, Esq. is a recognized international notice expert. He has over 24 years of experience in providing expert notice opinions regarding notice adequacy in compliance with Fed R. Civ. P. 23, state class action statutes, or international legal requirements in over 700 class action cases, including over 75 MDLs. He has testified in numerous cases and no notice program has been overturned. Cam is a trusted expert and consults directly with clients to share his extensive knowledge regarding all aspects of class action noticing.

He is an active author and speaker. Cam holds a J.D. from Northwestern School of Law at Lewis and Clark College and a B.S. from Willamette University. He is an active member of the Oregon State Bar.  Cam can be reached at caza@epiqglobal.com.

### Stephanie Fiereck, Esq., Senior Director Epiq Legal Noticing & Notice Expert Services



Stephanie Fiereck, Esq. leads our Notice Expert Services team. As a notice expert with over 24 years of legal experience, she consults with clients about all aspects of class action noticing. She has written over 1,000 expert notice adequacy declarations, and written or reviewed hundreds of notices, all approved by federal or state courts. Stephanie has a keen understanding of what judges are looking for, how to withstand judicial scrutiny, satisfy due process, and provide plain language notice to class members.

Prior to joining Epiq, she was a Vice President at Wells Fargo Bank for five years where she led the class action services business unit. She is an active author regarding class action notice. Stephanie holds a J.D. from the University of Oregon School of Law and a B.A. from St. Cloud State University. She is an active member of the Oregon State Bar. Stephanie can be reached at sfie@epiqglobal.com.

### Kyle Bingham, Senior Director Epiq Legal Noticing & Media Noticing



Kyle Bingham leads the Media Noticing team, an in-house legal noticing advertising agency, and has over 15 years of experience in the advertising industry. He is a pivotal resource for researching, planning, and executing legal notice programs for class action, bankruptcy, and similar legal cases. Kyle's continued success with clients is a direct result of achieving media goals and ensuring that advertising is as efficient and impactful as possible. Kyle has also worked on over 500 CAFA notice mailings.

Prior to Epiq, Kyle worked at Wieden+Kennedy advertising agency for seven years, where he planned and purchased print, digital and broadcast media, managed multiple paid search accounts, and presented strategy and media campaigns to clients for multi-million-dollar branding campaigns. He received his B.A. from Willamette University. Kyle can be reached at kbingham@epiqglobal.com.



## Experts' Articles and Presentations

➢ **Cameron Azari** Speaker, "Legal Noticing." Hausfeld, Washington, D.C., Sept. 2024.

➢ **Cameron Azari** Speaker, "Increase in Fraudulent Claims in Class Action and Mass Tort." Harris Martin MDL Conference, Portland, Maine, July 24, 2024.

➢ **Cameron Azari** Speaker, " Settlements." Class Action Litigation Forum – Plaintiffs' Bar, Dana Point, CA, May 9, 2024.

➢ **Cameron Azari** Speaker, "Consumer Class Action Notice/Fraud." Mass and Class Conference, Fort Lauderdale, FL, Mar. 6, 2024.

➢ **Cameron Azari** Speaker, "Rising Number of Privacy-Data-Breach Class Actions, including Those Centralized in MDLs, Temporary or Here to Stay? Consideration of Special Case-Management Procedures." Rabiej Litigation Law Center Class Action Conference, Virtual, July 20, 2023.

➢ **Cameron Azari** Chair, "Panel Discussion: Class Actions Case Management." Global Class Actions Symposium 2022, Amsterdam, The Netherlands, Nov. 17, 2022.

➢ **Cameron Azari** Speaker, "Driving Claims in Consumer Settlements: Notice/Claim Filing and Payments in the Digital Age." Mass Torts Made Perfect Bi-Annual Conference, Las Vegas, NV, Oct. 12, 2022.

➢ **Cameron Azari** Chair, "Panel Discussion: Class Actions Case Management." Global Class Actions Symposium 2021, London, UK, Nov. 16, 2021.

➢ **Cameron Azari** Speaker, "Mass Torts Made Perfect Bi-Annual Conference." Class Actions Abroad, Las Vegas, NV, Oct. 13, 2021.

➢ **Cameron Azari** Speaker, "Virtual Global Class Actions Symposium 2020, Class Actions Case Management Panel." Nov. 18, 2020.

➢ **Cameron Azari** Speaker, "Consumers and Class Action Notices: An FTC Workshop." Federal Trade Commission, Washington, DC, Oct. 29, 2019.

➢ **Cameron Azari** Speaker, "The New Outlook for Automotive Class Action Litigation: Coattails, Recalls, and Loss of Value/Diminution Cases." ACI's Automotive Product Liability Litigation Conference, American Conference Institute, Chicago, IL, July 18, 2019.

➢ **Cameron Azari** Moderator, "Prepare for the Future of Automotive Class Actions." Bloomberg Next, Webinar-CLE, Nov. 6, 2018.

➢ **Cameron Azari** Speaker, "The Battleground for Class Certification: Plaintiff and Defense Burdens, Commonality Requirements and Ascertainability." 30th National Forum on Consumer Finance Class Actions and Government Enforcement, Chicago, IL, July 17, 2018.

➢ **Cameron Azari** Speaker, "Recent Developments in Class Action Notice and Claims Administration." PLI's Class Action Litigation 2018 Conference, New York, NY, June 21, 2018.



# Experts' Articles and Presentations

➢ **Cameron Azari** Speaker, "One Class Action or 50? Choice of Law Considerations as Potential Impediment to Nationwide Class Action Settlements." 5th Annual Western Regional CLE Program on Class Actions and Mass Torts, Clyde & Co LLP, San Francisco, CA, June 22, 2018.

➢ **Cameron Azari** and **Stephanie Fiereck** Co-Authors, *A Practical Guide to Chapter 11 Bankruptcy Publication Notice*. E-book, published, May 2017.

➢ **Cameron Azari** Featured Speaker, "Proposed Changes to Rule 23 Notice and Scrutiny of Claim Filing Rates." DC Consumer Class Action Lawyers Luncheon, Washington, DC, Dec. 6, 2016.

➢ **Cameron Azari** Speaker, "Recent Developments in Consumer Class Action Notice and Claims Administration." Berman DeValerio Litigation Group, San Francisco, CA, June 8, 2016.

➢ **Cameron Azari** Speaker, "2016 Cybersecurity & Privacy Summit. Moving From 'Issue Spotting' To Implementing a Mature Risk Management Model." King & Spalding, Atlanta, GA, Apr. 25, 2016.

➢ **Stephanie Fiereck** Author, "Tips for Responding to a Mega-Sized Data Breach." *Law360,* May 2016.

➢ **Cameron Azari** Speaker, "Live Cyber Incident Simulation Exercise." Advisen's Cyber Risk Insights Conference, London, UK, Feb. 10, 2015.

➢ **Cameron Azari** Speaker, "Pitfalls of Class Action Notice and Claims Administration." PLI's Class Action Litigation 2014 Conference, New York, NY, July 9, 2014.

➢ **Cameron Azari** and **Stephanie Fiereck** Co-Authors, "What You Need to Know About Frequency Capping In Online Class Action Notice Programs." *Class Action Litigation Report*, June 2014.

➢ **Cameron Azari** Speaker, "Class Settlement Update – Legal Notice and Court Expectations." PLI's 19th Annual Consumer Financial Services Institute Conference, New York, NY, Apr. 7-8, 2014.

➢ **Cameron Azari** Speaker, "Class Settlement Update – Legal Notice and Court Expectations." PLI's 19th Annual Consumer Financial Services Institute Conference, Chicago, IL, Apr. 28-29, 2014.

➢ **Stephanie Fiereck** Author, "Planning For The Next Mega-Sized Class Action Settlement." *Law360,* Feb. 2014.

➢ **Cameron Azari** Speaker, "Legal Notice in Consumer Finance Settlements - Recent Developments." ACI's Consumer Finance Class Actions and Litigation, New York, NY, Jan. 29-30, 2014.

➢ **Cameron Azari** Speaker, "Legal Notice in Building Products Cases." HarrisMartin's Construction Product Litigation Conference, Miami, FL, Oct. 25, 2013.



# Experts' Articles and Presentations

➢ **Cameron Azari** and **Stephanie Fiereck** Co-Authors, "Class Action Legal Noticing: Plain Language Revisited." *Law360*, Apr. 2013.

➢ **Cameron Azari** Speaker, "Legal Notice in Consumer Finance Settlements Getting your Settlement Approved." ACI's Consumer Finance Class Actions and Litigation, New York, NY, Jan. 31-Feb. 1, 2013.

➢ **Cameron Azari** Speaker, "Perspectives from Class Action Claims Administrators: Email Notices and Response Rates." CLE International's 8th Annual Class Actions Conference, Los Angeles, CA, May 17-18, 2012.

➢ **Cameron Azari** Speaker, "Class Action Litigation Trends: A Look into New Cases, Theories of Liability & Updates on the Cases to Watch." ACI's Consumer Finance Class Actions and Litigation, New York, NY, Jan. 26-27, 2012.

➢ **Cameron Azari** Speaker, "Data Breaches Involving Consumer Financial Information: Litigation Exposures and Settlement Considerations." ACI's Consumer Finance Class Actions and Litigation, New York, NY, Jan. 2011.

➢ **Cameron Azari** Speaker, "Notice in Consumer Class Actions: Adequacy, Efficiency and Best Practices." CLE International's 5th Annual Class Action Conference: Prosecuting and Defending Complex Litigation, San Francisco, CA, 2009.

➢ **Cameron Azari** Author, "Clearing the Five Hurdles of Email - Delivery of Class Action Legal Notices." *Thomson Reuters Class Action Litigation Reporter*, June 2008.

➢ **Cameron Azari** Speaker, "Planning for a Smooth Settlement." ACI: Class Action Defense – Complex Settlement Administration for the Class Action Litigator, Phoenix, AZ, 2007.

➢ **Cameron Azari** Speaker, "Structuring a Litigation Settlement." CLE International's 3rd Annual Conference on Class Actions, Los Angeles, CA, 2007.

➢ **Cameron Azari** Speaker, "Noticing and Response Rates in Class Action Settlements." Class Action Bar Gathering, Vancouver, British Columbia, 2007.

➢ **Cameron Azari** Speaker, "Notice and Response Rates in Class Action Settlements." Skadden Arps Slate Meagher & Flom, LLP, New York, NY, 2006.

➢ **Cameron Azari** Speaker, "Notice and Response Rates in Class Action Settlements." Bridgeport Continuing Legal Education, Class Action and the UCL, San Diego, CA, 2006.

➢ **Stephanie Fiereck** Author, "Consultant Service Companies Assisting Counsel in Class-Action Suits." *New Jersey Lawyer*, Vol. 14, No. 44, Oct. 2005.

➢ **Stephanie Fiereck** Author, "Expand Your Internet Research Toolbox." The American Bar Association, *The Young Lawyer*, Vol. 9, No. 10, July/Aug. 2005.



## Experts' Articles and Presentations

➢ **Stephanie Fiereck** Author, "Class Action Reform: Be Prepared to Address New Notification Requirements." BNA, Inc. The Bureau of National Affairs, Inc. *Class Action Litigation Report*, Vol. 6, No. 9, May 2005.

➢ **Cameron Azari** Speaker, "Notice and Response Rates in Class Action Settlements." Stoel Rives Litigation Group, Portland, OR / Seattle, WA / Boise, ID / Salt Lake City, UT, 2005.

➢ **Cameron Azari** Speaker, "Notice and Response Rates in Class Action Settlements." Stroock & Stroock & Lavan Litigation Group, Los Angeles, CA, 2005.

➢ **Stephanie Fiereck** Author, "Bankruptcy Strategies Can Avert Class Action Crisis." TMA - *The Journal of Corporate* Renewal, Sept. 2004.

➢ **Cameron Azari** Author, "FRCP 23 Amendments: Twice the Notice or No Settlement." Current Developments – Issue II, Aug. 2003.

➢ **Cameron Azari** Speaker, "A Scientific Approach to Legal Notice Communication." Weil Gotshal Litigation Group, New York, NY, 2003.



## Judicial Quotes

**Judge Christine P. O'Hearn,** *In re U.S. Vision Data Breach Litigation* (Oct. 15, 2024) 1:22-cv-06558 (D.N.J.):

*The Court finds that the Notice Plan, set forth in the Settlement and effectuated pursuant to the Preliminary Approval Order, was the best notice practicable under the circumstances, was reasonably calculated to provide and did provide due and sufficient notice to the Settlement Class Members of the pendency of the Action, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement, their right to exclude themselves, their right to object to the Settlement and to appear at the final approval hearing, and satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and all other applicable law.*

**Judge Madeline Cox Arleo,** *In re American Financial Resources, Inc. Data Breach Litigation* (Oct. 2, 2024) 22-cv-01757 (D.N.J.):

*The Court finds that Notice of the Settlement was timely and properly disseminated and effectuated pursuant to the approved Notice Plan, and that said Notice constitutes the best notice practicable under the circumstances and satisfies all requirements of Rule 23(e) and due process.*

**Judge Zahid N. Quraishi,** *In re Lipitor Antitrust Litigation (End Payor)* (Oct. 1, 2024) MDL 2332; 3:12-cv-02389 (D.N.J.):

*The notices of Settlement . . . that was directed to Class Members constituted the best notice practicable under the circumstances and was timely and properly disseminated and effectuated. Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finds that the Notice provided Class Members due and adequate notice of the Settlement, the Settlement Agreement, these proceedings, the rights of Class Members to object to the Settlement, and the rights of Class Members to opt out of the Settlement, and satisfied all requirements of Rule 23 and due process.*

**Judge James B. Clark, III,** *Hu et al. v. BMW of North America LLC* (Sept. 25, 2024) 2:18-cv-04363 (D.N.J.):

*Notice to the Settlement Class required by Rule 23(e) of the Federal Rules of Civil Procedure has been provided in accordance with the Court's Preliminary Approval Order, by sending such Notice by first-class mail and email . . . These individual notice efforts reached approximately 97.9% of the Settlement Class . . . The Settlement Administrator also utilized digital notice and social media and placed the Notice on the settlement website . . . The Court finds that notice (a) constituted the best practicable notice; (b) constituted notice that was reasonably calculated under the circumstances to apprise members of the Settlement Class of the pendency of the Action, or their right to object or to exclude themselves from the proposed Settlement, of their right to appear at the Fairness Hearing and of their right to seek relief; (c) constituted reasonable, due, adequate and sufficient notice to all Persons entitled to receive notice; and (d) met all applicable, requirements of Rule 23(e), due process and any other applicable law. The Court further finds that Settlement Class Members have been provided the best notice practicable of the Settlement and that such notice fully satisfies all requirements of law as well as all requirements of due process.*

**Judge Susan Illston,** *Perez et al. v. Discover Bank* (Sept. 23, 2024) 3:20-cv-06896 (N.D. Cal.):

*The Court finds that the form and means of disseminating notice to the Settlement Class as provided for in the Order Preliminarily Approving Settlement constituted the best notice practicable under the circumstances and was directed to Settlement Class Members in accordance with the Court's Order Preliminarily Approving Settlement. The notice provided due and adequate notice of these proceedings to all Settlement Class Members entitled to such notice and satisfied the requirements of Federal Rule of Civil Procedure 23 and of constitutional due process.*

**Judge Allen Price Walker,** *Agnew v. Foris DAX, Inc. d/b/a Crypto.com* (Sept. 13, 2023) 2024-CH-00435 (Cir. Ct. Cook Cnty., Ill.):

*The Court has determined that the Notice given to the settlement Class Members, in accordance with the Preliminary Approval Order, fully and accurately informed Settlement Class Members of all material elements of the settlement and constituted the best notice practicable under the circumstances, and fully satisfied the requirements of 735 ILCS 5/2-803, applicable law, and the Due Process Clauses of the U.S. Constitution and Illinois Constitution.*



# Judicial Quotes

**Judge Patricia M. DeMaio,** *Beauford v. The Johns Hopkins Hospital, Inc. et al.* (Sept. 6, 2024) C-03-CV-23-000501 (Cir. Ct. Baltimore Cnty.):

*The notice provided to the Settlement Class pursuant to the Settlement Agreement and order granting Preliminary Approval - including: (i) direct notice to the Settlement Class via email and U.S. mail, based on the comprehensive Settlement Class List provided by Defendants; and (ii) the creation of the Settlement Website fully complied with the requirements of Md. R. Civ, P. Cir. Ct. 2-231 and due process, and was reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Action, their right to object to or to exclude themselves from the Settlement Agreement, and their right to appear at the Final Approval Hearing.*

**Judge Charles S. Treat,** *Doe v. Clinivate, LLC* (Aug. 29, 2024) C22-01620 (Sup. Ct. Cnty. of Contra Costa, Cal.):

*The Court finds that Epiq abided by the terms and conditions of the Agreement that pertain to the Clams Administrator, and has provided appropriate notice to all members of the Settlement Class.*

**Judge Claude M. Hilton,** *Domitrovich et al. v. M.C. Dean, Inc.* (Aug. 27, 2024) 1:23-cv-00210 (E.D. Vir.):

*The Court finds and determines that the Notice Program . . . constituted the best notice practicable under the circumstances, constituted due and sufficient notice of the matters set forth in the notices to all persons entitled to receive such notices, and fully satisfies the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure . . . and all other applicable laws and rules. The Court finds that all of the notices are written in plain language and are readily understandable by Settlement Class Members.*

**Judge Susan Illston,** *Moradpour et al. v. Velodyne Lidar, Inc. et al.* (Aug. 19, 2024) 3:21-cv-01486 (N.D. Cal.):

*The Court hereby finds that the distribution of the Notice and the publication of the Summary Notice as provided for in the Preliminary Approval Order constituted the best notice practicable under the circumstances – including individual notice to all Class Members who could be identified through reasonable effort – of those proceedings and of the matters set forth therein, including the proposed Settlement, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23, the requirements of due process, and any other applicable law . . . Pursuant to and in full compliance with Rule 23 of the Federal Rules of Civil Procedure, the Court finds and concludes that due and adequate notice was directed to all Class Members advising them of the Plan of Allocation and of their right to object, and a full and fair opportunity was given to all Class Members to be heard with respect to the Plan of Allocation.*

**Judge Christina R. Klineman,** *In re Goodman Campbell Brain and Spine Data Incident Litigation* (Aug. 19, 2024) 49D01-2207-PL-024807 (Ind. Comm. Ct.):

*The Court finds that the notice program, set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order, was the best notice practicable under the circumstances, was reasonably calculated to provide and did provide due and sufficient notice to the Settlement Class of the pendency of the Action, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement Agreement, and their right to object and to appear at the final approval hearing or to exclude themselves from the Settlement Agreement, and satisfied the requirements of the Indiana Rules of Civil Procedure, the United States Constitution, and other applicable law.*

**Judge Jeffrey L. Reed,** *Doe v. Lima Memorial Hospital et al.* (Aug. 12, 2024) CV2022 0490 (Ct. of Common Pleas Allen Cnty., Ohio):

*The Court finds that such Notice constitutes the best possible notice practicable under the circumstances and constitutes valid, due and sufficient notice to all Settlement Class Members.*

**Judge Alison C. Conlon,** *Mikulecky et al. v. Lutheran Social Services of Illinois* (Aug. 8, 2024) 2023-CH-00895 (Cir. Ct. Cook Cnty., Ill.):

*The Court has determined that the Notice given to the Settlement Class Members in accordance with the Preliminary Approval Order fully and accurately informed Settlement Class Members of all materials terms of the Settlement and constituted the best notice practicable under the circumstances, and fully satisfied the requirements of 735 ILSC 5/2-803, applicable law, and the due process clauses of both the U.S. and Illinois Constitutions.*



# Judicial Quotes

**Judge Benjamin F. Coats,** *Wells Fargo Bank, N.A. v. Agak* (Aug. 5, 2024) 56-2017-00500587 (Sup. Ct. Cnty. of Ventura, Cal.):

*The form and means of disseminating the Class Notice as provided for in the Order Preliminarily Approving Settlement and Providing for Notice constituted the best notice practicable under the circumstances, including individual notice to all members of the Class who could be identified through reasonable effort. Said Notice provided the best notice practicable under the circumstances of the proceedings and the matters set forth therein, including the proposed Settlement set forth in the Agreement, to all persons entitled to such notice, and said Notice fully satisfied the requirements of California Rules of Civil Procedure and complied with all laws, including, but not limited to, the Due Process Clause of the United States Constitution.*

**Judge Gretchen Walsh,** *Finn et al. v. Empress Ambulance Services, LLC* (July 31, 2024) 61058/2024 (Sup. Ct. Cnty. of Westchester, N.Y.):

*There was a reach of 87.3% o of the identified class members (i.e., 265,863 of the 304,362 notices mailed were successfully mailed and not returned to sender). The Court finds that this notice was in full compliance with the Preliminary Approval Order and in accordance with the requirements of New York law and constitutional due process. Furthermore, the result of reaching 87.3% of the Settlement Class is reasonable.*

*The Court finds that the dissemination of Notice to Settlement Class Members: (a) was successfully implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of (i) the pendency of the Action; (ii) their right to submit a claim (where applicable) by submitting a Claim Form; (iii) their right to exclude themselves from the Settlement Class: (iv) the effect of the proposed Settlement (including the releases to be provided thereunder); (v) Class Counsel's motion lor a Fee Award and Costs and for Service Awards to the Class Representatives, (vi) their right to object to any aspect of the Settlement, and/or Class Counsel's motion for Service Awards to the Class Representatives and for a Fee Award and Costs; (vii) their right to appear at the Final Approval Hearing; (d) constituted due, adequate, and sufficient notice to all natural persons entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of NY CPLR 901, et seq., the Constitution of the United States (including the Due Process Clause), and all other applicable laws and rules.*

**Judge James Wesley Hendrix,** *Lara v. Lubbock Heart Hospital, LLC, dba Lubbock Heart & Surgical Hospital* (July 31, 2024) 5:23-cv-00036 (N.D. Tex.):

*[T]he Court finds that the notice provided to the class members complied with Rule 23's due process requirements . . . [T]he Court concludes that this notice process comported with due process by providing proper notice to the class members and enabled them to assess whether to object or seek exclusion . . . Almost 90% of class members received direct notice mailed to them of the settlement that identified its key terms, what steps they needed to take to obtain relief, and the consequences of failing to act by certain dates . . . The class members further were given multiple avenues to seek out additional information on the settlement. All of this information was given in plain language, ensuring that the members receiving direct notice were made aware of their rights and the consequences of inaction. Accordingly, the Court concludes that the notice given pursuant to the Court's preliminary approval order provided the class members with the material terms of the settlement and constituted the best notice practicable under the circumstances.*

**Judge Lindsey Robinson Vaala,** *Morrow et al. v. Navy Federal Credit Union* (July 25, 2024) 1:21-cv-00722 (E.D. Va.):

*The Notice and Claims Process provided to the Settlement Class in accordance with the Preliminary Approval Order was the best notice practicable under the circumstances and constituted due and sufficient notice of the proceedings and matters set forth therein, to all persons entitled to notice. The Notice and Claims Process fully satisfied the requirements of due process, Federal Rule of Civil Procedure 23(e)(l), and all other applicable law and rules. No Settlement Class Member has objected to the Settlement.*

**Judge Marsha J. Pechman,** *Guy et al. v. Convergent Outsourcing, Inc.* (July 19, 2024) 2:22-cv-01558 (W.D. Wash.):

*The Court finds and determines that the Notice Program, preliminarily approved on February 20, 2024, and implemented on March 21, 2024, constituted the best notice practicable under the circumstances, constituted due and sufficient notice of the matters set forth in the notices to all persons entitled to receive such notices, and fully satisfies the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1715, and all other applicable laws and rules. . . The Court further finds that all of the notices are written in plain*



## Judicial Quotes

*language and are readily understandable by Settlement Class Members. The Court further finds that notice has been provided to the appropriate state and federal officials in accordance with the requirements of the Class Action Fairness Act, 28 U.S.C. § 1715, drawing no objections.*

**Judge Katherine A. Bacal,** *Ward-Howie v. Frontwave Credit Union* (July 18, 2024) 37-2022-00016328 (Sup. Ct. Cal. San Diego Cnty., Cal.):

*The Court finds that the distribution of the Notice of the Settlement has been completed in conformity with the Court's Preliminary Approval Order. The Court finds that the Notice was the most practicable under the circumstances and provided due and adequate notice of the proceedings and of the terms of the Settlement, and fully satisfied the requirements of California Rules of Court, rules 3.766 and 3.769(f), and Due Process.*

**Judge Catherine C. Eagles,** *Farley et al. v. Eye Care Leaders Holding, LLC* (June 27, 2024) 1:22-cv-00468 (M.D.N.C.):

*The court-approved notice process was reasonable and provided the class members with adequate notice.*

**Judge William J. Martini,** *Holden et al. v. Guardian Analytics, Inc. et al.* (June 5, 2024) 2:23-cv-2115 (D.N.J.):

*The Court finds that such notice as therein ordered constituted the best practicable notice under the circumstances, apprised Settlement Class Members of the pendency of the action, gave them an opportunity to opt out or object, complied with the requirements of Federal Rule of Civil Procedure 23(c)(2), and satisfied due process under the United States Constitution, and other applicable law.*

**Judge Angelo J. Kappas,** *Bobo et al. v. Clover Network, LLC* (May 29, 2024) 2023CH000168 (18th Jud. Cir., Cir. Ct., Dupage Cnty. Ill.):

*[T]he Notice provided to the Settlement Class fully complied with the requirements of 735 ILCS 5/2-803 and due process was reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Action, their right to object or to exclude themselves from the Settlement Agreement, and their right to appear at the Final Approval Hearing.*

**Judge Stanley A. Bastian,** *Dam v. Perkins Coie, LLP et al.* (May 23, 2024) 2:20-CV-00464 (E.D. Wash.):

*The notice afforded to Class Members is adequate and sufficient to inform Class Member of their rights.*

**Judge Angelo J. Kappas,** *Hoover et al. v. Camping World Group, LLC et al.* (May 23, 2024) 2023LA00037 (18th Jud. Cir., Cir. Ct., DuPage Cnty, Ill.):

*The Court finds that such Notice as therein ordered, constitutes reasonable notice of the commencement of the action as directed by the Court and meets all applicable requirements of law pursuant to 735 ILCS 5-2/801 and constitutes Due Process under the U.S. and Illinois Constitutions.*

**Judge Paul L. Maloney,** *In re Hope College Data Security Breach Litigation* (May 20, 2024) 1:22-cv-01224 (W.D. Mich.):

*The Court finds that the Class Notice, website, and Notice Plan implemented pursuant to the Settlement Agreement and the Court's Preliminary Approval Order: (a) constituted the best practicable notice; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of this Action, of their right to exclude themselves from or object to the proposed Settlement, of their right to appear at the Final Approval Hearing, of Plaintiffs Counsel's application for an award of attorneys' fee and expenses, and of Plaintiffs' application for a Service Award associated with the Action; (c) provided a full and fair opportunity to all Settlement Class Members to be heard with respect to the foregoing matters; and (d) met all applicable requirements of Federal Rule of Civil Procedure 23, due process, and any other applicable rules or law.*

**Judge Richard J. Leon,** *Shaffer et al. v. George Washington University et al.* (May 13, 2024) 20-1145 (D.D.C.):

*[T]he Court concludes that the notice provided to the Settlement Class...complied with the requirements of Federal Rule of Civil Procedure 23(c)(2) and was reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the action, their right to object to or to exclude themselves from the Settlement Agreement, and their right to appear at the final approval hearing.*



## Judicial Quotes

**Judge Ann M. Donnelly,** *In re Canon U.S.A. Data Breach Litigation* (May 9, 2024) 1:20-cv-06239 (E.D.N.Y.):

*The Court finds that the emailed and mailed notice, publication notice, website, and Class Notice plan implemented pursuant to the Settlement Agreement and Magistrate Judge Sanket J. Bulsara's Preliminary Approval Order: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of this Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of their right to exclude themselves from or object to the proposed Settlement, of their right to appear at the Fairness Hearing, of the Claims Process, and of Class Counsel's application for an award of attorneys' fees, for reimbursement of expenses associated with the Action, and any Service Award; (d) provided a full and fair opportunity to all Settlement Class Members to be heard with respect to the foregoing matters; (e) constituted due, adequate and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (f) met all applicable requirements of Rule 23 of the Federal Rule of Civil Procedure, the United States Constitution, including the Due Process Clause, and any other applicable rules or law.*

**Judge Christopher R. Cooper,** *Qureshi et al. v. American University* (May 7, 2024) 1:20-cv-01141 (D.D.C.):

*The Court further finds that the notice program approved in the Court's Preliminary Approval Order and implemented in accordance with that Order was the best practicable under the circumstances. The notice program was reasonably calculated under the circumstances to apprise the Class of (a) the pendency of the Action; (b) the Court's preliminary certification of the Settlement Class; (c) the terms of the Settlement Agreement and the Settlement Class Members' rights to opt-out of the Settlement Class or to object to the settlement; (d) and the maximum amounts of Class Counsel's expected application for attorneys' fees and request for a Service Award for the Plaintiffs. The notice program provided sufficient notice to all persons entitled to notice. The notice program satisfied all applicable requirements of law, including Federal Rule of Civil Procedure 23 and the constitutional requirement of Due Process.*

**Judge Eric V. Moyé,** *Patterson et al. v. DPP II LLC et al.* (April 29, 2024) DC-23-01733 (Dist. Ct of Dallas Cnty., Tex.):

*The Court finds that such Notice as therein ordered, constitutes the best possible notice practicable under the circumstances and constitutes valid, due and sufficient notice to all Settlement Class Members.*

**Judge Josephine L. Staton,** *In re Hyundai and Kia Engine Litigation II* (April 26, 2024) 8:18-cv-02223 (C.D. Cal.):

*The Class Notice was disseminated in accordance with the procedures required by the Court's Orders ..., in accordance with applicable law, and satisfied the requirements of Rule 23(e) and due process and constituted the best notice practicable for the reasons discussed in the Preliminary Approval Order and Final Approval Order.*

**Judge Elaine P. Lujan,** *Briscoe et al. v. First Financial Credit Union* (April 25, 2024) D-202-CV-2022-02974 (2nd. Jud. Dist. Cnty. of Bernalillo, N.M.):

*The Court has determined that the Notice given to the Settlement Class Members in accordance with the Preliminary Approval Order fully and accurately informed Settlement Class Members of all material terms of the Settlement and constituted the best notice practicable under the circumstances, and fully satisfied the requirements of Rule 1-023, applicable law, and the due process clauses of both the U.S. and New Mexico Constitutions.*

**Judge Eleanor L. Ross,** *Sherwood et al. v. Horizon Actuarial Services, LLC* (April 2, 2024) 1:22-cv-01495 (N.D. Ga.):

*The Court's Preliminary Approval Order approved the Short Form Settlement Notice, Long Form Notice, Claim Form, and found the mailing, distribution, and publishing of the various notices as proposed met the requirements of Fed. R. Civ. P. 23 and due process, and was the best notice practicable under the circumstances, constituting due and sufficient notice to all persons entitled to notice. The Court finds that the distribution of the Notices has been achieved pursuant to the Preliminary Approval Order and the Settlement Agreement, and that the Notice to Class Members complied with Fed. R. Civ. P. 23 and due process.*



# Judicial Quotes

**Judge Beth Phillips,** *Niewinski et al. v. State Farm Life Insurance Company et al.* (April 1, 2024) 23-04159-CV (W.D. Mo.):

*[T]he Court confirms the Class Notice was implemented in accordance with the Court's October 18, 2023 Order… The Court further confirms its prior findings that the form and substance of the Class Notice meet, and have met, the requirements of Rule 23(c) and the Due Process Clause of the United States Constitution.*

**Judge Beth Labson Freeman,** *Prescott et al. v. Reckitt Benckiser LLC* (Mar. 28, 2024) 5:20-cv-02101 (N.D. Cal.):

*The Court finds that notice has been disseminated to the Classes in compliance with the Court's Order Granting Preliminary Approval. The Court further finds that the notice given was the best notice practicable under the circumstances; constituted notice that was reasonably calculated, under the circumstances, to apprise Class members of the pendency of the action, the terms of the proposed Settlement, the right to object to or exclude themselves from the proposed Settlement, and the right to appear at the Final Approval Hearing; constituted due, adequate, and sufficient notice to all persons entitled to receive notice; fully satisfied due process; and met the requirements of Rule 23 of the Federal Rules of Civil Procedure. The Court further finds that notice provisions of 28 U.S.C. § 1715 were complied with in this case.*

**Judge Kimberly Fitzpatrick,** *Kaether et al. v. Metropolitan Area EMS Authority D/B/A MedStar Mobile Healthcare* (Mar. 20, 2024) 342-339562-23 (Dist. Ct. Tarrant Cnty., Tex.):

*The Court finds that such Notice as therein ordered, constitutes the best possible notice practicable under the circumstances and constitutes valid, due and sufficient notice to all Settlement Class Members.*

**Judge Denise L. Cote,** *In re Waste Management Data Breach Litigation* (Mar. 15, 2024) 1:21-cv-06199 (S.D. N.Y.):

*The Court finds and concludes that the Postcard Notice, Detailed Notice, Claim Form, Settlement Website, and all other aspects of the Notice Program, opt-out, and claims submission procedures set forth in the Settlement Agreement fully satisfied Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, and support the Court's exercise of jurisdiction over the Settlement Class.*

**Judge Douglas L. Rayes,** *Medina et al. v. PracticeMax, Inc.* (Mar. 14, 2024) CV-22-01261 (D. Ariz.):

*The Court's Preliminary Approval Order approved the Short Form Settlement Notice, Long Form Notice, Claim Form, and found the mailing, distribution, and publishing of the various notices as proposed met the requirements of Fed. R. Civ. P. 23 and due process, and was the best notice practicable under the circumstances, constituting due and sufficient notice to all persons entitled to notice.*

**Judge William H. Orrick,** *In re Juul Labs, Inc., Marketing, Sales Practices, and Products Liability Litigation* (Altria Settlement) (Mar. 14, 2024) 19-md-02913 (N.D. Cal.):

*Notice of the Altria Settlement was provided by: (1) direct notice via email to those Settlement Class Members for whom an email address was available; (2) direct notice via postcard mailed to those Settlement Class Members for whom a physical mailing address was available but an email address was not available; (3) publication notice of the Settlement, which comprised 409,315,597 impressions, targeted at likely Settlement Class Members served across relevant internet websites and social media platforms; and (4) publication on the settlement website. In total, the Notice Plan is estimated to have reached at least 80% of Settlement Class Members. The Court finds that the Notice Plan provided the best practicable notice to the Settlement Class Members and satisfied the requirements of due process.*

**Judge Aleta A. Trauger,** *Bandy v. TOC Enterprises, Inc. d/b/a Tennessee Orthopaedic Clinics, a division of Tennessee Orthopaedic Alliance, P.A.,* (Mar. 14, 2024) 3:23-cv-00598 (M.D. Tenn.):

*The Court finds that such Notice as therein ordered, constitutes the best possible notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Class Members in compliance with the requirements of Rule 23(c)(2). The Court finds that the notice program was reasonably calculated to, and did, provide due and sufficient notice to the Class of the pendency of the Action, certification of the Class for settlement purposes only, the existence and terms of the Settlement Agreement, and their rights to object to and appear at the Final Fairness Hearing or to exclude themselves from the Settlement, and satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and all other applicable law.*

epiq
legal noticing℠

## Judicial Quotes

**Judge Allen Price Walker,** *Sayas et al. v. Biometric Impressions Corp.,* (Mar. 6, 2024) 2020 CH 00201 (Cir. Ct. Cook Cnty. Ill.):

*Notice to the Settlement Class was provided in accordance with the Court's Preliminary Approval Order, and the substance of and dissemination program for the Notice which included direct notice via U.S. Mail and email (where available), and by substitute media notification according to a targeted media campaign designed by the Settlement Administrator, and the creation of the Settlement Website … provided the best practicable notice under the circumstances. The Notice was reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Action and their rights to object to or exclude themselves from the Settlement and to appear at the Final Approval Hearing. Therefore, the Notice was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice and fulfilled the requirements of 735 ILCS 5/2-803, due process, and the rules of the Court.*

**Judge Angel Kelley,** *Fiorentino v. Flosports, Inc.,* (Mar. 5, 2024) 1:22-cv-11502 (D. Mass.):

*The Court finds that the notice program, as set forth in Section 4 of the Settlement Agreement and effectuated pursuant to the Court's August 23, 2023 Preliminary Approval Order (Doc No. 63) and November 6, 2023 Order Granting Joint Motion for Extension of Time (Doc No. 65), satisfies the requirements of Federal Rule of Civil Procedure 23(c) and due process and constitutes the best notice practicable under the circumstances and shall constitute due and sufficient notice to the Settlement Class of (i) the pendency of the Action and of the Settlement, including the terms thereof; (ii) class members' rights to object to or exclude themselves from the Settlement, including the procedure for objecting to or opting out of the Settlement, and to appear at the Final Approval Hearing; (iii) contact information for Class Counsel, the Settlement Administrator, the Settlement Website, and a toll-free number to ask questions about the Settlement; (iv) important dates in the settlement approval process, including the date of the Final Approval Hearing; (v) Class Counsel's request for an award of reasonable attorneys' fees and expenses; and (vi) the Class Representative's application for a service award.*

**Judge David O. Carter,** *Nielsen v. Walt Disney Parks and Resorts U.S., Inc.,* (Mar. 4, 2024) 8:21-cv-02055 (C.D. Cal.):

*The Court finds that the Class Notice plan provided for in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order: (i) was the best notice practicable under the circumstances; (ii) was reasonably calculated to provide, and did provide, due and sufficient notice to the Settlement Class regarding the existence and nature of this case, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement Agreement, and the rights of Settlement Class members to exclude themselves from the settlement, to object and appear at the Final Approval Hearing, and to receive benefits under the Settlement Agreement; and (iii) satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and all other applicable law.*

**Judge Craig Schwall,** *Mayheu et al. v. Chick-fil-A Inc.,* (Feb. 29, 2024) 2022CV365400 (Sup. Ct. Fulton Cnty., Ga.):

*The Court finds that the distribution of the Class Notice and notice methodology was properly implemented in accordance with O.C.G.A. § 9-11-23(c)(2), the terms of the Agreement, and the Preliminary Approval Order. The Court finds that the Class Notice was simply written and readily understandable and that the Class Notice (a) constitutes the best notice practicable under the circumstances; (b) constitutes notice that was reasonably calculated, under the circumstances, to apprise the Settlement Class and Settlement Subclasses of the Agreement and their right to exclude themselves or object to the Agreement and to appear at the Fairness Hearing; (c) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to notice; and (d) meets all applicable requirements of Georgia law, the Uniform Superior Court Rules, and all other applicable law and due process requirements.*

**Judge Sheila D. Stinson,** *Nimsey v. Tinker Federal Credit Union,* (Feb. 23, 2024) CJ-2019-6084 (Dist. Ct. Oklahoma Cnty., Okla.):

*The form, content, and method of dissemination of Notice given to members of the Settlement Class—individual emailed or mailed notice—were adequate and reasonable constituted the best notice practicable under the circumstances and satisfied the requirements of 12 Okla. Stat. § 12-2023(C)(4) and (E)(1) and Due Process.*



## Judicial Quotes

**Judge Phillip A. Brimmer, Beasley et al. v. *TTEC Services Corporation; Anderson v. TTEC Services Corporation*** (Feb. 21, 2024) 22-cv-00097; 22-cv-00347 (D. Col.):

*[T]he Court finds that the notice given to members of the class was the best notice practicable under the circumstances, was reasonably calculated under the circumstances to apprise such members of the pendency of this action and to afford them an opportunity to object to, and meets the requirements of Rule 23 (c)(2)(B) and (e)(1).*

**Judge Yvonne Gonzalez Rogers, *In re PFA Insurance Marketing Litigation*** (Feb. 5, 2024) 4:18-cv-03771 YGR (N.D. Cal.):

*The Court finds that the relief provided to class members under the SA is fair and reasonable when considering the Rule 23(e)(2)(C) factors...*

**Judge Charles R. Breyer, *In re McKinsey & Co., Inc. National Prescription Opiate Consultant Litigation Schools*** (Feb. 2, 2024) 3:21-md-02996 (N.D. Cal.):

*The Court finds that the notice provided to the Settlement Class pursuant to the Settlement Agreement (ECF No. 599-2) and the Preliminary Approval Order fully complied with Due Process and Rule 23, and was reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Action, their right to object to or to exclude themselves from the Settlement Agreement, and their right to appear at the Final Approval Hearing.*

**Judge Charles R. Breyer, *In re McKinsey & Co., Inc. National Prescription Opiate Consultant Litigation Subdivision*** (Feb. 2, 2024) 3:21-md-02996 (N.D. Cal.):

*[T]he Court has considered each of the Rule 23(e) factors and finds that the Class Representatives and Class Counsel have adequately represented the Class, the settlement agreement was negotiated at arm's length, the relief provided for the Class is adequate, and the plan of allocation treats Class Members equitably relative to one another.*

**Judge David E Schwartz, *Stauber v. Sudler Property Management*** (Jan. 22, 2024) 023LA000411 (18th Jud. Cir., Cir. Ct., DuPage Cnty., Ill.):

*The Court finds that such Notice as therein ordered, constitutes the best possible notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Settlement Class Members in compliance with the requirements of 735 ILCS 5/2-801, et seq.*

**Judge Edward J. Davila, *Harbour et al. v. California Health & Wellness et al.*** (Jan. 16, 2024) 5:21-cv-03322 (N.D. Cal.):

*[T]he Court finds that the terms of the Settlement, including the awards of attorneys' fees, costs and incentive awards, is fair, adequate, and reasonable that it satisfies Federal Rule of Civil Procedures 23 (e) and the fairness and adequacy factors; and that it should be approved and implemented.*

**Judge Susan Illston, *Roberts v. Zuora Inc. et al.*** (Jan. 16, 2024) 3:19-cv-03422 (N.D. Cal.):

*The form and method of notifying the Settlement Class of the motion for attorneys' fees, litigation expenses, and a service award satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-4(a)(7)), due process, and all other applicable laws and rules, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.*

**Judge Leigh Martin May, *Black v. USAA Casualty Insurance Company*** (Dec. 14, 2023) 1:21-cv-01363 (N.D. Ga.):

*[T]he Court finds that the notice provided to Settlement Class Members (i) was the best practicable notice under the circumstances; (ii) was calculated to apprise Settlement Class Members of the pendency of the Action and their right to object to or seek exclusion from the Proposed Settlement and to appear at the final Fairness Hearing; and (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice.*



# Judicial Quotes

**Judge Timothy McJoynt,** *Jackson et al. v. Fandango Media, LLC* (Dec. 4 2023) 2023LA000631 (18th Jud. Cir. Ct., DuPage Cnty., Ill.):

*The Court has determined that the notice provided to the Settlement Class pursuant to the Settlement Agreement and order granting Preliminary Approval–including: (i) direct notice in the form of an email to Settlement Class Members for whom a valid email address is available in the Class List, containing an electronic link to the Claim Form; (ii) reminder notice via a second email thirty (30) days prior to the Claims Deadline containing an electronic link to the Claim Form; and (iii) the creation of a Settlement website . . . apprising the Settlement Class of the proposed Settlement and enabling the Settlement Class to submit Claim Forms online–fully complied with the requirements of 735 ILCS 5/2-803 and due process, and was reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Action, the Settlement and Settlement Agreement, their right to object to or to exclude themselves from the Settlement and Settlement Agreement, and their right to appear at the Final Approval Hearing.*

**Judge Nadine Nieto,** *Arevalo et al. v. USAA Casualty Insurance Company et al.* (Nov. 27, 2023) 2020-CI-16240 (Dist. Ct., Bexar County, Tex. 285th Jud. Dist.):

*The Court confirms and approves, as to form and content, the Notice delivered to Settlement Class members, and finds that the Notice Program was fair, adequate, and satisfied due process. The Court finds the notice constituted the best notice practicable under the circumstances by providing individual notice to all Settlement Class Members who could be identified through reasonable effort and constituted valid and sufficient notice to all persons entitled thereto, complying fully with the requirements of due process and Texas Rule of Civil Procedure 42 (e)(1)(B).*

**Judge Todd Taylor,** *Alexander et al. v. Salud Family Health, Inc.* (Nov. 22, 2023) 2023CV030580 (19th Dist. Ct. Greeley Cnty., Col.):

*The Court finds that such Notice as therein ordered, constitutes the best possible notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Settlement Class Members in compliance with the requirements of Colorado Rule of Civil Procedure 23(e). The Court finds that the Claims Administrator's notice fully and accurately informed Settlement Class Members about the Litigation and the existence and terms of the Settlement Agreement; advised Settlement Class Members of all terms of the Settlement; advised Settlement Class Members of their right to request exclusion from the Settlement and provided sufficient information so Settlement Class Members were able to decide whether to accept the benefits offered, opt out and pursue their own remedies, or object to the proposed Settlement; provided procedures for Settlement Class Members to file written objections to the proposed Settlement, to appear at the Final Approval Hearing, and to state objections to the proposed Settlement; and provided the time, date, and place of the Final Approval Hearing.*

**Judge John R. Tunheim,** *In re Cattle and Beef Antitrust Litigation* (Nov. 21, 2023) 22-3031 (D.Minn.):

*The notice given to the Settlement Class, including individual notice to all members of the Settlement Class who could be identified through reasonable effort, was the most effective and practicable under the circumstances. This notice provided due and sufficient notice of the proceedings and of the matters set forth therein, including the proposed settlement, to all persons entitled to such notice, and this notice fully satisfied the requirements of Rules 23(c)(2) and 23(e)(1) of the Federal Rules of Civil Procedure and the requirements of due process.*

**Judge Lawrence P. Riff,** *Ross et al. v. Panda Restaurant Group, Inc.* (Nov. 20, 2023) 21STCV03662 (Sup. Ct. Cal., Cnty. of Los Angeles):

*The Court finds that the distribution of the Notice of the Settlement has been completed in conformity with the Court's Preliminary Approval Order. The Court finds that the notice was the most practicable under the circumstances and provided due and adequate notice of the proceedings and of the terms of the Settlement. The Court finds that the notice fully satisfied the requirements of due process. The Court also finds that all Settlement Class Members were given a full and fair opportunity to participate in the Fairness Hearing, all Class Members wishing to be heard have been heard, and all Class Members have had a full and fair opportunity to exclude themselves from the Settlement Class.*



# Judicial Quotes

**Judge Stephen Dries,** *Fernandez et al. v. 90 Degree Benefits Wisconsin et al.* (Nov. 17, 2023) 2:22-cv-00799 (E.D. Wis.):

*The Court finds that the dissemination of the Notice: (a) was implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action, (ii) the effect of the proposed Settlement (including the releases to be provided thereunder), (iii) Class Counsel's motion for a Fee Award and Costs, (iv) Class Representatives' motion for a Service Award Payments, (v) their right to object to any aspect of the Settlement, Class Counsel's motion for a Fee Award and Costs, and/or Class Representatives' motion for a Service Award Payments, (vi) their right to exclude themselves from the Settlement Class, and (vii) their right to appear at the Final Approval Hearing; (d) constituted due, adequate and sufficient notice to all persons and entities entitled to receive notice the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and all other applicable law and rules.*

**Judge Joseph V. Salvi,** *Gudgel et al. v. Reynolds Consumer Products, Inc. et al.* (Nov. 15, 2023) 23LA00000486 (Cir. Ct. 19th Jud. Cir., Lake Cnty., Ill.):

*The Court has determined that the Notice given to the Settlement Class Members, in accordance with the Preliminary Approval Order, fully and accurately informed Settlement Class Members of all material elements of the Settlement and constituted the best notice practicable under the circumstances, applicable law, and the due process clauses of the United States and Illinois Constitutions.*

**Judge Kimberly Dowling,** *Sharma et al. v. Accutech Systems Corporation* (Nov. 13, 2023) 18C02-2210-CT-000135 (Cir. Ct. 2, Del. Cnty., Ind.):

*The Court finds that such Notice as therein ordered was the best possible notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Settlement Class Members in compliance with the requirements of Indiana Rule of Trial Procedure 23(c)(2).*

**Judge William T. Ridley,** *Julien et al. v. Cash Express, LLC* (Nov. 9, 2023) 2022-CV-221 (Cir. Ct. Putnam Cnty. Tenn.):

*The form, content, and method of dissemination of the notice given to members of the Settlement Class were adequate and reasonable, constituted the best notice practicable under the circumstances, and satisfied the requirements of Due Process.*

**Judge Jennifer Barron,** *Young et al. v. Military Advantage, Inc. d/b/a Military.com* (Nov. 9, 2023) 2023LA00535 (18th Jud. Dist. Cir. Ct. Dupage Cnty. Ill.):

*The notice provided to the Settlement Class pursuant to the Settlement Agreement and order granting Preliminary Approval - including (i) direct notice to the Settlement Class via email and U.S. mail, based on the comprehensive subscriber list provided by Defendant, and (ii) the creation of the Settlement Website - fully complied with the requirements of 735 ILCS 5/2-803 and due process, and was reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Action, their right to object to or to exclude themselves from the Settlement Agreement, and their right to appear at the Final Approval Hearing.*

**Judge Laura Scott,** *Lukens v. Utah Imaging Associates, Inc.* (Nov. 8, 2023) 210906618 (3rd Dist., Salt Lake Cnty., Utah):

*The Court has determined that the notice given to the Settlement Class Members in accordance with the Preliminary Approval Order fully and accurately informed Settlement Class Members of all material terms of the Settlement and constituted the best notice practicable under the circumstances, and fully satisfied the requirements of Utah R. Civ. P. 23, applicable law, and the due process clauses of both the U.S. and Utah Constitutions.*

**Judge Christopher C. Nash,** *Gulf Coast Injury Center, LLC, A/A/O Jordan Rimert v. Esurance Property and Casualty Insurance Company* (Nov. 3, 2023) 21-CA-002738 (Cir. Ct. 13th Jud. Cir. Hillsborough Cnty, Fla.):

*The Court hereby finds that the Notice Plan (i) constituted the best practicable notice under the circumstances; (ii) was reasonably calculated to apprise potential Settlement Class Members of the pendency of the Action, their right to object to or exclude themselves from the Proposed Settlement, and to appear at the final approval hearing; and (iii) constituted due, adequate, and sufficient process and notice to all persons entitled to receive notice.*



## Judicial Quotes

**Judge Robert R. Reed,** *Gold et al. v. New York Life Insurance Co. et al.* (Oct. 26, 2023) 653923/2012 (Sup. Ct. N.Y., Cnty., NY):

*The Court finds that the procedures for notifying the Class Members about the Settlement, including the Class Settlement Notice, Summary Notice of Settlement, and Advertisement via LinkedIn, as provided for in the Settlement Agreement, constituted the best notice practicable under the circumstances to all Class Members, and fully satisfied all necessary requirements of due process. Based on the evidence, arguments and other materials submitted in connection with the Fairness Hearing, the Court finds that the notice provided was adequate, due, sufficient and valid notice to Class Members.*

**Judge Sidney H. Stein,** *Sonterra Capital Master Fund Ltd. v. Credit Suisse Group AG et al.* (Oct. 24, 2023) 1:15-cv-00871 (S.D.N.Y.):

*The Court finds that the mailed notice, publication notice, website, and Class Notice plan implemented pursuant to the Settlement Agreement and approved by the Court in the Order dated February 15, 2023 (ECF No. 426), amended by Order dated May 16, 2023 (ECF No. 458); (a) constituted the best practicable notice; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of their right to exclude themselves from or object to the proposed Settlement, of their right to appear at the Fairness Hearing, of the Distribution Plan, and of Class Counsel's application for an award of attorneys' fees, Incentive Award(s), and for reimbursement of expenses associated with the Action; (c) provided a full and fair opportunity to all Settlement Class Members to be heard with respect to the foregoing matters; and (d) met all applicable requirements of Federal Rule of Civil Procedure 23, Due Process, and any other applicable rules or law.*

**Judge Jennifer P. Wilson,** *Banks et al. v. Allstate Fire & Casualty Insurance Company* (Oct. 23, 2023) 19-cv-01617 (M.D. Penn.):

*WHEREAS the Allstate Defendants, through the Notice Agent, have served the notices required under the Class Action Fairness Act on the appropriate state and federal government officials. Id.... due and adequate notice has been given to the Settlement Class Members in satisfaction of the requirements of Rules 23(c)(2) and 23 (e)(1) of the Federal Rules of Civil Procedure and Constitutional Due Process ...*

**Judge Michael F. Stelzer,** *Perry v. Schnuck Markets, Inc.* (Oct. 10, 2023) 2022-CC10425 (Cir. Ct. City of St. Louis, Mo.):

*Notice to the Members of the Settlement Class required by Mo. R. Civ. P. 52.08(b)(3) has been provided as directed by this Court in the Preliminary Approval Order, and such notice constituted the best notice practicable, including, but not limited to, the forms of notice and methods of identifying and providing notice to the Settlement Class Members, and satisfied the requirements of the Missouri Rules of Civil Procedure, and all other applicable laws. The Court finds that adequate notice was given to all Settlement Class Members pursuant to the terms of the Parties' Settlement Agreement and the Preliminary Approval Order. The Court has further determined that the Notice Plan fully and accurately informed Settlement Class Members of all material elements of the Settlement, constituted the best notice practicable under the circumstances, and fully satisfied the requirements of Mo. R. Civ. P. 52.08(b)(3), applicable law, and the Due Process Clause of the United States Constitution.*

**Judge Eleanor L. Ross,** *Dusko v. Delta Airlines, Inc.* (Oct. 5, 2023) 1:20-cv-01664 (N.D. Ga.):

*The Court finds the Settlement Class received the best notice practicable under the circumstances in compliance with due process and Federal Rules of Civil Procedure 23(c)(2) and (e)(1).*

**Judge Timothy S. Black,** *Miranda v. Xavier University* (Oct. 3, 2023) 1:20-cv-00539 (S.D. Ohio):

*Considering the notice procedures, nearly all, if not all, Class Members received notice, and the Court finds that the notice issued to class members satisfied (if not exceeded) the requirements of the federal rules and due process.*

**Judge R. Barclay Surrick, J.,** *Checchia v. Bank of America, N.A.* (Sept. 21, 2023) 2:21-cv-03585 (E.D. Penn.):

*Notice to the Class required by Rule 23(d) of the Federal Rules of Civil Procedure' has been provided in accordance with the Court's Preliminary Approval Order, entered February 16, 2023, and such Notice by mail and publication has been given in an adequate and sufficient manner; constitutes the best notice practicable under the circumstances; and satisfies Rule 23(e) and due process. Notice of Settlement was*

## Judicial Quotes

*timely mailed to governmental entities as provided for in 28 U.S.C. § 1715.*

**Judge William H. Orrick,** *In re Juul Labs, Inc., Marketing, Sales Practices, and Products Liability Litigation* (Juul Settlement) Sept. 19, 2023) 19-md-02913 (N.D. Cal.):

*The Court also approved the appointment of Epiq as the Claims Administrator based on representations of Epiq's qualifications and experience and an outline of administrative and communication services to be provided to class members... The record establishes that the Class Settlement Administrator served the required notices under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, with the documentation required by 28 U.S.C. § 1715(b)(1)-(8). ECF No. 3742.*

**Judge Richard G. Stearns,** *Ambrose et al v. Boston Globe Media Partners, LLC* (Sept. 8, 2023) 1:22-cv-10195 (D. Mass.):

*The notice provided to the Settlement Class pursuant to the Settlement Agreement (ECF No. 51) and order granting Preliminary Approval (ECF No. 52)-including (i) direct notice to the Settlement Class via email and U.S. mail, based on the comprehensive subscriber list provided by Defendant, and (ii) the creation of the Settlement Website -fully complied with the requirements of Fed. R. Civ. P. 23 and due process, and was reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Action, their right to object to or to exclude themselves from the Settlement Agreement, and their right to appear at the Final Approval Hearing... The Court finds that Defendant properly and timely notified the appropriate government officials of the Settlement Agreement, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. The Court has reviewed the substance of Defendant's notice, and finds that it complied with all applicable requirements of CAFA. Further, more than ninety (90) days have elapsed since Defendant provided notice pursuant to CAFA and the Final Approval Hearing.*

**Judge Matthew P. Brookman,** *In re Midwestern Pet Foods Marketing, Sales Practices and Product Liability Litigation* (Aug. 21, 2023) 3:21-cv-00007 (S.D. Ind.):

*The notice given to the Class was the best notice practicable under the circumstances. Said notice provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed settlement set forth in the Settlement Agreement, to all persons entitled to such notice, and said notice fully satisfied the requirements of due process.*

**Judge David B. Atkins,** *King et al. v. PeopleNet Corporation* (Aug. 10, 2023) 2021-CH-01602 (Cir. Ct. Cook Cnty., Ill.):

*The Court has determined that the Notice given to the Settlement Class Members, in accordance with the Preliminary Approval Order, fully and accurately informed Settlement Class Members of all material elements of the Settlement, constituted the best notice practicable under the circumstances, and fully satisfied the requirements of 735 ILCS 5/2-803, applicable law, and the Due Process Clauses of the U.S. Constitution and Illinois Constitution.*

**Judge William F. Highberger,** *Holly Wedding et al. vs. California Public Employees' Retirement System et al.* (July 28, 2023) BC517444 (Sup. Ct. Cnty of Los Angeles, Cal.):

*The Court finds and determines that this notice procedure afforded adequate protections to all members of the Settlement Class including those who requested exclusion and provides the basis for the Court to make an informed decision regarding approval of the Second Settlement based on the responses of the Settlement Class. The Court finds and determines that the notice provided in this case was the best notice practicable, which satisfied the requirements of law and due process.*

**Judge James Donato,** *In re Robinhood Outage Litigation* (July 18, 2023) 3:20-cv-01626 (N.D. Cal.):

*The Court finds that the Long Form Notice and the Notice Plan including a combination email and physical mail to Settlement Class Members based on Robinhood's records, a social media campaign, and a dedicated website, was implemented in accordance with the Preliminary Approval Order and (a) constituted the best practicable notice under the circumstances; (b) constituted notice that is appropriate, in a manner, content, and format reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Action and the effect of the Settlement (including the releases contained therein); their right to object to any aspect of the Settlement, the Plan of Allocation, and/or Class Counsel's Motion for Attorneys' Fees and Expenses and Service Awards; their right to exclude themselves from the Settlement Class; and their right to appear at the Fairness Hearing; (c) was reasonable and constituted due, adequate, and sufficient notice to all Persons entitled to receive*



## Judicial Quotes

*notice; and (d) met all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and the rules of the Court. These combined efforts directly reached approximately 99% of the identified Settlement Class members.*

**Judge Antonio Arzola, *Hrebenar v. Davis Yulee LLC, d/b/a Davis Chrysler Dodge Jeep Ram of Julee*** (July. 18, 2023) 2023-001405-CA-01 (11th Jud. Cir. Ct. Miami-Dade Cnty., Fla.):

*The Court finds that the distribution of the Class Notice, as provided for in the Settlement Agreement, (i) constituted the best practicable notice under the circumstances to Settlement Class Members, (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of, among other things, the pendency of the Action, the nature and terms of the proposed Settlement, their right to object or to exclude themselves from the proposed Settlement, and their right to appear at the Final Approval Hearing, (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice, and (iv) complied fully with the requirements of Fla. R. Civ. P. 1.220, the United States Constitution, the Rules of this Court, and any other applicable law. (b) The Court finds that the Class Notice and methodology set forth in the Settlement Agreement, the Preliminary Approval Order, and this Final Approval Order (i) constitute the most effective and practicable notice of the Final Approval Order, the relief available to Settlement Class Members pursuant to the Final Approval Order, and applicable time periods; (ii) constitute due, adequate, and sufficient notice for all other purposes to all Settlement Class Members; and (iii) comply fully with the requirements of Fla. R. Civ. P. 1.220, the United States Constitution, the Rules of this Court, and any other applicable laws.*

**Judge Rodolfo A. Ruiz II, *Wenston Desue et al. v. 20/20 Eye Care Network, Inc. et al.*** (July. 8, 2023) 21-CIV-61275 (S.D. Fla.):

*The Notice was provided to Class Members in accordance with the plan approved in the Court's Order Certifying Settlement Class and Granting Preliminary Approval of Class Action Settlement and Notice Program…Under these circumstances, the Court finds the Notice fairly apprised the Class of the proposed settlement terms and of the options open to them…The Court finds the Notice was the best practical, and the response and claims rates are within the acceptable range for final approval.*

**Judge William M. Skretny, *Ingram v. Jamestown Import Auto Sales, Inc. d/b/a Kia of Jamestown*** (June 13, 2023) 1:22-cv-00309 (W.D.N.Y.):

*The Court finds that the distribution of the Class Notice, as provided for in the Settlement Agreement, (i) constituted the best practicable notice under the circumstances to Settlement Class Members, (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of, among other things, the pendency of the Action, the nature and terms of the proposed Settlement, and their right to exclude themselves from the proposed Settlement, and their right to appear at the Final Approval Hearing, (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice, and (iv) complied fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable law. (b) The Court finds that the requirements of the Class Action Fairness Act, 28 U.S.C. § 1715, et seq ("CAFA"), including all notice requirements therein, have been met.*

**Judge Jesse M. Furman, *Dickens et al. v. Thinx, Inc.*** (June 8, 2023 1:22-cv-04286 (S.D.N.Y.):

*The form and methods of notifying the Settlement Class of the terms and conditions of the proposed Settlement Agreement met the requirements of Fed R. Civ. P. 23, due process, and any other applicable law, and constituted the best notice practicable under the circumstances. Further, the settlement administrator, Epiq, on behalf of Defendant, caused timely notice of the Settlement and related materials to be sent to the Attorney General of the United States and the Attorneys General of all U.S. states, territories, and the District of Columbia pursuant to the Class Action Fairness Act of 2005 ("CAFA"). The Court finds that such notification complies fully with the applicable requirements of CAFA.*

**Judge Ed Kinkeade, *Kostka et al. v. Dickey's Barbecue Restaurants, Inc. et al.*** (June 6, 2023) 3:20-cv-03424 (N.D. Tex.):

*The Court has determined that the Notice given to the Settlement Class members in accordance with the Preliminary Approval Order fully and accurately informed Settlement Class members of all material terms of the Settlement and constituted the best notice practicable under the circumstances, and fully satisfied the requirements of Fed. R. Civ. P. 23, applicable law, and the due process clause of the U.S. Constitution.*



# Judicial Quotes

**Judge James C. Dever, III,** *Silva et al v. Connected Investors, Inc.* (June 2, 2023) 7:21-cv-00074 (E.D.N.C.):

*The Court finds that the distribution of the Class Notice...(i) constituted the best practicable notice under the circumstances to Settlement Class Members, (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of, among other things, the pendency of the Action, the nature and terms of the proposed Settlement, their right to object or to exclude themselves from the proposed Settlement, and their right to appear at the Final Approval Hearing, (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice, and (iv) complied fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable law.*

**Judge Charles S. Treat,** *Service et al. v Volkswagen Group of America et al.* (May 31, 2023) c22-01841 (Sup. Ct. Cal. Cnty. of Contra Costa):

*Class Notice was provided to the Class in accordance with the Preliminary Approval Order and satisfied the requirements of due process, California Code of Civil Procedure section 382 and rule 3.766 of the California Rules of Court and: (a) provided the best notice practicable; and (b) was reasonably calculated under the circumstances to apprise Settlement Class Members of the pendency of the Action, the terms of the settlement, their right to appear at the Final Approval Hearing, their right to object to the settlement, and their right to exclude themselves from the settlement. The Court finds that the Notice Plan set forth in the SA and effectuated pursuant to the Preliminary Approval Order constitutes the best notice practicable under the circumstances and shall constitute due and sufficient notice to the Settlement Class of the pendency of the Action, certification of the Settlement Class, the terms of the SA, and the Final Approval Hearing, and satisfies the requirements of California law and due process of law.*

**Judge Erin B. O'Connell,** *McCullough v. True Health New Mexico, Inc.* (May 30, 2023) d-202-cv-2021-06816 (2nd Dist. Ct, N.M):

*The Court has determined that the Notice given to the Settlement Class members in accordance with the Preliminary Approval Order fully and accurately informed Settlement Class members of all material terms of the Settlement and constituted the best notice practicable under the circumstances, and fully satisfied the requirements of Rule 1-023, applicable law, and the due process clauses of both the U.S. and New Mexico Constitutions.*

**Judge Greg Hill,** *Meier v. Prosperity Bank* (May 23, 2023) 109569-CV (239th Jud. Dist., Brazoria Cnty., Tex.):

*The Court finds that Notice to the Settlement Class was the best notice practicable and complied with the requirements of Due Process, and that the Notice Program was completed in compliance with the Preliminary Approval Order and the Agreement.*

**Judge Thomas L. Ludington,** *Thomsen et al. v. Morley Cos, Inc.* (May 12, 2023) 1:22-cv-10271 (E.D. Mich.):

*Class notice was sent as ordered, the time for objections passed, and a final-approval hearing was held to determine whether the Agreement is "fair, reasonable, and adequate" under Rule 23(e)(2) on April 19, 2023...In sum, the Settlement Agreement and Class Notice satisfy all the relevant factors.*

**Judge Roseann A. Ketchmark,** *Rogowski et al. v. State Farm Life Insurance Company et al.* (April 18, 2023) 4:22-cv-00203 (W.D. Mo.):

*[T]he Court confirms the Class Notice was implemented in accordance with the Court's December 16, 2022 preliminary approval order.... The Court further confirms its prior findings that the form and substance of the notice meet, and have met, the requirements of Rule 23(c) and the Due Process Clause of the United States Constitution.*

**Judge Gregory W. Pollack,** *In re Scripps Health Data Incident Litigation* (April 7, 2023) 37-2021-00024103 (Sup. Ct. Cal. Cnty. of San Diego):

*The Court finds that...Notice (i) was reasonable and constituted the best practicable notice under the circumstances; (ii) was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, the terms of the Settlement including its release of Released Claims, their right to exclude themselves from the Settlement Class or object to all or any part of the Settlement, their right to appear at the Final Approval Hearing (either on their own or through counsel*

# Judicial Quotes

*hired at their own expense), and the binding effect of final approval of the Settlement on all persons who do not exclude themselves from the Settlement Class; (iii) constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) fully satisfied the requirements of California Code of Civil Procedure § 382, the United States Constitution (including the Due Process Clause), and any other applicable law.*

**Judge Christopher C. Conner,** *Chapman v. Insight Global LLC.* (April 6, 2023) 1:21-cv-00824 (M.D. Penn.):

*The Court finds that the distribution of the mail and publication Notices to Class Members as set forth in the Declaration of Claims Administrator was in compliance with the Court's October 27, 2022 Order approving the proposed class notices and notice plan, and that notice has been given in an adequate and sufficient manner; constitutes the best notice practicable under the circumstances; and satisfies Federal Rule of Civil Procedure 23 and due process...Defendant has provided notice of the settlement to the appropriate government officials pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.*

**Judge William P. Dimitrouleas,** *South et al. v. Progressive Select Insurance Company* (March 31, 2023) 19-21760-CIV (S.D. Fla.):

*The Notice program was the best notice practicable under the circumstances. The Notice program provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Agreement, to all persons entitled to such notice and said Notice fully satisfied the requirements of the Federal Rules of Civil Procedure and the United States Constitution, which include the requirement of due process.*

**Judge Douglas R. Cole,** *Middleton et al. v. Liberty Mutual Personal Insurance Company et al.* (Mar. 15, 2023) 1:20-cv-00668 (S.D. Ohio):

The Court hereby finds that the Notice Plan and the Class Notice constituted the best notice practicable under the circumstances, and constituted valid, due and sufficient notice to members of the Settlement Classes.

**Judge Jennifer P. Wilson,** *Miller v. Bath Saver, Inc. et al.* (Mar. 6, 2023) 1:21-cv-01072 (M.D. Penn.):

*The Notice and the Notice Plan implemented pursuant to the Agreement (1) constitute the best practicable notice under the circumstances; (2) constitute notice that is reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Litigation, their right to object to or exclude themselves from the proposed Settlement, and to appear at the Final Approval Hearing; (3) are reasonable and constitute due, adequate, and sufficient notice to all Persons entitled to receive notice; and (4) meet all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and the rules of the Court.*

**Judge David O. Carter,** *In re California Pizza Kitchen Data Breach Litigation* (Feb. 22, 2023) 8:21-cv-01928 (C.D. Cal.):

*The Court finds that the Class Notice plan provided for in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order: (i) was the best notice practicable under the circumstances; (ii) was reasonably calculated to provide, and did provide due and sufficient notice to the Settlement Class regarding the existence and nature of the Consolidated Cases, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement Agreement, and the rights of Settlement Class members to exclude themselves from the settlement, to object and appear at the Final Approval Hearing, and to receive benefits under the Settlement Agreement; and (iii) satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and all other applicable law.*

**Judge David Knutson,** *Duggan et al. v. Wings Financial Credit Union* (Feb. 3, 2023) 19AV-cv-20-2163 (Dist. Ct., Dakota Cnty., Minn.):

*The Court finds that notice of the Settlement to the Class was the best notice practicable and complied with the requirements of Due Process.*

**Judge Clarence M. Darrow,** *Rivera v. IH Mississippi Valley Credit Union* (Jan. 26, 2023) 2019 CH 299 (Cir. Ct 14th Jud. Cir., Rock Island Cnty., Ill.):

*The Court finds that the distribution of the Notices and the notice methodology were properly*



*implemented in accordance with the terms of the Settlement Agreement and the Preliminary Approval Order. The Court further finds that the Notice was simply written and readily understandable and Class members have received the best notice practicable under the circumstances of the pendency of this action, their right to opt out, their right to object to the settlement, and all other relevant matters. The notices provided to the class met all requirements of due process, 735 ILCS 5/8-2001, et seq., and any other applicable law.*

**Judge Andrew M. Lavin,** *Brower v. Northwest Community Credit Union* (Jan. 18, 2023) 20CV38608 (Ore. Dist. Ct. Multnomah Cnty.):

*This Court finds that the distribution of the Class Notice was completed in accordance with the Preliminary Approval/Notice Order, signed September 8, 2022, was made pursuant to ORCP 32 D, and fully met the requirements of the Oregon Rules of Civil Procedure, due process, the United States Constitution, the Oregon Constitution, and any other applicable law.*

**Judge Gregory H. Woods,** *Torretto et al. v. Donnelley Financial Solutions, Inc. and Mediant Communications, Inc.* (Jan. 5, 2023) 1:20-cv-02667 (S.D.N.Y.):

*The Court finds that the notice provided to the Class Members was the best notice practicable under the circumstances, and that it complies with the requirements of Rule 23(c)(2).*

**Judge Ledricka Thierry,** *Opelousas General Hospital Authority v. Louisiana Health Service & Indemnity Company d/b/a Blue Cross and Blue Shield of Louisiana* (Dec. 21, 2022) 16-C-3647 (27th Jud. D. Ct. La.):

*Notice given to Class Members and all other interested parties pursuant to this Court's order of October 31, 2022, was reasonably calculated to apprise interested parties of the pendency of the action, the certification of the Class as defined, the terms of the Settlement Agreement, Class Members rights to be represented by private counsel, at their own costs, and Class Members' rights to appear in Court to have their objections heard, and to afford persons or entities within the Class definition an opportunity to exclude themselves from the Class. Such notice complied with all requirements of the federal and state constitutions, including the Due Process Clause, and applicable articles of the Louisiana Code of Civil Procedure, and constituted the best notice practicable under the circumstances and constituted due and sufficient notice to all potential members of the Class as defined..."*

**Judge Dale S. Fischer,** *DiFlauro et al. v. Bank of America, N.A.* (Dec. 19, 2022) 2:20-cv-05692 (C.D. Cal.):

*The form and means of disseminating the Class Notice as provided for in the Order Preliminarily Approving Settlement and Providing for Notice constituted the best notice practicable under the circumstances, including individual notice to all Members of the Class who could be identified through reasonable effort. Said Notice provided the best notice practicable under the circumstances of the proceedings and the matters set forth therein, including the proposed Settlement set forth in the Agreement, to all persons entitled to such notice, and said Notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and complied with all laws, including, but not limited to, the Due Process Clause of the United States Constitution.*

**Judge Stephen R. Bough,** *Browning et al. v. Anheuser-Busch, LLC* (Dec. 19, 2022) 4:20-cv-00889 (W.D. Mo.):

*The Court has determined that the Notice given to the Classes, in accordance with the Notice Plan in the Settlement Agreement and the Preliminary Approval Order, fully and accurately informed members of the Classes of all material elements of the Settlement and constituted the best notice practicable under the circumstances, and fully satisfied the requirements of due process, Federal Rule of Civil Procedure 23, and all applicable law. The Court further finds that the Notice given to the Classes was adequate and reasonable.*

**Judge Robert E. Payne,** *Haney et al. v. Genworth Life Insurance Co. et al.* (Dec. 12, 2022) 3:22-cv-00055 (E.D. Va.):

*The Court preliminarily approved the Amended Settlement Agreement on July 7, 2022, and directed that notice be sent to the Class. ECF No. 34. The Notice explained the policy election options afforded to class members, how they could communicate with Class Counsel about the Amended Settlement Agreement, their rights and options thereunder, how they could examine certain information on a website that was set up as part of the settlement process, and their right to object to the proposed settlement and opt out*



## Judicial Quotes

*of the proposed case. Class members were also informed that they could contact independent counsel of their choice for advice.*

*In assessing the adequacy of the Notice, as well as the fairness of the settlement itself, it is important that, according to the record, as of November 1, 2022, the Notice reached more than 99% of the more than 352,000 class members. All things considered, the Notice is adequate under the applicable law....*

**Judge Danielle Viola,** *Dearing v. Magellan Health, Inc. et al.* (Dec. 5, 2022) CV2020-013648 (Sup. Ct. Cnty. Maricopa, Ariz.):

*The Court finds that the Notice to the Settlement Class fully complied with the requirements of the Arizona Rules of Civil Procedure and due process, has constituted the best notice practicable under the circumstances, was reasonably calculated to provide, and did provide, due and sufficient notice to Settlement Class Members regarding the existence and nature of the Litigation, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement Agreement, the rights of Settlement Class Members to exclude themselves from or object to the Settlement, the right to appear at the Final Fairness Hearing, and to receive benefits under the Settlement Agreement.*

**Judge Michael A. Duddy,** *Churchill et al. v. Bangor Savings Bank* (Dec. 5, 2022) BCD-CIV-2021-00027 (Maine Bus. & Consumer Ct.):

*The Class Notice provided to the Settlement Class in accordance with the Preliminary Approval Order was the best notice practicable under the circumstances, and constituted due and sufficient notice of the proceedings and matters set forth therein, to all persons entitled to notice.*

**Judge Andrew Schulman,** *Guthrie v. Service Federal Credit Union* (Nov. 22, 2022) 218-2021-CV-00160 (Sup. Ct. Rockingham Cnty., N.H.):

*The notice given to the Settlement Class of the Settlement and the other matters set forth therein was the best notice practicable under the circumstances, including individual notice to all Settlement Class Members who could be identified through reasonable effort. Said notice provided due and adequate notice of these proceedings and of the matters set forth in the Agreement, including the proposed Settlement, to all Persons entitled to such notice, and said notice fully satisfied the requirements of New Hampshire law and due process.*

**Judge Charlene Edwards Honeywell,** *Stoll et al. v. Musculoskeletal Institute, Chartered d/b/a Florida Orthopaedic Institute* (Nov. 14, 2022) 8:20-cv-01798 (M.D. Fla):

*The Court finds and determines that the Notice Program, preliminarily approved on May 16, 2022, and implemented on June 15, 2022, constituted the best notice practicable under the circumstances, constituted due and sufficient notice of the matters set forth in the notices to all persons entitled to receive such notices, and fully satisfies the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1715, and all other applicable laws and rules. The Notice Program involved direct notice via e-mail and postal mail providing details of the Settlement, including the benefits available, how to exclude or object to the Settlement, when the Final Fairness Hearing would be held, and how to inquire further about details of the Settlement. The Court further finds that all of the notices are written in plain language and are readily understandable by Class Members. The Court further finds that notice has been provided to the appropriate state and federal officials in accordance with the requirements of the Class Action Fairness Act, 28 U.S.C. § 1715, drawing no objections.*

**Judge Thomas W. Thrash, Jr.,** *Callen v. Daimler AG and Mercedes-Benz USA, LLC* (Nov. 7, 2022) 1:19-cv-01411 (N.D. Ga.):

*The Court finds that notice was given in accordance with the Preliminary Approval Order (Dkt. No. 79), and that the form and content of that Notice, and the procedures for dissemination thereof, afforded adequate protections to Class Members and satisfy the requirements of Rule 23(e) and due process and constitute the best notice practicable under the circumstances.*



# Judicial Quotes

**Judge Mark Thomas Bailey,** *Snyder et al. v. The Urology Center of Colorado, P.C.* (Oct. 30, 2022) 2021CV33707 (2nd Dist. Ct, Cnty. of Denver Col.):

*The Court finds that the Notice Program, set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order: (i) was the best notice practicable under the circumstances; (ii) was reasonably calculated to provide, and did provide, due and sufficient notice to the Settlement Class regarding the existence and nature of the Litigation, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement Agreement, and the rights of Settlement Class Members to exclude themselves from the Settlement, to object and appear at the Final Approval Hearing, and to receive benefits under the Settlement Agreement; and (iii) satisfied the requirements of the Colorado Rules of Civil Procedure, the United States Constitution, and all other applicable law.*

**Judge Amy Berman Jackson,** *In re U.S. Office of Personnel Management Data Security Breach Litigation* (Oct. 28, 2022) MDL No. 2664, 15-cv-01394 (D.D.C.):

*The Court finds that notice of the Settlement was given to Class Members in accordance with the Preliminary Approval Order, and that it constituted the best notice practicable of the matters set forth therein, including the Settlement, to all individuals entitled to such notice. It further finds that the notice satisfied the requirements of Federal Rule of Civil Procedure 23 and of due process.*

**Judge John R. Tunheim,** *In re Pork Antitrust Litigation (Commercial and Institutional Indirect Purchaser Actions - CIIPPs)* **(Smithfield Foods, Inc.)** (Oct. 19, 2022) 18-cv-01776 (D. Minn.):

*The notice given to the Settlement Class, including individual notice to all members of the Settlement Class who could be identified through reasonable effort, was the most effective and practicable under the circumstances. This notice provided due and sufficient notice of the proceedings and of the matters set forth therein, including the proposed settlement, to all persons entitled to such notice, and this notice fully satisfied the requirements of Rules 23(c)(2) and 23(e)(1) of the Federal Rules of Civil Procedure and the requirements of due process.*

**Judge Harvey E. Schlesinger,** *In re Disposable Contact Lens Antitrust Litigation* **(Alcon Laboratories, Inc. and Johnson & Johnson Vision Care, Inc.)** (Oct. 12, 2022) 3:15-md-02626 (M.D. Fla):

*The Court finds that the dissemination of the Notice: (a) was implemented in accordance with the Preliminary Approval Order; (b) constitutes the best notice practicable under the circumstances; (c) constitutes notice that was reasonably calculated, under the circumstances, to apprise the Settlement Classes of (i) the pendency of the Action; (ii) the effect of the Settlement Agreements (including the Releases to be provided thereunder); (iii) Class Counsel's possible motion for an award of attorneys' fees and reimbursement of expenses; (iv) the right to object to any aspect of the Settlement Agreements, the Plan of Distribution, and/or Class Counsel's motion for attorneys' fees and reimbursement of expenses; (v) the right to opt out of the Settlement Classes; and (vi) the right to appear at the Fairness Hearing; (d) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the Settlement Agreements; and (e) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure and the United States Constitution (including the Due Process Clause).*

**Judge George H. Wu,** *Hameed-Bolden et al. v. Forever 21 Retail, Inc. et al.* (Oct. 11, 2022) 2:18-cv-03019 (C.D. Cal):

*[T]he Court finds that the Notice and notice methodology implemented pursuant to the Settlement Agreement and the Court's Preliminary Approval Order: (a) constituted methods that were reasonably calculated to inform the members of the Settlement Class of the Settlement and their rights thereunder; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the litigation, their right to object to the Settlement, and their right to appear at the Final Approval Hearing; (c) were reasonable and constituted due, adequate and sufficient notice to all persons entitled to notice; and (d) met all applicable requirements of the Federal Rules of Civil Procedure, and any other applicable law.*



## Judicial Quotes

**Judge Robert M. Dow, Jr.,** *In re fairlife Milk Products Marketing and Sales Practices Litigation* (Sept. 28, 2022) MDL No. 2909, 1:19-cv-03924 (N.D. Ill.):

*The Court finds that the Class Notice Program implemented pursuant to the Settlement Agreement and the Order preliminarily approving the Settlement … (i) constituted the best practicable notice, (ii) constituted notice that was reasonably calculated under the circumstances to apprise Settlement Class Members of the pendency of the Litigation, of their right to object to or exclude themselves from the proposed Settlement, of their right to appear at the Fairness Hearing, and of their right to seek monetary and other relief, (iii) constituted reasonable, due, adequate, and sufficient notice to all persons entitled to receive notice, and (iv) met all applicable requirements of due process and any other applicable law.*

**Judge Ethan P. Schulman,** *Rodan & Fields LLC; Gorzo et al. v. Rodan & Fields, LLC* (Sept. 28, 2022) CJC-18-004981, CIVDS 1723435 & CGC-18-565628 (Sup. Ct. Cnty. of San Bernadino, Cal. & Sup. Ct. Cnty. of San Francisco, Cal.):

*The Court finds the Full Notice, Email Notice, Postcard Notice, and Notice of Opt-Out (collectively, the "Notice Packet") and its distribution to Class Members have been implemented pursuant to the Agreement and this Court's Preliminary Approval Order. The Court also finds the Notice Packet: a) Constitutes notice reasonably calculated to apprise Class Members of: (i) the pendency of the class action lawsuit; (ii) the material terms and provisions of the Settlement and their rights; (iii) their right to object to any aspect of the Settlement; (iv) their right to exclude themselves from the Settlement; (v) their right to claim a Settlement Benefit; (vi) their right to appear at the Final Approval Hearing; and (vii) the binding effect of the orders and judgment in the class action lawsuit on all Participating Class Members; b) Constitutes notice that fully satisfied the requirements of Code of Civil Procedure section 382, California Rules of Court, rule 3.769, and due process; c) Constitutes the best practicable notice to Class Members under the circumstances of the class action lawsuit; and d) Constitutes reasonable, adequate, and sufficient notice to Class Members.*

**Judge Anthony J. Trenga,** *In re Capital One Customer Data Security Breach Litigation* (Sept. 13, 2022) MDL No. 1:19-md-2915, 1:19-cv-02915 (E.D. Va.):

*Pursuant to the Court's direction, the Claims Administrator appointed by the Court implemented a robust notice program … The Notice Plan has been successfully implemented and reached approximately 96 percent of the Settlement Class by the individual notice efforts alone…. Targeted internet advertising and extensive news coverage enhanced public awareness of the Settlement.*

*The Court finds that the Notice Program has been implemented by the Settlement Administrator and the Parties in accordance with the requirements of the Settlement Agreement, and that such Notice Program, including the utilized forms of Notice, constitutes the best notice practicable under the circumstances and satisfies due process and the requirements of Rule 23 of the Federal Rules of Civil Procedure. The Court finds that the Settlement Administrator and Parties have complied with the directives of the Order Granting Preliminary Approval of Class Action Settlement and Directing Notice of Proposed Settlement and the Court reaffirms its findings concerning notice ….*

**Judge Evelio Grillo,** *Aseltine v. Chipotle Mexican Grill, Inc.* (Sept. 13, 2022) RG21088118 (Cir. Ct. Cal. Alameda Cnty.):

*The proposed class notice form and procedure are adequate. The email notice is appropriate given the amount at issue for each member of the class.*

**Judge David S. Cunningham,** *Muransky et al. v. The Cheesecake Factory et al.* (Sept. 9, 2022) 19 stcv 43875 (Sup. Ct. Cal. Cnty. of Los Angeles):

*The record shows that Class Notice has been given to the Settlement Class in the manner approved by the Court in its Preliminary Approval Order. The Court finds that such Class Notice: (i) constitutes reasonable and the best notice that is practicable under the circumstances; (ii) constitutes notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the terms of the Agreement and the Class Settlement set forth in the Agreement ("Class Settlement"), and the right of Settlement Class Members to object to or exclude themselves from the Settlement Class and appear at the Fairness Hearing held on May 20, 2022; (iii) constitutes due, adequate, and sufficient notice to all person or entities entitled to*



## Judicial Quotes

*receive notice; and (iv) meets the requirements of due process, California Code of Civil Procedure § 382, and California Rules of Court, Rules 3.760-3.771.*

**Judge Steven E. McCullough,** *Fallis et al. v. Gate City Bank* (Sept. 9, 2022) 09-2019-cv-04007 (East Cent. Dist. Ct. Cass Cnty. N.D.):

*The Courts finds that the distribution of the Notices and the Notice Program were properly implemented in accordance with N.D. R. Civ. P. 23, the terms of the Agreement, and the Preliminary Approval Order. The Court further finds that the Notice was simply written and readily understandable and that the Notice (a) constitutes the best notice practicable under the circumstances; (b) constitutes notice that was reasonably calculated, under the circumstances, to apprise the Settlement Classes of the Agreement and their right to exclude themselves or object to the Agreement and to appear at the Final Approval Hearing; (c) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to notice; and (d) meets all applicable requirements of North Dakota law and any other applicable law and due process requirements.*

**Judge Susan N. Burke,** *Mayo v. Affinity Plus Federal Credit Union* (Aug. 29, 2022) 27-cv-20-11786 (4th Jud. Dist. Ct. Minn.):

*The Court finds that Notice to the Settlement Class was the best notice practicable and complied with the requirements of Due Process, and that the Notice Program was completed in compliance with the Preliminary Approval Order and the Agreement.*

**Judge Paul A. Engelmayer,** *In re Morgan Stanley Data Security Litigation* (Aug. 5, 2022) 1:20-cv-05914 (S.D.N.Y.):

*The Court finds that the emailed and mailed notice, publication notice, website, and Class Notice plan implemented pursuant to the Settlement Agreement and Judge Analisa Torres' Preliminary Approval Order: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of this Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of their right to exclude themselves from or object to the proposed Settlement, of their right to appear at the Fairness Hearing, of the Claims Process, and of Class Counsel's application for an award of attorneys' fees, for reimbursement of expenses associated with the Action, and any Service Award; (d) provided a full and fair opportunity to all Settlement Class Members to be heard with respect to the foregoing matters; (e) constituted due, adequate and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (f) met all applicable requirements of Rule 23 of the Federal Rule of Civil Procedure, the United States Constitution, including the Due Process Clause, and any other applicable rules of law.*

**Judge Denise Page Hood,** *Bleachtech L.L.C. v. United Parcel Service Co.* (July 20, 2022) 14-cv-12719 (E.D. Mich.):

*The Settlement Class Notice Program, consisting of, among other things, the Publication Notice, Long Form Notice, website, and toll-free telephone number, was the best notice practicable under the circumstances. The Notice Program provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed settlement set forth in the Settlement Agreement, to all persons entitled to such notice and said notice fully satisfied the requirements of the Federal Rules of Civil Procedure and the United States Constitution, which include the requirement of due process.*

**Judge Robert E. Payne,** *Skochin et al. v. Genworth Life Insurance Company et al.* (June 29, 2022) 3:21-cv-00019 (E.D. Va.):

*The Court finds that the plan to disseminate the Class Notice and Publication Notice the Court previously approved has been implemented and satisfies the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process. The Class Notice, which the Court approved, clearly defined the Class and explained the rights and obligations of the Class Members. The Class Notice explained how to obtain benefits under the Settlement, and how to contact Class Counsel and the Settlement Administrator. The Court appointed Epiq Class Action & Claims Solutions, Inc. ("Epiq") to fulfill the Settlement Administrator duties and disseminate the Class Notice and Publication Notice. The Class Notice and Publication Notice permitted Class Members to access information and documents about the case to inform their decision about whether to opt out of or object to the Settlement.*



# Judicial Quotes

**Judge Fernando M. Olguin,** *Johnson v. Moss Bros. Auto Group, Inc. et al.* (June 24, 2022) 5:19-cv-02456 (C.D. Cal.):

*Here, after undertaking the required examination, the court approved the form of the proposed class notice. (See Dkt. 125, PAO at 18-21). As discussed above, the notice program was implemented by Epiq. (Dkt. 137-3, Azari Decl. at ¶¶ 15-23 & Exhs. 3-4 (Class Notice)). Accordingly, based on the record and its prior findings, the court finds that the class notice and the notice process fairly and adequately informed the class members of the nature of the action, the terms of the proposed settlement, the effect of the action and release of claims, the class members' right to exclude themselves from the action, and their right to object to the proposed settlement....*

**Judge Harvey E. Schlesinger,** *Beiswinger v. West Shore Home, LLC* (May 25, 2022) 3:20-cv-01286 (M.D. Fla.):

*The Notice and the Notice Plan implemented pursuant to the Agreement (1) constitute the best practicable notice under the circumstances; (2) constitute notice that is reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Litigation, their right to object to or exclude themselves from the proposed Settlement, and to appear at the Final Approval Hearing; (3) are reasonable and constitute due, adequate, and sufficient notice to all Persons entitled to receive notice; and (4) meet all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and the rules of the Court.*

**Judge Scott Kording,** *Jackson v. UKG Inc., f/k/a The Ultimate Software Group, Inc.* (May 20, 2022) 2020L0000031 (Cir. Ct. of McLean Cnty., Ill.):

*The Court has determined that the Notice given to the Settlement Class Members, in accordance with the Preliminary Approval Order, fully and accurately informed Settlement Class Members of all material elements of the Settlement, constituted the best notice practicable under the circumstances, and fully satisfied the requirements of 735 ILCS 5/2-803, applicable law, and the Due Process Clauses of the U.S. Constitution and Illinois Constitution.*

**Judge Denise J. Casper,** *Breda v. Cellco Partnership d/b/a Verizon Wireless* (May 2, 2022) 1:16-cv-11512 (D. Mass.):

*The Court hereby finds Notice of Settlement was disseminated to persons in the Settlement Class in accordance with the Court's preliminary approval order, was the best notice practicable under the circumstances, and that the Notice satisfied Rule 23 and due process.*

**Judge William H. Orrick,** *Maldonado et al. v. Apple Inc. et al.* (Apr. 29, 2022) 3:16-cv-04067 (N.D. Cal.):

*[N]otice of the Class Settlement to the Certified Class was the best notice practicable under the circumstances. The notice satisfied due process and provided adequate information to the Certified Class of all matters relating to the Class Settlement, and fully satisfied the requirements of Federal Rules of Civil Procedure 23(c)(2) and (e)(1).*

**Judge Laurel Beeler,** *In re Zoom Video Communications, Inc. Privacy Litigation* (Apr. 21, 2022) 20-cv-02155 (N.D. Cal.):

*Between November 19, 2021, and January 3, 2022, notice was sent to 158,203,160 class members by email (including reminder emails to those who did not submit a claim form) and 189,003 by mail. Of the emailed notices, 14,303,749 were undeliverable, and of that group, Epiq mailed notice to 296,592 class members for whom a physical address was available. Of the mailed notices, efforts were made to ensure address accuracy and currency, and as of March 10, 2022, 11,543 were undeliverable. In total, as of March 10, 2022, notice was accomplished for 144,242,901 class members, or 91% of the total. Additional notice efforts were made by newspaper ... social media, sponsored search, an informational release, and a Settlement Website. Epiq and Class Counsel also complied with the court's prior request that best practices related to the security of class member data be implemented.*

*[T]he Settlement Administrator provided notice to the class in the form the court approved previously. The notice met all legal prerequisites: it was the best notice practicable, satisfied the requirements of Rule 23(c)(2), adequately advised class members of their rights under the settlement agreement, met the requirements of due process, and complied with the court's order regarding court notice. The forms of notice fairly, plainly, accurately, and reasonably provided class members with all required information ....*



# Judicial Quotes

**Judge Federico A. Moreno, *In re Takata Airbag Products Liability Litigation* (Volkswagen)** (Mar. 28, 2022) MDL No. 2599 (S.D. Fla.):

*[T]he Court finds that the Class Notice has been given to the Class in the manner approved by the Court in its Preliminary Approval Order ... The Court finds that such Class Notice: (i) is reasonable and constitutes the best practicable notice to Class Members under the circumstances; (ii) constitutes notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action and the terms of the Settlement Agreement, their right to exclude themselves from the Class or to object to all or any part of the Settlement Agreement, their right to appear at the Fairness Hearing (either on their own or through counsel hired at their own expense) and the binding effect of the orders and Final Order and Final Judgment in the Action, whether favorable or unfavorable, on all persons and entities who or which do not exclude themselves from the Class; (iii) constitutes due, adequate, and sufficient notice to all persons or entities entitled to receive notice; and (iv) fully satisfied the requirements of the United States Constitution (including the Due Process Clause), FED. R. CIV. P. 23 and any other applicable law as well as complying with the Federal Judicial Center's illustrative class action notices.*

**Judge James Donato, *Pennington et al. v. Tetra Tech, Inc. et al.* (Mar. 28, 2022) 3:18-cv-05330 (N.D. Cal.):**

*On the Rule 23(e)(1) notice requirement, the Court approved the parties' notice plan, which included postcard notice, email notice, and a settlement website. Dkt. No. 154. The individual notice efforts reached an impressive 100% of the identified settlement class. Dkt. No. 200-223. The Court finds that notice was provided in the best practicable manner to class members who will be bound by the proposal. Fed. R. Civ. P. 23(e)(1).*

**Judge Edward J. Davila, *Cochran et al. v. The Kroger Co. et al.* (Mar. 24, 2022) 5:21-cv-01887 (N.D. Cal.):**

*The Court finds that the dissemination of the Notices: (a) was implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that is appropriate, in a manner, content, and format reasonably calculated, under the circumstances, to apprise Settlement Class Members ...; (d) constituted due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Constitution of the United (including the Due Process Clause), and all other applicable laws and rules.*

**Judge Sunshine Sykes, *In re Renovate America Finance Cases* (Mar. 4, 2022) RICJCCP4940 (Sup. Ct. of Cal., Riverside Cnty.):**

*The Court finds that notice previously given to Class Members in the Action was the best notice practicable under the circumstances and satisfies the requirements of due process ...The Court further finds that, because (a) adequate notice has been provided to all Class Members and (b) all Class Members have been given the opportunity to object to, and/or request exclusion from, the Settlement, the Court has jurisdiction over all Class Members.*

**Judge David O. Carter, *Fernandez v. Rushmore Loan Management Services LLC* (Feb. 14, 2022) 8:21-cv-00621 (C. D. Cal.):**

*Notice was sent to potential Class Members pursuant to the Settlement Agreement and the method approved by the Court. The Class Notice adequately describes the litigation and the scope of the involved Class. Further, the Class Notice explained the amount of the Settlement Fund, the plan of allocation, that Plaintiff's counsel and Plaintiff will apply for attorneys' fees, costs, and a service award, and the Class Members' option to participate, opt out, or object to the Settlement. The Class Notice consisted of direct notice via USPS, as well as Settlement Website where Class Members could view the Long Form Notice.*

**Judge Otis D. Wright, II, *In re Toll Roads Litigation* (Feb. 11, 2022) 8:16-cv-00262 (C. D. Cal.):**

*The Class Administrator provided notice to members of the Settlement Classes in compliance with the Agreements, due process, and Rule 23. The notice: (i) fully and accurately informed class members about the lawsuit and settlements; (ii) provided sufficient information so that class members were able to decide whether to accept the benefits offered, opt-out and pursue their own remedies, or object to the proposed settlements; (iii) provided procedures for class members to file written objections to the proposed settlements, to appear at the hearing, and to state objections to the proposed settlements; and (iv) provided the time, date, and place of the final fairness hearing. The Court finds that the Notice provided to the Classes*

epiq
legal noticing℠

## Judicial Quotes

*pursuant to the Settlement Agreements and the Preliminary Approval Order and consisting of individual direct postcard and email notice, publication notice, settlement website, and CAFA notice has been successful and (i) constituted the best practicable notice under the circumstances; (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, their right to object to the Settlements or exclude themselves from the Classes, and to appear at the Final Approval Hearing; (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) otherwise met all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and the rules of the Court.*

**Judge Virginia M. Kendall,** *In re Turkey Antitrust Litigations* **(Commercial and Institutional Indirect Purchaser Plaintiffs' Action)** *Sandee's Bakery d/b/a Sandee's Catering Bakery & Deli et al. v. Agri Stats, Inc.* (Feb. 10, 2022) 1:19-cv-08318 (N.D. Ill.):

*The notice given to the Settlement Class, including individual notice all members of the Settlement Class who could be identified through reasonable efforts, was the most effective and practicable under the circumstances. This notice provided due and sufficient notice of proceedings and of the matters set forth therein, including the proposed Settlement, to all persons entitled to such notice, and this notice fully satisfied the requirements of Rules 23(c)(2) and 23(e)(1) of the Federal Rules of Civil Procedure and the requirements of due process.*

**Judge Beth Labson Freeman,** *Ford et al. v. [24]7.ai, Inc.* (Jan. 28, 2022) 5:18-cv-02770 (N.D. Cal.):

*The Court finds that the manner and form of notice (the "Notice Program") set forth in the Settlement Agreement was provided to Settlement Class Members. The Court finds that the Notice Program, as implemented, was the best practicable under the circumstances. The Notice Program was reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Action, class certification, the terms of the Settlement, and their rights to opt-out of the Settlement Class and object to the Settlement, Class Counsel's fee request, and the request for Service Award for Plaintiffs. The Notice and notice program constituted sufficient notice to all persons entitled to notice. The Notice and notice program satisfy all applicable requirements of law, including, but not limited to, Federal Rule of Civil Procedure 23 and the constitutional requirement of due process.*

**Judge Terrence W. Boyle,** *Abramson et al. v. Safe Streets USA LLC et al.* (Jan. 12, 2022) 5:19-cv-00394 (E.D.N.C.):

*Notice was provided to Settlement Class Members in compliance with Section 4 of the Settlement Agreement, due process, and Rule 23 of the Federal Rules of Civil Procedure. The notice: (a) fully and accurately informed Settlement Class Members about the Actions and Settlement Agreement; (b) provided sufficient information so that Settlement Class Members could decide whether to accept the benefits offered, opt-out and pursue their own remedies, or object to the settlement; (c) provided procedures for Settlement Class Members to submit written objections to the proposed settlement, to appear at the hearing, and to state objections to the proposed settlement; and (d) provided the time, date, and place of the Final Approval Hearing.*

**Judge Joan B. Gottschall,** *Mercado et al. v. Verde Energy USA, Inc.* (Dec. 17, 2021) 1:18-cv-02068 (N.D. Ill.):

*Epiq mailed and emailed notice to the Class on October 1, 2021. Therefore, direct notice was sent and delivered successfully to the vast majority of Class Members. The Class Notice, together with all included and ancillary documents thereto, complied with all the requirements of Rule 23(c)(2)(B) and fairly, accurately, and reasonably informed members of the Class of: (a) appropriate information about the nature of this Litigation, including the class claims, issues, and defenses, and the essential terms of the Settlement Agreement; (b) the definition of the Class; (c) appropriate information about, and means for obtaining additional information regarding, the lawsuit and the Settlement Agreement; (d) appropriate information about, and means for obtaining and submitting, a claim; (e) appropriate information about the right of Class Members to appear through an attorney, as well as the time, manner, and effect of excluding themselves from the Settlement, objecting to the terms of the Settlement Agreement, or objecting to Lead and Class Counsel's request for an award of attorneys' fees and costs, and the procedures to do so; (f) appropriate information about the consequences of failing to submit a claim or failing to comply with the procedures and deadline for requesting exclusion from, or objecting to, the Settlement; and (g) the binding effect of a class judgment on Class Members under Rule 23(c)(3) of the Federal Rules of Civil Procedure.*



## Judicial Quotes

*The Court finds that Class Members have been provided the best notice practicable of the Settlement and that such notice fully satisfies all requirements of applicable laws and due process.*

**Judge Patricia M. Lucas,** *Wallace v. Wells Fargo* (Nov. 24, 2021) 17CV317775 (Sup. Ct. Cal. Cnty. of Santa Clara):

*On August 29, 2021, a dedicated website was established for the settlement at which class members can obtain detailed information about the case and review key documents, including the long form notice, postcard notice, settlement agreement, complaint, motion for preliminary approval . . . As of October 18, 2021, there were 2,639 visitors to the website and 4,428 website pages presented.*

*On August 30, 2021, a toll-free telephone number was established to allow class members to call for additional information in English or Spanish, listen to answers to frequently asked questions, and request that a long form notice be mailed to them . . . As of October 18, 2021, the telephone number handled 345 calls, representing 1,207 minutes of use, and the settlement administrator mailed 30 long form notices as a result of requests made via the telephone number.*

*Also, on August 30, 2021, individual postcard notices were mailed to 177,817 class members . . . As of November 10, 2021, 169,404 of those class members successfully received notice.*

**Judge John R. Tunheim,** *In re Pork Antitrust Litigation (Commercial and Institutional Indirect Purchaser Plaintiff Action)* **(JBS USA Food Company, JBS USA Food Company Holdings)** (Nov. 18, 2021) 18-cv-01776 (D. Minn.):

*The notice given to the Settlement Class, including individual notice to all members of the Settlement Class who could be identified through reasonable effort, was the most effective and practicable under the circumstances. This notice provided due and sufficient notice of the proceedings and of the matters set forth therein, including the proposed settlement, to all persons entitled to such notice, and this notice fully satisfied the requirements of Rules 23(c)(2) and 23(e)(1) of the Federal Rules of Civil Procedure and the requirements of due process.*

**Judge H. Russel Holland,** *Coleman v. Alaska USA Federal Credit Union* (Nov. 17, 2021) 3:19-cv-00229 (D. Alaska):

*The Court approved Notice Program has been fully implemented. The Court finds that the Notices given to the Settlement Class fully and accurately informed Settlement Class Members of all material elements of the proposed Settlement and constituted valid, due, and sufficient Notice to Settlement Class Members consistent with all applicable requirements. The Court further finds that the Notice Program satisfies due process.*

**Judge A. Graham Shirley,** *Zanca et al. v. Epic Games, Inc.* (Nov. 16, 2021) 21-CVS-534 (Sup. Ct. Wake Cnty., N.C.):

*Notice has been provided to all members of the Settlement Class pursuant to and in the manner directed by the Preliminary Approval Order. The Notice Plan was properly administered by a highly experienced third-party Settlement Administrator. Proof of the provision of that Notice has been filed with the Court and full opportunity to be heard has been offered to all Parties to the Action, the Settlement Class, and all persons in interest. The form and manner of the Notice is hereby determined to have been the best notice practicable under the circumstances and to have been given full compliance with each of the requirements of North Carolina Rule of Civil Procedure 23, due process, and applicable law.*

**Judge Judith E. Levy,** *In re Flint Water Cases* (Nov. 10, 2021) 5:16-cv-10444 (E.D. Mich.):

*(1) a "Long Form Notice packet [was] mailed to each Settlement Class member … a list of over 57,000 addresses— [and] over 90% of [the mailings] resulted in successful delivery;" (2) notices were emailed "to addresses that could be determined for Settlement Class members;" and (3) the "Notice Administrator implemented a comprehensive media notice campaign." … The media campaign coupled with the mailing was intended to reach the relevant audience in several ways and at several times so that the class members would be fully informed about the settlement and the registration and objection process.*

*The media campaign included publication in the local newspaper . . . local digital banners . . . television . . . and radio spots . . . banner notices and radio ads placed on Pandora and SoundCloud; and video ads placed on YouTube . . . [T]his settlement has received widespread media attention from major news outlets nationwide.*

*Plaintiffs submitted an affidavit signed by Azari that details the implementation of the Notice plan …. The affidavit is bolstered by several documents attached to it, such as the declaration of Epiq Class Action and Claims Solutions, Inc.'s Legal Notice Manager, Stephanie J. Fiereck. Azari declared that Epiq "delivered individual notice*



*to approximately 91.5% of the identified Settlement Class" and that the media notice brought the overall notice effort to "in excess of 95%." The Court finds that the notice plan was implemented in an appropriate manner.*

*In conclusion, the Court finds that the Notice Plan as implemented, and its content, satisfies due process.*

**Judge Vince Chhabria,** *Yamagata et al. v. Reckitt Benckiser LLC* (Oct. 28, 2021) 3:17-cv-03529 (N.D. Cal.):

*The Court directed that Class Notice be given to the Class Members pursuant to the notice program proposed by the Parties and approved by the Court. In accordance with the Court's Preliminary Approval Order and the Court-approved notice program, the Settlement Administrator caused the forms of Class Notice to be disseminated as ordered. The Long-form Class Notice advised Class Members of the terms of the Settlement Agreement; the Final Approval Hearing, and their right to appear at such hearing; their rights to remain in, or opt out of, the Settlement Class and to object to the Settlement Agreement; procedures for exercising such rights; and the binding effect of this Order and accompanying Final Judgment, whether favorable or unfavorable, to the Settlement Class.*

*The distribution of the Class Notice pursuant to the Class Notice Program constituted the best notice practicable under the circumstances, and fully satisfies the requirements of Federal Rule of Civil Procedure 23, the requirements of due process, 28 U.S.C. § 1715, and any other applicable law.*

**Judge Otis D. Wright, II,** *Silveira v. M&T Bank* (Oct. 12, 2021) 2:19-cv-06958 (C.D. Cal.):

*Notice was sent to potential class members pursuant to the Settlement Agreement and the method approved by the Court. The Class Notice consisted of direct notice via USPS first class mail, as well as a Settlement Website where Class Members could view and request to be sent the Long Form Notice. The Class Notice adequately described the litigation and the scope of the involved class. Further, the Class Notice explained the amount of the Settlement Fund, the plan of allocation, that Plaintiff's counsel and Plaintiff will apply for attorneys' fees, costs, and a service award, and the class members' option to participate, opt out, or object to the settlement.*

**Judge Timothy J. Korrigan,** *Smith v. Costa Del Mar, Inc.* (Sept. 21, 2021) 3:18-cv-01011 (M.D. Fla.):

*Following preliminary approval, the settlement administrator carried out the notice program .... The settlement administrator sent a summary notice and long-form notice to all class members, sent CAFA notice to federal and state officials ... and established a website with comprehensive information about the settlement .... Email notice was sent to class members with email addresses, and postcards were sent to class members with only physical addresses .... Multiple attempts were made to contact class members in some cases, and all notices directed recipients to a website where they could access settlement information .... A paid online media plan was implemented for class members for whom the settlement administrator did not have data .... When the notice program was complete, the settlement administrator submitted a declaration stating that the notice and paid media plan reached at least seventy percent of potential class members .... [N]otices had been delivered via postcards or email to 939,400 of the 939,479 class members to whom the settlement administrator sent notice—a ninety-nine and a half percent deliverable rate....*

*Notice was disseminated in accordance with the Preliminary Approval Order .... Federal Rule of Civil Procedure 23(c)(2)(B) requires that notice be "the best notice that is practicable under the circumstances." Upon review of the notice materials ... and of Azari's Declaration ... regarding the notice program, the Court is satisfied with the way in which the notice program was carried out. Class notice fully complied with Rule 23(c)(2)(B) and due process, constituted the best notice practicable under the circumstances, and was sufficient notice to all persons entitled to notice of the settlement of this lawsuit.*

**Judge Jose E. Martinez,** *Kukorinis v. Walmart, Inc.* (Sept. 20, 2021) 1:19-cv-20592 (S.D. Fla.):

*[T]he Court approved the appointment of Epiq Class Action and Claims Solutions, Inc. as the Claims Administrator with the responsibility of implementing the notice requirements approved in the Court's Order of Approval .... The media plan included various forms of notice, utilizing national consumer print publications, internet banner advertising, social media, sponsored search, and a national informational release .... According to the Azari Declaration, the Court-approved Notice reached approximately seventy-five percent (75%) of the Settlement Class on an average of 3.5 times per Class Member ....*

*Pertinently, the Claims Administrator implemented digital banner notices across certain social media platforms, including Facebook and Instagram, which linked directly to the Settlement Website ... the digital banner notices generated approximately 522.6 million adult impressions online .... [T]he Court finds that notice was "reasonably*



## Judicial Quotes

*calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."*

**Judge Steven L. Tiscione, *Fiore et al. v. Ingenious Designs, LLC*** (Sept. 10, 2021) 1:18-cv-07124 (E.D.N.Y.):

*Following the Court's Preliminary Approval of the Settlement, the Notice Plan was effectuated by the Parties and the appointed Claims Administrator, Epiq Systems. The Notice Plan included a direct mailing to Class members who could be specifically identified, as well as nationwide notice by publication, social media and retailer displays and posters. The Notice Plan also included the establishment of an informational website and toll-free telephone number. The Court finds the Parties completed all settlement notice obligations imposed in the Order Preliminarily Approving Settlement. In addition, Defendants through the Class Administrator, sent the requisite CAFA notices to 57 federal and state officials. The class notices constitute "the best notice practicable under the circumstances," as required by Rule 23(c)(2).*

**Judge John S. Meyer, *Lozano v. CodeMetro, Inc.*** (Sept. 8, 2021) 37-2020-00022701 (Sup. Ct. Cal. Cnty. of San Diego):

*The Court finds that Notice has been given to the Settlement Class in the manner directed by the Court in the Preliminary Approval Order. The Court finds that such Notice: (i) was reasonable and constituted the best practicable notice under the circumstances; (ii) was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Litigation, the terms of the Settlement, their right to exclude themselves from the Settlement Class or object to all or any part of the Settlement, their right to appear at the Final Fairness Hearing (either on their own or through counsel hired at their own expense), and the binding effect of final approval of the Settlement on all persons who do not exclude themselves from the Settlement Class; (iii) constituted due, adequate, and sufficient notice to all persons or entities entitled to receive notice; and (iv) fully satisfied the requirements of the United States Constitution (including the Due Process Clause), and any other applicable law.*

**Judge Mae A. D'Agostino, *Thompson et al. v. Community Bank, N.A.*** (Sept. 8, 2021) 8:19-cv-0919 (N.D.N.Y.):

*Prior to distributing Notice to the Settlement Class members, the Settlement Administrator established a website, ... as well as a toll-free line that Settlement Class members could access or call for any questions or additional information about the proposed Settlement, including the Long Form Notice. Once Settlement Class members were identified via Defendant's business records, the Notices attached to the Agreement and approved by the Court were sent to each Settlement Class member. For Current Account Holders who have elected to receive bank communications via email, Email Notice was delivered. To Past Defendant Account Holders, and Current Account Holders who have not elected to receive communications by email or for whom the Defendant does not have a valid email address, Postcard Notice was delivered by U.S. Mail. The Settlement Administrator mailed 36,012 Postcard Notices and sent 16,834 Email Notices to the Settlement Class, and as a result of the Notice Program, 95% of the Settlement Class received Notice of the Settlement.*

**Judge Anne-Christine Massullo, *UFCW & Employers Benefit Trust v. Sutter Health et al.*** (Aug. 27, 2021) CGC 14-538451 consolidated with CGC-18-565398 (Sup. Ct. Cnty. of San Francisco, Cal.):

*The notice of the Settlement provided to the Class constitutes due, adequate and sufficient notice and the best notice practicable under the circumstances, and meets the requirements of due process, the laws of the State of California, and Rule 3.769(f) of the California Rules of Court.*

**Judge Graham C. Mullen, *In re Kaiser Gypsum Company, Inc. et al.*** (July 27, 2021) 16-cv-31602 (W.D.N.C.):

*[T]the Declaration of Cameron R. Azari, Esq. on Implementation of Notice Regarding the Joint Plan of Reorganization of Kaiser Gypsum Company, Inc. and Hanson Permanente Cement, Inc. ... (the "Notice Declaration") was filed with the Bankruptcy Court on July 1, 2020, attesting to publication notice of the Plan.*

*[T]he Court has reviewed the Plan, the Disclosure Statement, the Disclosure Statement Order, the Voting Agent Declaration, the Affidavits of Service, the Publication Declaration, the Notice Declaration, the Memoranda of Law, the Declarations, the Truck Affidavits and all other pleadings before the Court in connection with the Confirmation of the Plan, including the objections filed to the Plan. The Plan is hereby confirmed in its entirety ....*



# Judicial Quotes

**Judge Anne-Christine Massullo,** ***Morris v. Provident Credit Union*** (June 23, 2021) CGC-19-581616 (Sup. Ct. Cal. Cnty. of San Fran.):

*The Notice approved by this Court was distributed to the Classes in substantial compliance with this Court's Order Certifying Classes for Settlement Purposes and Granting Preliminary Approval of Class Settlement*

*("Preliminary Approval Order") and the Agreement. The Notice met the requirements of due process and California Rules of Court, rules 3.766 and 3.769(f). The notice to the Classes was adequate.*

**Judge Esther Salas,** ***Sager et al. v. Volkswagen Group of America, Inc. et al.*** (June 22, 2021) 18-cv-13556 (D.N.J.):

*The Court further finds and concludes that Class Notice was properly and timely disseminated to the Settlement Class in accordance with the Class Notice Plan set forth in the Settlement Agreement and the Preliminary Approval Order (Dkt. No. 69). The Class Notice Plan and its implementation in this case fully satisfy Rule 23, the requirements of due process and constitute the best notice practicable under the circumstances.*

**Judge Josephine L. Staton,** ***In re Hyundai and Kia Engine Litigation and Flaherty v. Hyundai Motor Company, Inc. et al.*** (June 10, 2021) 8:17-cv-00838 and 18-cv-02223 (C.D. Cal.):

*The Class Notice was disseminated in accordance with the procedures required by the Court's Orders … in accordance with applicable law and satisfied the requirements of Rule 23(e) and due process and constituted the best notice practicable for the reasons discussed in the Preliminary Approval Order and Final Approval Order.*

**Judge Harvey Schlesinger,** ***In re Disposable Contact Lens Antitrust Litigation*** **(ABB Concise Optical Group, LLC)** (May 31, 2021) 3:15-md-02626 (M.D. Fla.):

*The Court finds that the dissemination of the Notice: (a) was implemented in accordance with the Preliminary Approval Order; (b) constitutes the best notice practicable under the circumstances; (c) constitutes notice that was reasonably calculated, under the circumstances, to apprise the Settlement Class of (i) the pendency of the Action; (ii) the effect of the Settlement Agreement (including the Releases to be provided thereunder); (iii) Class Counsel's possible motion for an award of attorneys' fees and reimbursement of expenses; (iv) the right to object to any aspect of the Settlement Agreement, the Plan of Distribution, and/or Class Counsel's motion for attorneys' fees and reimbursement of expenses; (v) the right to opt out of the Settlement Class; (vi) the right to appear at the Fairness Hearing; and (vii) the fact that Plaintiffs may receive incentive awards; (d) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the Settlement Agreement; and (e) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure and the United States Constitution (including the Due Process Clause).*

**Judge Haywood S. Gilliam, Jr.** ***Richards et al. v. Chime Financial, Inc.*** (May 24, 2021) 4:19-cv-06864 (N.D. Cal.):

*The Court finds that the notice and notice plan previously approved by the Court was implemented and complies with Rule 23(c)(2)(B) … The Court ordered that the third-party settlement administrator send class notice via email based on a class list Defendant provided … Epiq Class Action & Claims Solutions, Inc., the third-party settlement administrator, represents that class notice was provided as directed …. Epiq received a total of 527,505 records for potential Class Members, including their email addresses …. If the receiving email server could not deliver the message, a "bounce code" was returned to Epiq indicating that the message was undeliverable …. Epiq made two additional attempts to deliver the email notice …. As of Mach 1, 2021, a total of 495,006 email notices were delivered, and 32,499 remained undeliverable …. In light of these facts, the Court finds that the parties have sufficiently provided the best practicable notice to the Class Members.*

**Judge Henry Edward Autrey,** ***Pearlstone v. Wal-Mart Stores, Inc.*** (Apr. 22, 2021) 4:17-cv-02856 (C.D. Cal.):

*The Court finds that adequate notice was given to all Settlement Class Members pursuant to the terms of the Parties' Settlement Agreement and the Preliminary Approval Order. The Court has further determined that the Notice Plan fully and accurately informed Settlement Class Members of all material elements of the Settlement, constituted the best notice practicable under the circumstances, and fully satisfied the requirements of Federal Rule 23(c)(2) and 23(e)(1), applicable law, and the Due Process Clause of the United States Constitution.*



## Judicial Quotes

**Judge Lucy H. Koh,** *Grace v. Apple, Inc.* (Mar. 31, 2021) 17-cv-00551 (N.D. Cal.):

*Federal Rule of Civil Procedure 23(c)(2)(B) requires that the settling parties provide class members with "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the*

*court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)." The Court finds that the Notice Plan, which was direct notice sent to 99.8% of the Settlement Class via email and U.S. Mail, has been implemented in compliance with this Court's Order (ECF No. 426) and complies with Rule 23(c)(2)(B).*

**Judge Gary A. Fenner,** *In re Pre-Filled Propane Tank Antitrust Litigation* (Mar. 30, 2021) MDL No. 2567, 14-cv-02567 (W.D. Mo.):

*Based upon the Declaration of Cameron Azari, on behalf of Epiq, the Administrator appointed by the Court, the Court finds that the Notice Program has been properly implemented. That Declaration shows that there have been no requests for exclusion from the Settlement, and no objections to the Settlement. Finally, the Declaration reflects that AmeriGas has given appropriate notice of this settlement to the Attorney General of the United States and the appropriate State officials under the Class Action Fairness Act, 28 U.S.C. § 1715, and no objections have been received from any of them.*

**Judge Richard Seeborg,** *Bautista v. Valero Marketing and Supply Company* (Mar. 17, 2021) 3:15-cv-05557 (N.D. Cal.):

*The Notice given to the Settlement Class in accordance with the Notice Order was the best notice practicable under the circumstances of these proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Settlement Agreement, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Fed. R. Civ. P. 23 and due process.*

**Judge James D. Peterson,** *Fox et al. v. Iowa Health System d.b.a. UnityPoint Health* (Mar. 4, 2021) 18-cv-00327 (W.D. Wis.):

*The approved Notice plan provided for direct mail notice to all class members at their last known address according to UnityPoint's records, as updated by the administrator through the U.S. Postal Service. For postcards returned undeliverable, the administrator tried to find updated addresses for those class members. The administrator maintained the Settlement website and made Spanish versions of the Long Form Notice and Claim Form available upon request. The administrator also maintained a toll-free telephone line which provides class members detailed information about the settlement and allows individuals to request a claim form be mailed to them.*

*The Court finds that this Notice (i) constituted the best notice practicable under the circumstances; (ii) was reasonably calculated, under the circumstances, to apprise Settlement Class members of the Settlement, the effect of the Settlement (including the release therein), and their right to object to the terms of the settlement and appear at the Final Approval Hearing; (iii) constituted due and sufficient notice of the Settlement to all reasonably identifiable persons entitled to receive such notice; (iv) satisfied the requirements of due process, Federal Rule of Civil Procedure 23(e)(1) and the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, and all applicable laws and rules.*

**Judge Larry A. Burns,** *Trujillo et al. v. Ametek, Inc. et al.* (Mar. 3, 2021) 3:15-cv-01394 (S.D. Cal.):

*The Class has received the best practicable notice under the circumstances of this case. The Parties' selection and retention of Epiq Class Action & Claims Solutions, Inc. ("Epiq") as the Claims Administrator was reasonable and appropriate. Based on the Declaration of Cameron Azari of Epiq, the Court finds that the Settlement Notices were published to the Class Members in the form and manner approved by the Court in its Preliminary Approval Order. See Dkt. 181-6. The Settlement Notices provided fair, effective, and the best practicable notice to the Class of the Settlement's terms. The Settlement Notices informed the Class of Plaintiffs' intent to seek attorneys' fees, costs, and incentive payments, set forth the date, time, and place of the Fairness Hearing, and explained Class Members' rights to object to the Settlement or Fee Motion and to appear at the Fairness Hearing .... The Settlement Notices fully satisfied all notice requirements under the law, including the Federal*

epiq
legal noticing [SM]

## Judicial Quotes

*Rules of Civil Procedure, the requirements of the California Legal Remedies Act, Cal. Civ. Code § 1781, and all due process rights under the U.S. Constitution and California Constitutions.*

**Judge Sherri A. Lydon,** *Fitzhenry v. Independent Home Products, LLC* (Mar. 2, 2021) 2:19-cv-02993 (D.S.C.):

*Notice was provided to Class Members in compliance with Section VI of the Settlement Agreement, due process, and Rule 23 of the Federal Rules of Civil Procedure. The notice: (i) fully and accurately informed*

*Settlement Class Members about the lawsuit and settlement; (ii) provided sufficient information so that Settlement Class Members could decide whether to accept the benefits offered, opt-out and pursue their own remedies, or object to the settlement; (iii) provided procedures for Class Members to file written objections to the proposed settlement, to appear at the hearing, and to state objections to the proposed settlement; and (iv) provided the time, date, and place of the final fairness hearing.*

**Judge James V. Selna,** *Alvarez v. Sirius XM Radio Inc.* (Feb. 9, 2021) 2:18-cv-08605 (C.D. Cal.):

*The Court finds that the dissemination of the Notices attached as Exhibits to the Settlement Agreement: (a) was implemented in accordance with the Notice Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action; (ii) their right to submit a claim (where applicable) by submitting a Claim Form; (iii) their right to exclude themselves from the Settlement Class; (iv) the effect of the proposed Settlement (including the Releases to be provided thereunder); (v) Named Plaintiffs' application for the payment of Service Awards; (vi) Class Counsel's motion for an award an attorneys' fees and expenses; (vii) their right to object to any aspect of the Settlement, and/or Class Counsel's motion for attorneys' fees and expenses (including a Service Award to the Named Plaintiffs and Mr. Wright); and (viii) their right to appear at the Final Approval Hearing; (d) constituted due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Constitution of the United States (including the Due Process Clause), and all other applicable laws and rules.*

**Judge Jon S. Tigar,** *Elder v. Hilton Worldwide Holdings, Inc.* (Feb. 4, 2021) 16-cv-00278 (N.D. Cal.):

*"Epiq implemented the notice plan precisely as set out in the Settlement Agreement and as ordered by the Court." ECF No. 162 at 9-10. Epiq sent initial notice by email to 8,777 Class Members and by U.S. Mail to the remaining 1,244 Class members. Id. at 10. The Notice informed Class Members about all aspects of the Settlement, the date and time of the fairness hearing, and the process for objections. ECF No. 155 at 28-37. Epiq then mailed notice to the 2,696 Class Members whose emails were returned as undeliverable. Id. "Of the 10,021 Class Members identified from Defendants' records, Epiq was unable to deliver the notice to only 35 Class Members. Accordingly, the reach of the notice is 99.65%." Id. (citation omitted). Epiq also created and maintained a settlement website and a toll-free hotline that Class Members could call if they had questions about the settlement . . . The Court finds that the parties have complied with the Court's preliminary approval order and, because the notice plan complied with Rule 23, have provided adequate notice to class members.*

**Judge Michael W. Jones,** *Wallace et al. v. Monier Lifetile LLC et al.* (Jan. 15, 2021) SCV-16410 (Sup. Ct. Cal.):

*The Court also finds that the Class Notice and notice process were implemented in accordance with the Preliminary Approval Order, providing the best practicable notice under the circumstances.*

**Judge Kristi K. DuBose,** *Drazen v. GoDaddy.com, LLC* and *Bennett v. GoDaddy.com, LLC* (Dec. 23, 2020) 1:19-cv-00563 (S.D. Ala.):

*The Court finds that the Notice and the claims procedures actually implemented satisfy due process, meet the requirements of Rule 23(e)(1), and the Notice constitutes the best notice practicable under the circumstances.*

**Judge Haywood S. Gilliam, Jr.,** *Izor v. Abacus Data Systems, Inc.* (Dec. 21, 2020) 19-cv-01057 (N.D. Cal.):

*The Court finds that the notice plan previously approved by the Court was implemented and that the notice thus satisfied Rule 23(c)(2)(B). [T]he Court finds that the parties have sufficiently provided the best practicable notice to the class members.*



## Judicial Quotes

**Judge Christopher C. Conner,** *Al's Discount Plumbing et al. v. Viega, LLC* (Dec. 18, 2020) 19-cv-00159 (M.D. Pa.):

*The Court finds that the notice and notice plan previously approved by the Court was implemented and complies with Fed. R. Civ. P. 23(c)(2)(B) and due process. Specifically, the Court ordered that the third-party Settlement Administrator, Epiq, send class notice via email, U.S. mail, by publication in two recognized industry magazines, Plumber and PHC News, in both their print and online digital forms, and to implement a digital media campaign. (ECF 99). Epiq represents that class notice was provided as directed. See Declaration of Cameron R. Azari, ¶¶ 12-15 (ECF 104-13).*

**Judge Naomi Reice Buchwald,** *In re Libor-Based Financial Instruments Antitrust Litigation* (Dec. 16, 2020) MDL No. 2262, 1:11-md-02262 (S.D.N.Y.):

*Upon review of the record, the Court hereby finds that the forms and methods of notifying the members of the Settlement Classes and their terms and conditions have met the requirements of the United States Constitution (including the Due Process Clause), Rule 23 of the Federal Rules of Civil Procedure, and all other applicable law and rules; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all members of the Settlement Classes of these proceedings and the matters set forth herein, including the Settlements, the Plan of Allocation and the Fairness Hearing. Therefore, the Class Notice is finally approved.*

**Judge Larry A. Burns,** *Cox et al. Ametek, Inc. et al.* (Dec 15, 2020) 3:17-cv-00597 (S.D. Cal.):

*The Class has received the best practicable notice under the circumstances of this case. The Parties' selection and retention of Epiq Class Action & Claims Solutions, Inc. ("Epiq") as the Claims Administrator was reasonable and appropriate. Based on the Declaration of Cameron Azari of Epiq, the Court finds that the Settlement Notices were published to the Class Members in the form and manner approved by the Court in its Preliminary Approval Order. See Dkt. 129-6. The Settlement Notices provided fair, effective, and the best practicable notice to the Class of the Settlement's terms. The Settlement Notices informed the Class of Plaintiffs' intent to seek attorneys' fees, costs, and incentive payments, set forth the date, time, and place of the Fairness Hearing, and explained Class Members' rights to object to the Settlement or Fee Motion and to appear at the Fairness Hearing ... The Settlement Notices fully satisfied all notice requirements under the law, including the Federal Rules of Civil Procedure, the requirements of the California Legal Remedies Act, Cal. Civ. Code § 1781, and all due process rights under the U.S. Constitution and California Constitutions.*

**Judge Timothy J. Sullivan,** *Robinson v. Nationstar Mortgage LLC* (Dec. 11, 2020) 8:14-cv-03667 (D. Md.):

*The Class Notice provided to the Settlement Class conforms with the requirements of Fed. Rule Civ. Proc. 23, the United States Constitution, and any other applicable law, and constitutes the best notice practicable under the circumstances, by providing individual notice to all Settlement Class Members who could be identified through reasonable effort, and by providing due and adequate notice of the proceedings and of the matters set forth therein to the other Settlement Class Members. The Class Notice fully satisfied the requirements of Due Process.*

**Judge Yvonne Gonzalez Rogers,** *In re Lithium Ion Batteries Antitrust Litigation* (Dec. 10, 2020) MDL No. 2420, 4:13-md-02420 (N.D. Cal.):

*The proposed notice plan was undertaken and carried out pursuant to this Court's preliminary approval order prior to remand, and a second notice campaign thereafter. (See Dkt. No. 2571.) The class received direct and indirect notice through several methods – email notice, mailed notice upon request, an informative settlement website, a telephone support line, and a vigorous online campaign. Digital banner advertisements were targeted specifically to settlement class members, including on Google and Yahoo's ad networks, as well as Facebook and Instagram, with over 396 million impressions delivered. Sponsored search listings were employed on Google, Yahoo and Bing, resulting in 216,477 results, with 1,845 clicks through to the settlement website. An informational release was distributed to 495 media contacts in the consumer electronics industry. The case website has continued to be maintained as a channel for communications with class members. Between February 11, 2020 and April 23, 2020, there were 207,205 unique visitors to the website. In the same period, the toll-free telephone number available to class members received 515 calls.*

**Judge Katherine A. Bacal,** *Garvin v. San Diego Unified Port District* (Nov. 20, 2020) 37-2020-00015064 (Sup. Ct. Cal.):

*Notice was provided to Class Members in compliance with the Settlement Agreement, California Code of Civil Procedure §382 and California Rules of Court 3.766 and 3.769, the California and United States*

## Judicial Quotes

*Constitutions, and any other applicable law, and constitutes the best notice practicable under the circumstances, by providing notice to all individual Class Members who could be identified through reasonable effort, and by providing due and adequate notice of the proceedings and of the matters set forth therein to the other Class Members. The Notice fully satisfied the requirements of due process.*

**Judge Catherine D. Perry,** *Pirozzi et al. v. Massage Envy Franchising, LLC* (Nov. 13, 2020) 4:19-cv-807 (E.D. Mo.):

*The COURT hereby finds that the CLASS NOTICE given to the CLASS: (i) fairly and accurately described the ACTION and the proposed SETTLEMENT; (ii) provided sufficient information so that the CLASS MEMBERS were able to decide whether to accept the benefits offered by the SETTLEMENT, exclude themselves from the SETTLEMENT, or object to the SETTLEMENT; (iii) adequately described the time and manner by which CLASS MEMBERS could submit a CLAIM under the SETTLEMENT, exclude themselves from the SETTLEMENT, or object to the SETTLEMENT and/or appear at the FINAL APPROVAL HEARING; and (iv) provided the date, time, and place of the FINAL APPROVAL HEARING. The COURT hereby finds that the CLASS NOTICE was the best notice practicable under the circumstances, constituted a reasonable manner of notice to all class members who would be bound by the SETTLEMENT, and complied fully with Federal Rule of Civil Procedure Rule 23, due process, and all other applicable laws.*

**Judge Robert E. Payne,** *Skochin et al. v. Genworth Life Insurance Company et al.* (Nov. 12, 2020) 3:19-cv-00049 (E.D. Va.):

*For the reasons set forth in the Court's Memorandum Opinion addressing objections to the Settlement Agreement, … the plan to disseminate the Class Notice and Publication Notice, which the Court previously approved, has been implemented and satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process.*

**Judge Jeff Carpenter,** *Eastwood Construction LLC et al. v. City of Monroe* (Oct. 27, 2020) 18-cvs-2692 and *The Estate of Donald Alan Plyler Sr. et al. v. City of Monroe* (Oct. 27, 2020) 19-cvs-1825 (Sup. Ct. N.C.):

*The Settlement Agreement and the Settlement Notice are found to be fair, reasonable, adequate, and in the best interests of the Settlement Class, and are hereby approved pursuant to North Carolina Rule of Civil Procedure 23. The Parties are hereby authorized and directed to comply with and to consummate the Settlement Agreement in accordance with the terms and provisions set forth in the Settlement Agreement, and the Clerk of the Court is directed to enter and docket this Order and Final Judgement in the Actions.*

**Judge M. James Lorenz,** *Walters et al. v. Target Corp.* (Oct. 26, 2020) 3:16-cv-1678 (S.D. Cal.):

*The Court has determined that the Class Notices given to Settlement Class members fully and accurately informed Settlement Class members of all material elements of the proposed Settlement and constituted valid, due, and sufficient notice to Settlement Class members consistent with all applicable requirements. The Court further finds that the Notice Program satisfies due process and has been fully implemented.*

**Judge Maren E. Nelson,** *Harris et al. v. Farmers Insurance Exchange and Mid Century Insurance Company* (Oct. 26, 2020) BC 579498 (Sup. Ct. Cal.):

*Distribution of Notice directed to the Settlement Class Members as set forth in the Settlement has been completed in conformity with the Preliminary Approval Order, including individual notice to all Settlement Class members who could be identified through reasonable effort, and the best notice practicable under the circumstances. The Notice, which reached 99.9% of all Settlement Class Members, provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed Settlement, to all persons entitled to Notice, and the Notice and its distribution fully satisfied the requirements of due process.*

**Judge Vera M. Scanlon,** *Lashambae v. Capital One Bank, N.A.* (Oct. 21, 2020) 1:17-cv-06406 (E.D.N.Y.):

*The Class Notice, as amended, contained all of the necessary elements, including the class definition, the identifies of the named Parties and their counsel, a summary of the terms of the proposed Settlement, information regarding the manner in which objections may be submitted, information regarding the opt-out procedures and deadlines, and the date and location of the Final Approval Hearing. Notice was successfully delivered to approximately 98.7% of the Settlement Class and only 78 individual Settlement Class Members did not receive notice by email or first class mail.*



## Judicial Quotes

*Having reviewed the content of the Class Notice, as amended, and the manner in which the Class Notice was disseminated, this Court finds that the Class Notice, as amended, satisfied the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and all other applicable law and rules. The Class Notice, as amended, provided to the Settlement Class in accordance with the Preliminary Approval Order was the best notice practicable under the circumstances and provided this Court with jurisdiction over the absent Settlement Class Members. See Fed. R. Civ. P. 23(c)(2)(B).*

**Chancellor Walter L. Evans, *K.B., by and through her natural parent, Jennifer Qassis, and Lillian Knox-Bender v. Methodist Healthcare - Memphis Hospitals*** (Oct. 14, 2020) CH-13-04871-1 (30th Jud. Dist. Tenn.):

*Based upon the filings and the record as a whole, the Court finds and determines that dissemination of the Class Notice as set forth herein complies with Tenn. R. Civ. P. 23.03(3) and 23.05 and (i) constitutes the best practicable notice under the circumstances, (ii) was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of Class Settlement, their rights to object to the proposed Settlement, (iii) was reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice, (iv) meets all applicable requirements of Due Process; (v) and properly provides notice of the attorney's fees that Class Counsel shall seek in this action. As a result, the Court finds that Class Members were properly notified of their rights, received full Due Process ....*

**Judge Sara L. Ellis, *Nelson v. Roadrunner Transportation Systems, Inc.*** (Sept. 15, 2020) 1:18-cv-07400 (N.D. Ill.):

*Notice of the Final Approval Hearing, the proposed motion for attorneys' fees, costs, and expenses, and the proposed Service Award payment to Plaintiff have been provided to Settlement Class Members as directed by this Court's Orders.*

*The Court finds that such Notice as therein ordered, constitutes the best possible notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Settlement Class Members in compliance with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B).*

**Judge George H. Wu, *Lusnak v. Bank of America, N.A.*** (Aug. 10, 2020) 14-cv-01855 (C.D. Cal.):

*The Court finds that the Notice program for disseminating notice to the Settlement Class, provided for in the Settlement Agreement and previously approved and directed by the Court, has been implemented by the Settlement Administrator and the Parties. The Court finds that such Notice program, including the approved forms of notice: (a) constituted the best notice that is practicable under the circumstances; (b) included direct individual notice to all Settlement Class Members who could be identified through reasonable effort; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the nature of the Lawsuit, the definition of the Settlement Class certified, the class claims and issues, the opportunity to enter an appearance through an attorney if the member so desires; the opportunity, the time, and manner for requesting exclusion from the Settlement Class, and the binding effect of a class judgment; (d) constituted due, adequate and sufficient notice to all persons entitled to notice; and (e) met all applicable requirements of Federal Rule of Civil Procedure 23, due process under the U.S. Constitution, and any other applicable law.*

**Judge James Lawrence King, *Dasher v. RBC Bank (USA) predecessor in interest to PNC Bank, N.A.*** (Aug. 10, 2020) 1:10-cv-22190 (S.D. Fla.) as part of *In re Checking Account Overdraft Litigation* MDL No. 2036 (S.D. Fla.):

*The Court finds that the members of the Settlement Class were provided with the best practicable notice; the notice was "reasonably calculated, under [the] circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Shutts, 472 U.S. at 812 (quoting Mullane, 339 U.S. at 314-15). This Settlement was widely publicized, and any member of the Settlement Class who wished to express comments or objections had ample opportunity and means to do so.*

**Judge Jeffrey S. Ross, *Lehman v. Transbay Joint Powers Authority et al.*** (Aug. 7, 2020) CGC-16-553758 (Sup. Ct. Cal.):

*The Notice approved by this Court was distributed to the Settlement Class Members in compliance with this Court's Order Granting Preliminary Approval of Class Action Settlement, dated May 8, 2020. The Notice provided to the Settlement Class Members met the requirements of due process and constituted the best notice practicable in the circumstances. Based on evidence and other material submitted in conjunction with the final approval hearing, notice to the class was adequate.*

epiq
legal noticing[SM]

## Judicial Quotes

**Judge Jean Hoefer Toal,** *Cook et al. v. South Carolina Public Service Authority et al.* (July 31, 2020) 2019-CP-23-6675 (Ct. of Com. Pleas. 13th Jud. Cir. S.C.):

*Notice was sent to more than 1.65 million Class members, published in newspapers whose collective circulation covers the entirety of the State, and supplemented with internet banner ads totaling approximately 12.3 million impressions. The notices directed Class members to the settlement website and toll-free line for additional inquiries and further information. After this extensive notice campaign, only 78 individuals (0.0047%) have opted-out, and only nine (0.00054%) have objected. The Court finds this response to be overwhelmingly favorable.*

**Judge Peter J. Messitte,** *Jackson et al. v. Viking Group, Inc. et al.* (July 28, 2020) 8:18-cv-02356 (D. Md.):

*[T]he Court finds, that the Notice Plan has been implemented in the manner approved by the Court in its Preliminary Approval Order as amended. The Court finds that the Notice Plan: (i) constitutes the best notice practicable to the Settlement Class under the circumstances; (ii) was reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of this Lawsuit and the terms of the Settlement, their right to exclude themselves from the Settlement, or to object to any part of the Settlement, their right to appear at the Final Approval Hearing (either on their own or through counsel hired at their own expense), and the binding effect of the Final Approval Order and the Final Judgment, whether favorable or unfavorable, on all Persons who do not exclude themselves from the Settlement Class, (iii) due, adequate, and sufficient notice to all Persons entitled to receive notice; and (iv) notice that fully satisfies the requirements of the United States Constitution (including the Due Process Clause), Fed. R. Civ. P. 23, and any other applicable law.*

**Judge Michael P. Shea,** *Grayson et al. v. General Electric Company* (July 27, 2020) 3:13-cv-01799 (D. Conn.):

*Pursuant to the Preliminary Approval Order, the Settlement Notice was mailed, emailed and disseminated by the other means described in the Settlement Agreement to the Class Members. This Court finds that this notice procedure was (i) the best practicable notice; (ii) reasonably calculated, under the circumstances, to apprise the Class Members of the pendency of the Civil Action and of their right to object to or exclude themselves from the proposed Settlement; and (iii) reasonable and constitutes due, adequate, and sufficient notice to all entities and persons entitled to receive notice.*

**Judge Gerald J. Pappert,** *Rose v. The Travelers Home and Marine Insurance Company et al.* (July 20, 2020) 19-cv-00977 (E.D. Pa.):

*The Class Notice … has been given to the Settlement Class in the manner approved by the Court in its Preliminary Approval Order. Such Class Notice (i) constituted the best notice practicable to the Settlement Class under the circumstances; (ii) was reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency and nature of this Action, the definition of the Settlement Class, the terms of the Settlement Agreement, the rights of the Settlement Class to exclude themselves from the settlement or to object to any part of the settlement, the rights of the Settlement Class to appear at the Final Approval Hearing (either on their own or through counsel hired at their own expense), and the binding effect of the Settlement Agreement on all persons who do not exclude themselves from the Settlement Class, (iii) provided due, adequate, and sufficient notice to the Settlement Class; and (iv) fully satisfied all applicable requirements of law, including, but not limited to, Federal Rule of Civil Procedure 23 and the due process requirements of the United States Constitution.*

**Judge Christina A. Snyder,** *Waldrup v. Countrywide Financial Corporation et al.* (July 16, 2020) 2:13-cv-08833 (C.D. Cal.):

*The Court finds that mailed and publication notice previously given to Class Members in the Action was the best notice practicable under the circumstances, and satisfies the requirements of due process and FED. R. CIV. P. 23. The Court further finds that, because (a) adequate notice has been provided to all Class Members and (b) all Class Members have been given the opportunity to object to, and/or request exclusion from, the Settlement, it has jurisdiction over all Class Members. The Court further finds that all requirements of statute (including but not limited to 28 U.S.C. § 1715), rule, and state and federal constitutions necessary to effectuate this Settlement have been met and satisfied.*



## Judicial Quotes

**Judge James Donato,** *Coffeng et al. v. Volkswagen Group of America, Inc.* (June 10, 2020) 17-cv-01825 (N.D. Cal.):

*The Court finds that, as demonstrated by the Declaration and Supplemental Declaration of Cameron Azari, and counsel's submissions, Notice to the Settlement Class was timely and properly effectuated in accordance with FED. R. CIV. P. 23(e) and the approved Notice Plan set forth in the Court's Preliminary Approval Order. The Court finds that said Notice constitutes the best notice practicable under the circumstances, and satisfies all requirements of Rule 23(e) and due process.*

**Judge Michael W. Fitzgerald,** *Behfarin v. Pruco Life Insurance Company et al.* (June 3, 2020) 17-cv-05290 (C.D. Cal.):

*The Court finds that the requirements of Rule 23 of the Federal Rule of Civil Procedure and other laws and rules applicable to final settlement approval of class actions have been satisfied . . . This Court finds that the Claims Administrator caused notice to be disseminated to the Class in accordance with the plan to disseminate Notice outlined in the Settlement Agreement and the Preliminary Approval Order, and that Notice was given in an adequate and sufficient manner and complies with Due Process and Fed. R. Civ. P. 23.*

**Judge Nancy J. Rosenstengel,** *First Impressions Salon, Inc. et al. v. National Milk Producers Federation et al.* (Apr. 27, 2020) 3:13-cv-00454 (S.D. Ill.):

*The Court finds that the Notice given to the Class Members was completed as approved by this Court and complied in all respects with the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process. The settlement Notice Plan was modeled on and supplements the previous court-approved plan and, having been completed, constitutes the best notice practicable under the circumstances. In making this determination, the Court finds that the Notice provided Class members due and adequate notice of the Settlement, the Settlement Agreement, the Plan of Distribution, these proceedings, and the rights of Class members to opt-out of the Class and/or object to Final Approval of the Settlement, as well as Plaintiffs' Motion requesting attorney fees, costs, and Class Representative service awards.*

**Judge Harvey Schlesinger,** *In re Disposable Contact Lens Antitrust Litigation* (CooperVision, Inc.) (Mar. 4, 2020) 3:15-md-02626 (M.D. Fla.):

*The Court finds that the dissemination of the Notice: (a) was implemented in accordance with the Preliminary Approval Orders; (b) constitutes the best notice practicable under the circumstances; (c) constitutes notice that was reasonably calculated, under the circumstances, to apprise the Settlement Classes of (i) the pendency of the Action; (ii) the effect of the Settlement Agreements (including the Releases to the provided thereunder); (iii) Class Counsel's possible motion for an award of attorneys' fees and reimbursement of expenses; (iv) the right to object to any aspect of the Settlement Agreements, the Plan of Distribution, and/or Class Counsel's motion for attorneys' fees and reimbursement of expenses; (v) the right to opt out of the Settlement Classes; (vi) the right to appear at the Fairness Hearing; and (vii) the fact that Plaintiffs may receive incentive awards; (d) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the Settlement Agreement and (e) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure and the United States Constitution (including the Due Process Clause).*

**Judge Amos L. Mazzant,** *Stone et al. v. Porcelana Corona De Mexico, S.A. DE C.V f/k/a Sanitarios Lamosa S.A. DE C.V. a/k/a Vortens* (Mar. 3, 2020) 4:17-cv-00001 (E.D. Tex.):

*The Court has reviewed the Notice Plan and its implementation and efficacy, and finds that it constituted the best notice practicable under the circumstances and was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action and their right to object to the proposed settlement in full compliance with the requirements of applicable law, including the Due Process Clause of the United States Constitution and Rules 23(c) and (e) of the Federal Rules of Civil Procedure.*

*In addition, Class Notice clearly and concisely stated in plain, easily understood language: (i) the nature of the action; (ii) the definition of the certified Equitable Relief Settlement Class; (iii) the claims and issues of the Equitable Relief Settlement Class; (iv) that a Settlement Class Member may enter an appearance through an attorney if the member so desires; (v) the binding effect of a class judgment on members under Fed. R. Civ. P. 23(c)(3).*



# Judicial Quotes

**Judge Michael H. Simon,** *In re Premera Blue Cross Customer Data Security Breach Litigation* (Mar. 2, 2020) MDL No. 2633, 3:15-md-2633 (D. Ore.):

*The Court confirms that the form and content of the Summary Notice, Long Form Notice, Publication Notice, and Claim Form, and the procedure set forth in the Settlement for providing notice of the Settlement to the Class, were in full compliance with the notice requirements of Federal Rules of Civil Procedure 23(c)(2)(B) and 23(e), fully, fairly, accurately, and adequately advised members of the Class of their rights under the Settlement, provided the best notice practicable under the circumstances, fully satisfied the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure, and afforded Class Members with adequate time and opportunity to file objections to the Settlement and attorney's fee motion, submit Requests for Exclusion, and submit Claim Forms to the Settlement Administrator.*

**Judge Maxine M. Chesney,** *McKinney-Drobnis et al. v. Massage Envy Franchising* (Mar. 2, 2020) 3:16-cv-06450 (N.D. Cal.):

*The COURT hereby finds that the individual direct CLASS NOTICE given to the CLASS via email or First Class U.S. Mail (i) fairly and accurately described the ACTION and the proposed SETTLEMENT; (ii) provided sufficient information so that the CLASS MEMBERS were able to decide whether to accept the benefits offered by the SETTLEMENT, exclude themselves from the SETTLEMENT, or object to the SETTLEMENT; (iii) adequately described the manner in which CLASS MEMBERS could submit a VOUCHER REQUEST under the SETTLEMENT, exclude themselves from the SETTLEMENT, or object to the SETTLEMENT and/or appear at the FINAL APPROVAL HEARING; and (iv) provided the date, time, and place of the FINAL APPROVAL HEARING. The COURT hereby finds that the CLASS NOTICE was the best notice practicable under the circumstances and complied fully with Federal Rule of Civil Procedure Rule 23, due process, and all other applicable laws.*

**Judge Harry D. Leinenweber,** *Albrecht v. Oasis Power, LLC d/b/a Oasis Energy* (Feb. 6, 2020) 1:18-cv-01061 (N.D. Ill.):

*The Court finds that the distribution of the Class Notice, as provided for in the Settlement Agreement, (i) constituted the best practicable notice under the circumstances to Settlement Class Members, (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of, among other things, the pendency of the Action, the nature and terms of the proposed Settlement, their right to object or to exclude themselves from the proposed Settlement, and their right to appear at the Final Approval Hearing, (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice, and (iv) complied fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable law.*

*The Court finds that the Class Notice and methodology set forth in the Settlement Agreement, the Preliminary Approval Order, and this Final Approval Order (i) constitute the most effective and practicable notice of the Final Approval Order, the relief available to Settlement Class Members pursuant to the Final Approval Order, and applicable time periods; (ii) constitute due, adequate, and sufficient notice for all other purposes to all Settlement Class Members; and (iii) comply fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable laws.*

**Judge Robert Scola, Jr.,** *Wilson et al. v. Volkswagen Group of America, Inc. et al.* (Jan. 28, 2020) 17-cv-23033 (S.D. Fla.):

*The Court finds that the Class Notice, in the form approved by the Court, was properly disseminated to the Settlement Class pursuant to the Notice Plan and constituted the best practicable notice under the circumstances. The forms and methods of the Notice Plan approved by the Court met all applicable requirements of the Federal Rules of Civil Procedure, the United States Code, the United States Constitution (including the Due Process Clause), and any other applicable law.*

**Judge Michael Davis,** *Garcia v. Target Corporation* (Jan. 27, 2020) 16-cv-02574 (D. Minn.):

*The Court finds that the Notice Plan set forth in Section 4 of the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order constitutes the best notice practicable under the circumstances and shall constitute due and sufficient notice to the Settlement Class of the pendency of this case, certification of the Settlement Class for settlement purposes only, the terms of the Settlement*



## Judicial Quotes

*Agreement, and the Final Approval Hearing, and satisfies the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law.*

**Judge Bruce Howe Hendricks,** *In re TD Bank, N.A. Debit Card Overdraft Fee Litigation* (Jan. 9, 2020) MDL No. 2613, 6:15-MN-02613 (D.S.C.):

*The Classes have been notified of the settlement pursuant to the plan approved by the Court. After having reviewed the Declaration of Cameron R. Azari (ECF No. 220-1) and the Supplemental Declaration of Cameron R. Azari . . ., the Court hereby finds that notice was accomplished in accordance with the Court's directives. The Court further finds that the notice program constituted the best practicable notice to the Settlement Classes under the circumstances and fully satisfies the requirements of due process and Federal Rule 23.*

**Judge Margo K. Brodie,** *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation* (Dec. 13, 2019) MDL No. 1720, 05-md-01720 (E.D.N.Y.):

*The notice and exclusion procedures provided to the Rule 23(b)(3) Settlement Class, including but not limited to the methods of identifying and notifying members of the Rule 23(b)(3) Settlement Class, were fair, adequate, and sufficient, constituted the best practicable notice under the circumstances, and were reasonably calculated to apprise members of the Rule 23(b)(3) Settlement Class of the Action, the terms of the Superseding Settlement Agreement, and their objection rights, and to apprise members of the Rule 23(b)(3) Settlement Class of their exclusion rights, and fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, any other applicable laws or rules of the Court, and due process.*

**Judge Steven Logan,** *Knapper v. Cox Communications, Inc.* (Dec. 13, 2019) 2:17-cv-00913 (D. Ariz.):

*The Court finds that the form and method for notifying the class members of the settlement and its terms and conditions was in conformity with this Court's Preliminary Approval Order (Doc. 120). The Court further finds that the notice satisfied due process principles and the requirements of Federal Rule of Civil Procedure 23(c), and the Plaintiff chose the best practicable notice under the circumstances. The Court further finds that the notice was clearly designed to advise the class members of their rights.*

**Judge Manish Shah,** *Prather v. Wells Fargo Bank, N.A.* (Dec. 10, 2019) 1:17-cv-00481 (N.D. Ill.):

*The Court finds that the Notice Plan set forth in Section VIII of the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order constitutes the best notice practicable under the circumstances and shall constitute due and sufficient notice to the Settlement Class of the pendency of this case, certification of the Settlement Class for settlement purposes only, the terms of the Settlement Agreement, and the Final Approval Hearing, and satisfies the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law.*

**Judge Liam O'Grady,** *Liggio v. Apple Federal Credit Union* (Dec. 6, 2019) 1:18-cv-01059 (E.D. Va.):

*The Court finds that the manner and form of notice (the "Notice Plan") as provided for in this Court's July 2, 2019 Order granting preliminary approval of class settlement, and as set forth in the Parties' Settlement Agreement was provided to Settlement Class Members by the Settlement Administrator .... The Notice Plan was reasonably calculated to give actual notice to Settlement Class Members of the right to receive benefits from the Settlement, and to be excluded from or object to the Settlement. The Notice Plan met the requirements of Rule 23(c)(2)(B) and due process and constituted the best notice practicable under the circumstances.*

**Judge Brian McDonald,** *Armon et al. v. Washington State University* (Nov. 8, 2019) 17-2-23244-1 (consolidated with 17-2-25052-0) (Sup. Ct. Wash.):

*The Court finds that the Notice Program, as set forth in the Settlement and effectuated pursuant to the Preliminary Approval Order, satisfied CR 23(c)(2), was the best Notice practicable under the circumstances, was reasonably calculated to provide-and did provide-due and sufficient Notice to the Settlement Class of the pendency of the Litigation; certification of the Settlement Class for settlement purposes only; the existence and terms of the Settlement; the identity of Class Counsel and appropriate information about Class Counsel's then-forthcoming application for attorneys' fees and incentive awards to the Class Representatives; appropriate information about how to participate in the Settlement; Settlement Class Members' right to exclude themselves; their right to object to the Settlement and to appear at the Final Approval Hearing, through counsel if they*



## Judicial Quotes

*desired; and appropriate instructions as to how to obtain additional information regarding this Litigation and the Settlement. In addition, pursuant to CR 23(c)(2)(B), the Notice properly informed Settlement Class Members that any Settlement Class Member who failed to opt-out would be prohibited from bringing a lawsuit against Defendant based on or related to any of the claims asserted by Plaintiffs, and it satisfied the other requirements of the Civil Rules.*

**Judge Andrew J. Guilford,** *In re Wells Fargo Collateral Protection Insurance Litigation* (Nov. 4, 2019) 8:17-ml-02797 (C.D. Cal.):

*Epiq Class Action & Claims Solutions, Inc. ("Epiq"), the parties' settlement administrator, was able to deliver the court-approved notice materials to all class members, including 2,254,411 notice packets and 1,019,408 summary notices.*

**Judge Paul L. Maloney,** *Burch v. Whirlpool Corporation* (Oct. 16, 2019) 1:17-cv-00018 (W.D. Mich.):

*[T]he Court hereby finds and concludes that members of the Settlement Class have been provided the best notice practicable of the Settlement and that such notice satisfies all requirements of federal and applicable state laws and due process.*

**Judge Gene E.K. Pratter,** *Tashica Fulton-Green et al. v. Accolade, Inc.* (Sept. 24, 2019) 2:18-cv-00274 (E.D. Pa.):

*The Court finds that such Notice as therein ordered, constitutes the best possible notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Settlement Class Members in compliance with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B).*

**Judge Edwin Torres,** *Burrow et al. v. Forjas Taurus S.A. et al.* (Sept. 6, 2019) 1:16-cv-21606 (S.D. Fla.):

*Because the Parties complied with the agreed-to notice provisions as preliminarily approved by this Court, and given that there are no developments or changes in the facts to alter the Court's previous conclusion, the Court finds that the notice provided in this case satisfied the requirements of due process and of Rule 23(c)(2)(B).*

**Judge Amos L. Mazzant,** *Fessler v. Porcelana Corona De Mexico, S.A. DE C.V f/k/a Sanitarios Lamosa S.A. DE C.V. a/k/a Vortens* (Aug. 30, 2019) 4:19-cv-00248 (E.D. Tex.):

*The Court has reviewed the Notice Plan and its implementation and efficacy, and finds that it constituted the best notice practicable under the circumstances and was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action and their right to object to the proposed settlement or opt out of the Settlement Class in full compliance with the requirements of applicable law, including the Due Process Clause of the United States Constitution and Rules 23(c) and (e) of the Federal Rules of Civil Procedure.*

*In addition, Class Notice clearly and concisely stated in plain, easily understood language: (i) the nature of the action; (ii) the definition of the certified 2011 Settlement Class; (iii) the claims and issues of the 2011 Settlement Class; (iv) that a Settlement Class Member may enter an appearance through an attorney if the member so desires; (v) that the Court will exclude from the Settlement Class any member who requests exclusions; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Fed. R. Civ. P. 23(c)(3).*

**Judge Karon Owen Bowdre,** *In re Community Health Systems, Inc. Customer Data Security Breach Litigation* (Aug. 22, 2019) MDL No. 2595, 2:15-cv-00222 (N.D. Ala.):

*The court finds that the Notice Program: (1) satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process; (2) was the best practicable notice under the circumstances; (3) reasonably apprised Settlement Class members of the pendency of the Action and their right to object to the settlement or opt-out of the Settlement Class; and (4) was reasonable and constituted due, adequate and sufficient notice to all persons entitled to receive notice. Approximately 90% of the 6,081,189 individuals identified as Settlement Class members received the Initial Postcard Notice of this Settlement Action.*

*The court further finds, pursuant to Fed. R. Civ. P. 23(c)(2)(B), that the Class Notice adequately informed Settlement Class members of their rights with respect to this action.*



# Judicial Quotes

**Judge Christina A. Snyder, *Zaklit et al. v. Nationstar Mortgage LLC et al.*** (Aug. 21, 2019) 5:15-cv-02190 (C.D. Cal.):

*The Class Notice provided to the Settlement Class conforms with the requirements of Fed. Rule Civ. Proc. 23, the California and United States Constitutions, and any other applicable law, and constitutes the best notice practicable under the circumstances, by providing individual notice to all Settlement Class Members who could be identified through reasonable effort, and by providing due and adequate notice*

*of the proceedings and of the matters set forth therein to the other Settlement Class Members. The notice fully satisfied the requirements of Due Process. No Settlement Class Members have objected to the terms of the Settlement.*

**Judge Brian M. Cogan, *Luib v. Henkel Consumer Goods Inc.*** (Aug. 19, 2019) 1:17-cv-03021 (E.D.N.Y.):

*The Court finds that the Notice Plan, set forth in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order: (i) was the best notice practicable under the circumstances; (ii) was reasonably calculated to provide, and did provide, due and sufficient notice to the Settlement Class regarding the existence and nature of the Action, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement Agreement, and the rights of Settlement Class members to exclude themselves from the Settlement Agreement, to object and appear at the Final Approval Hearing, and to receive benefits under the Settlement Agreement; and (iii) satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and all other applicable law.*

**Judge Yvonne Gonzalez Rogers, *In re Lithium Ion Batteries Antitrust Litigation*** (Aug. 16, 2019) MDL No. 2420, 4:13-md-02420 (N.D. Cal.):

*The proposed notice plan was undertaken and carried out pursuant to this Court's preliminary approval order. [T]he notice program reached approximately 87 percent of adults who purchased portable computers, power tools, camcorders, or replacement batteries, and these class members were notified an average of 3.5 times each. As a result of Plaintiffs' notice efforts, in total, 1,025,449 class members have submitted claims. That includes 51,961 new claims, and 973,488 claims filed under the prior settlements.*

**Judge Jon Tigar, *McKnight et al. v. Uber Technologies, Inc. et al.*** (Aug. 13, 2019) 3:14-cv-05615 (N.D. Cal.):

*The settlement administrator, Epiq Systems, Inc., carried out the notice procedures as outlined in the preliminary approval. ECF No. 162 at 17-18. Notices were mailed to over 22 million class members with a success rate of over 90%. Id. at 17. Epiq also created a website, banner ads, and a toll free number. Id. at 17-18. Epiq estimates that it reached through mail and other formats 94.3% of class members. ECF No. 164 ¶ 28. In light of these actions, and the Court's prior order granting preliminary approval, the Court finds that the parties have provided adequate notice to class members.*

**Judge Gary W.B. Chang, *Robinson v. First Hawaiian Bank*** (Aug. 8, 2019) 17-1-0167-01 (Cir. Ct. of First Cir. Haw.):

*This Court determines that the Notice Program satisfies all of the due process requirements for a class action settlement.*

**Judge Karin Crump, *Hyder et al. v. Consumers County Mutual Insurance Company*** (July 30, 2019) D-1-GN-16-000596 (D. Ct. of Travis Cnty. Tex.):

*Due and adequate Notice of the pendency of this Action and of this Settlement has been provided to members of the Settlement Class, and this Court hereby finds that the Notice Plan described in the Preliminary Approval Order and completed fully with the requirements of due process, the Texas Rules of Civil Procedure, and the requirements of due process under the Texas and United States Constitutions, and any other applicable laws.*

**Judge Wendy Bettlestone, *Underwood v. Kohl's Department Stores, Inc. et al.*** (July 24, 2019) 2:15-cv-00730 (E.D. Pa.):

*The Notice, the contents of which were previously approved by the Court, was disseminated in accordance with the procedures required by the Court's Preliminary Approval Order in accordance with applicable law.*



# Judicial Quotes

**Judge Andrew G. Ceresia, J.S.C.,** *Denier et al. v. Taconic Biosciences, Inc.* (July 15, 2019) 00255851 (Sup Ct. N.Y.):

*The Court finds that such Notice as therein ordered, constitutes the best possible notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Settlement Class Members in compliance with the requirements of the CPLR.*

**Judge Vince G. Chhabria,** *Parsons v. Kimpton Hotel & Restaurant Group, LLC* (July 11, 2019) 3:16-cv-05387 (N.D. Cal.):

*Pursuant to the Preliminary Approval Order, the notice documents were sent to Settlement Class Members by email or by first-class mail, and further notice was achieved via publication in People magazine, internet banner notices, and internet sponsored search listings. The Court finds that the manner and form of notice (the "Notice Program") set forth in the Settlement Agreement was provided to Settlement Class Members. The Court finds that the Notice Program, as implemented, was the best practicable under the circumstances. The Notice Program was reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Action, class certification, the terms of the Settlement, and their rights to opt-out of the Settlement Class and object to the Settlement, Class Counsel's fee request, and the request for Service Award for Plaintiff. The Notice and Notice Program constituted sufficient notice to all persons entitled to notice. The Notice and Notice Program satisfy all applicable requirements of law, including, but not limited to, Federal Rule of Civil Procedure 23 and the constitutional requirement of due process.*

**Judge Daniel J. Buckley,** *Adlouni v. UCLA Health Systems Auxiliary et al.* (June 28, 2019) BC589243 (Sup. Ct. Cal.):

*The Court finds that the notice to the Settlement Class pursuant to the Preliminary Approval Order was appropriate, adequate, and sufficient, and constituted the best notice practicable under the circumstances to all Persons within the definition of the Settlement Class to apprise interested parties of the pendency of the Action, the nature of the claims, the definition of the Settlement Class, and the opportunity to exclude themselves from the Settlement Class or present objections to the settlement. The notice fully complied with the requirements of due process and all applicable statutes and laws and with the California Rules of Court.*

**Judge John C. Hayes III,** *Lightsey et al. v. South Carolina Electric & Gas Company, a Wholly Owned Subsidiary of SCANA et al.* (June 11, 2019) 2017-CP-25-335 (Ct. of Com. Pleas., S.C.):

*These multiple efforts at notification far exceed the due process requirement that the class representative provide the best practical notice.... Following this extensive notice campaign reaching over 1.6 million potential class member accounts, Class counsel have received just two objections to the settlement and only 24 opt outs.*

**Judge Stephen K. Bushong,** *Scharfstein v. BP West Coast Products, LLC* (June 4, 2019) 1112-17046 (Ore. Cir., Cnty. of Multnomah):

*The Court finds that the Notice Plan ... fully met the requirements of the Oregon Rules of Civil Procedure, due process, the United States Constitution, the Oregon Constitution, and any other applicable law.*

**Judge Cynthia Bashant,** *Lloyd et al. v. Navy Federal Credit Union* (May 28, 2019) 17-cv-1280 (S.D. Cal.):

*This Court previously reviewed, and conditionally approved Plaintiffs' class notices subject to certain amendments. The Court affirms once more that notice was adequate.*

**Judge Robert W. Gettleman,** *Cowen v. Lenny & Larry's Inc.* (May 2, 2019) 1:17-cv-01530 (N.D. Ill.):

*Notice to the Settlement Class and other potentially interested parties has been provided in accordance with the elements specified by the Court in the preliminary approval order. Adequate notice of the amended settlement and the final approval hearing has also been given. Such notice informed the Settlement Class members of all material elements of the proposed Settlement and of their opportunity to object or comment thereon or to exclude themselves from the Settlement; provided Settlement Class Members adequate instructions and a means to obtain additional information; was adequate notice under the circumstances; was valid, due, and sufficient notice to all Settlement Class [M]embers; and complied fully with the laws of the State of Illinois, Federal Rules of Civil Procedure, the United States Constitution, due process, and other applicable law.*



# Judicial Quotes

**Judge Edward J. Davila,** *In re HP Printer Firmware Update Litigation* (Apr. 25, 2019) 5:16-cv-05820 (N.D. Cal.):

*Due and adequate notice has been given of the Settlement as required by the Preliminary Approval Order. The Court finds that notice of this Settlement was given to Class Members in accordance with the Preliminary Approval Order and constituted the best notice practicable of the proceedings and matters set forth therein, including the Settlement, to all Persons entitled to such notice, and that this notice satisfied the requirements of Federal Rule of Civil Procedure 23 and of due process.*

**Judge Claudia Wilken,** *Naiman v. Total Merchant Services, Inc. et al.* (Apr. 16, 2019) 4:17-cv-03806 (N.D. Cal.):

*The Court also finds that the notice program satisfied the requirements of Federal Rule of Civil Procedure 23 and due process. The notice approved by the Court and disseminated by Epiq constituted the best practicable method for informing the class about the Final Settlement Agreement and relevant aspects of the litigation.*

**Judge Paul Gardephe,** *37 Besen Parkway, LLC v. John Hancock Life Insurance Company (U.S.A.)* (Mar. 31, 2019) 15-cv-9924 (S.D.N.Y.):

*The Notice given to Class Members complied in all respects with the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process and provided due and adequate notice to the Class.*

**Judge Alison J. Nathan,** *Pantelyat et al. v. Bank of America, N.A. et al.* (Jan. 31, 2019) 16-cv-08964 (S.D.N.Y.):

*The Class Notice provided to the Settlement Class in accordance with the Preliminary Approval Order was the best notice practicable under the circumstances, and constituted due and sufficient notice of the proceedings and matters set forth therein, to all persons entitled to notice. The notice fully satisfied the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and all other applicable law and rules.*

**Judge Kenneth M. Hoyt,** *Al's Pals Pet Card, LLC et al. v. Woodforest National Bank, N.A. et al.* (Jan. 30, 2019) 4:17-cv-3852 (S.D. Tex.):

*[T]he Court finds that the class has been notified of the Settlement pursuant to the plan approved by the Court. The Court further finds that the notice program constituted the best practicable notice to the class under the circumstances and fully satisfies the requirements of due process, including Fed. R. Civ. P. 23(e)(1) and 28 U.S.C. § 1715.*

**Judge Robert M. Dow, Jr.,** *In re Dealer Management Systems Antitrust Litigation* (Jan. 23, 2019) MDL No. 2817, 18-cv-00864 (N.D. Ill.):

*The Court finds that the Settlement Administrator fully complied with the Preliminary Approval Order and that the form and manner of providing notice to the Dealership Class of the proposed Settlement with Reynolds was the best notice practicable under the circumstances, including individual notice to all members of the Dealership Class who could be identified through the exercise of reasonable effort. The Court further finds that the notice program provided due and adequate notice of these proceedings and of the matters set forth therein, including the terms of the Agreement, to all parties entitled to such notice and fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1715(b), and constitutional due process.*

**Judge Federico A. Moreno,** *In re Takata Airbag Products Liability Litigation* **(Ford)** (Dec. 20, 2018) MDL No. 2599 (S.D. Fla.):

*The record shows and the Court finds that the Class Notice has been given to the Class in the manner approved by the Court in its Preliminary Approval Order. The Court finds that such Class Notice: .(i) is reasonable and constitutes the best practicable notice to Class Members under the circumstances; (ii) constitutes notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action and the terms of the Settlement Agreement, their right to exclude themselves from the Class or to object to all or any part of the Settlement Agreement, their right to appear at the Fairness Hearing (either on their own or through counsel hired at their own expense) and the binding effect of the orders and Final Order and Final Judgment in the Action, whether favorable or unfavorable, on all persons and entities who or which do not exclude themselves from the Class; (iii) constitutes due, adequate, and sufficient notice to all persons or entities entitled to receive notice; and (iv) fully satisfied the requirements of the United States Constitution (including the Due Process Clause), FED. R. Civ. P. 23 and any other applicable law as well as complying with the Federal Judicial Center's illustrative class action notices.*



## Judicial Quotes

**Judge Herndon,** *Hale v. State Farm Mutual Automobile Insurance Company et al.* (Dec. 16, 2018) 3:12-cv-00660 (S.D. Ill.):

*The Class here is estimated to include approximately 4.7 million members. Approximately 1.43 million of them received individual postcard or email notice of the terms of the proposed Settlement, and the rest were notified via a robust publication program "estimated to reach 78.8% of all U.S. Adults Aged 35+ approximately 2.4 times." Doc. 966-2 ¶¶ 26, 41. The Court previously approved the notice plan (Doc. 947), and now, having carefully reviewed the declaration of the Notice Administrator (Doc. 966-2), concludes that it was fully and properly executed, and reflected "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." See Fed. R. Civ. P. 23(c)(2)(B). The Court further concludes that CAFA notice was properly effectuated to the attorneys general and insurance commissioners of all 50 states and District of Columbia.*

**Judge Jesse M. Furman,** *Alaska Electrical Pension Fund et al. v. Bank of America, N.A. et al.* (Nov. 13, 2018) 14-cv-07126 (S.D.N.Y.):

*The mailing and distribution of the Notice to all members of the Settlement Class who could be identified through reasonable effort, the publication of the Summary Notice, and the other Notice efforts described in the Motion for Final Approval, as provided for in the Court's June 26, 2018 Preliminary Approval Order, satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, constitute the best notice practicable under the circumstances, and constitute due and sufficient notice to all Persons entitled to notice.*

**Judge William L. Campbell, Jr.,** *Ajose et al. v. Interline Brands, Inc.* (Oct. 23, 2018) 3:14-cv-01707 (M.D. Tenn.):

*The Court finds that the Notice Plan, as approved by the Preliminary Approval Order: (i) satisfied the requirements of Rule 23(c)(3) and due process; (ii) was reasonable and the best practicable notice under the circumstances; (iii) reasonably apprised the Settlement Class of the pendency of the action, the terms of the Agreement, their right to object to the proposed settlement or opt out of the Settlement Class, the right to appear at the Final Fairness Hearing, and the Claims Process; and (iv) was reasonable and constituted due, adequate, and sufficient notice to all those entitled to receive notice.*

**Judge Joseph C. Spero,** *Abante Rooter and Plumbing v. Pivotal Payments Inc., d/b/a/ Capital Processing Network and CPN* (Oct. 15, 2018) 3:16-cv-05486 (N.D. Cal.):

*[T]the Court finds that notice to the class of the settlement complied with Rule 23(c)(3) and (e) and due process. Rule 23(e)(1) states that "[t]he court must direct notice in a reasonable manner to all class members who would be bound by" a proposed settlement, voluntary dismissal, or compromise. Class members are entitled to the "best notice that is practicable under the circumstances" of any proposed settlement before it is finally approved by the Court. Fed. R. Civ. P. 23(c)(2)(B) ... The notice program included notice sent by first class mail to 1,750,564 class members and reached approximately 95.2% of the class.*

**Judge Marcia G. Cooke,** *Dipuglia v. US Coachways, Inc.* (*Sept. 28, 2018)* 1:17-cv-23006 (S.D. Fla.):

*The Settlement Class Notice Program was the best notice practicable under the circumstances. The Notice Program provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed settlement set forth in the Agreement, to all persons entitled to such notice and said notice fully satisfied the requirements of the Federal Rules of Civil Procedure and the United States Constitution, which include the requirement of due process.*

**Judge Beth Labson Freeman,** *Gergetz v. Telenav, Inc.* (Sept. 27, 2018) 5:16-cv-04261 (N.D. Cal.):

*The Court finds that the Notice and Notice Plan implemented pursuant to the Settlement Agreement, which consists of individual notice sent via first-class U.S. Mail postcard, notice provided via email, and the posting of relevant Settlement documents on the Settlement Website, has been successfully implemented and was the best notice practicable under the circumstances and: (1) constituted notice that was reasonably calculated, under the circumstances, to apprise the Settlement Class Members of the pendency of the Action, their right to object to or to exclude themselves from the Settlement Agreement, and their right to appear at the Final Approval Hearing; (2) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and (3) met all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause, and the Rules of this Court.*



## Judicial Quotes

**Judge M. James Lorenz, *Farrell v. Bank of America, N.A.*** (Aug. 31, 2018) 3:16-cv-00492 (S.D. Cal.):

*The Court therefore finds that the Class Notices given to Settlement Class members adequately informed Settlement Class members of all material elements of the proposed Settlement and constituted valid, due, and sufficient notice to Settlement Class members. The Court further finds that the Notice Program satisfies due process and has been fully implemented.*

**Judge Dean D. Pregerson, *Falco et al. v. Nissan North America, Inc. et al.*** (July 16, 2018) 2:13-cv-00686 (C.D. Cal.):

*Notice to the Settlement Class as required by Rule 23(e) of the Federal Rules of Civil Procedure has been provided in accordance with the Court's Preliminary Approval Order, and such Notice by first-class mail*

*was given in an adequate and sufficient manner, and constitutes the best notice practicable under the circumstances, and satisfies all requirements of Rule 23(e) and due process.*

**Judge Lynn Adelman, *In re Windsor Wood Clad Window Product Liability Litigation*** (July 16, 2018) MDL No. 2688, 16-md-02688 (E.D. Wis.):

*The Court finds that the Notice Program was appropriately administered, and was the best practicable notice to the Class under the circumstances, satisfying the requirements of Rule 23 and due process. The Notice Program, constitutes due, adequate, and sufficient notice to all persons, entities, and/or organizations entitled to receive notice; fully satisfied the requirements of the Constitution of the United States (including the Due Process Clause), Rule 23 of the Federal Rules of Civil Procedure, and any other applicable law; and is based on the Federal Judicial Center's illustrative class action notices.*

**Judge Stephen K. Bushong, *Surrett et al. v. Western Culinary Institute et al.*** (June 18, 2018) 0803-03530 (Ore. Cir. Cnty. of Multnomah):

*This Court finds that the distribution of the Notice of Settlement … fully met the requirements of the Oregon Rules of Civil Procedure, due process, the United States Constitution, the Oregon Constitution, and any other applicable law.*

**Judge Jesse M. Furman, *Alaska Electrical Pension Fund et al. v. Bank of America, N.A. et al.*** (June 1, 2018) 14-cv-07126 (S.D.N.Y.):

*The mailing of the Notice to all members of the Settlement Class who could be identified through reasonable effort, the publication of the Summary Notice, and the other Notice distribution efforts described in the Motion for Final Approval, as provided for in the Court's October 24, 2017 Order Providing for Notice to the Settlement Class and Preliminarily Approving the Plan of Distribution, satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, constitute the best notice practicable under the circumstances, and constitute due and sufficient notice to all Persons entitled to notice.*

**Judge Brad Seligman, *Larson v. John Hancock Life Insurance Company (U.S.A.)*** (May 8, 2018) RG16813803 (Sup. Ct. Cal.):

*The Court finds that the Class Notice and dissemination of the Class Notice as carried out by the Settlement Administrator complied with the Court's order granting preliminary approval and all applicable requirements of law, including, but not limited to California Rules of Court, rule 3.769(f) and the Constitutional requirements of due process, and constituted the best notice practicable under the circumstances and sufficient notice to all persons entitled to notice of the Settlement.*

*[T]he dissemination of the Class Notice constituted the best notice practicable because it included mailing individual notice to all Settlement Class Members who are reasonably identifiable using the same method used to inform class members of certification of the class, following a National Change of Address search and run through the LexisNexis Deceased Database.*

**Judge Federico A. Moreno, *Masson v. Tallahassee Dodge Chrysler Jeep, LLC*** (May 8, 2018) 17-cv-22967 (S.D. Fla.):

*The Settlement Class Notice Program was the best notice practicable under the circumstances. The Notice Program provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed settlement set forth in the Agreement, to all persons entitled to such notice and said notice fully satisfied the requirements of the Federal Rules of Civil Procedure and the United States Constitution, which include the requirement of due process.*



# Judicial Quotes

**Chancellor Russell T. Perkins,** *Morton v. GreenBank* (Apr. 18, 2018) 11-135-IV (20th Jud. Dist. Tenn.):

*The Notice Program as provided or in the Agreement and the Preliminary Amended Approval Order constituted the best notice practicable under the circumstances, including individual notice to all Settlement Class members who could be identified through reasonable effort. The Notice Plan fully satisfied the requirements of Tennessee Rule of Civil Procedure 23.03, due process and any other applicable law.*

**Judge James V. Selna,** *Callaway v. Mercedes-Benz USA, LLC* (Mar. 8, 2018) 8:14-cv-02011 (C.D. Cal.):

*The Court finds that the notice given to the Class was the best notice practicable under the circumstances of this case, and that the notice complied with the requirements of Federal Rule of Civil Procedure 23 and due process.*

*The notice given by the Class Administrator constituted due and sufficient notice to the Settlement Class, and adequately informed members of the Settlement Class of their right to exclude themselves from the Settlement Class so as not to be bound by the terms of the Settlement Agreement and how to object to the Settlement.*

*The Court has considered and rejected the objection ... [regarding] the adequacy of the notice plan. The notice given provided ample information regarding the case. Class members also had the ability to seek additional information from the settlement website, from Class Counsel or from the Class Administrator.*

**Judge Thomas M. Durkin,** *Vergara et al., v. Uber Technologies, Inc.* (Mar. 1, 2018) 1:15-cv-06972 (N.D. Ill.):

*The Court finds that the Notice Plan set forth in Section IX of the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order constitutes the best notice practicable under the circumstances and shall constitute due and sufficient notice to the Settlement Classes of the pendency of this case, certification of the Settlement Classes for settlement purposes only, the terms of the Settlement Agreement, and the Final Approval Hearing, and satisfies the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and any other applicable law. Further, the Court finds that Defendant has timely satisfied the notice requirements of 28 U.S.C. Section 1715.*

**Judge Federico A. Moreno,** *In re Takata Airbag Products Liability Litigation* **(Honda & Nissan)** (Feb. 28, 2018) MDL No. 2599 (S.D. Fla.):

*The Court finds that the Class Notice has been given to the Class in the manner approved by the Court in its Preliminary Approval Order. The Court finds that such Class Notice: (i) is reasonable and constitutes the best practicable notice to Class Members under the circumstances; (ii) constitutes notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action and the terms of the Settlement Agreement, their right to exclude themselves from the Class or to object to all or any part of the Settlement Agreement, their right to appear at the Fairness Hearing (either on their own or through counsel hired at their own expense) and the binding effect of the orders and Final Order and Final Judgment in the Action, whether favorable or unfavorable, on all persons and entities who or which do not exclude themselves from the Class; (iii) constitutes due, adequate, and sufficient notice to all persons or entities entitled to receive notice; and (iv) fully satisfied the requirements of the United States Constitution (including the Due Process Clause), FED R. CIV. R. 23 and any other applicable law as well as complying with the Federal Judicial Center's illustrative class action notices.*

**Judge Susan O. Hickey,** *Larey v. Allstate Property and Casualty Insurance Company* (Feb. 9, 2018) 4:14-cv-04008 (W.D. Kan.):

*Based on the Court's review of the evidence submitted and argument of counsel, the Court finds and concludes that the Class Notice and Claim Form was mailed to potential Class Members in accordance with the provisions of the Preliminary Approval Order, and together with the Publication Notice, the automated toll-free telephone number, and the settlement website: (i) constituted, under the circumstances, the most effective and practicable notice of the pendency of the Lawsuit, this Stipulation, and the Final Approval Hearing to all Class Members who could be identified through reasonable effort; and (ii) met all requirements of the Federal Rules of Civil Procedure, the requirements of due process under the United States Constitution, and the requirements of any other applicable rules or law.*



# Judicial Quotes

**Judge Muriel D. Hughes,** *Glaske v. Independent Bank Corporation* (Jan. 11, 2018) 13-009983 (Cir. Ct. Mich.):

*The Court-approved Notice Plan satisfied due process requirements … The notice, among other things, was calculated to reach Settlement Class Members because it was sent to their last known email or mail address in the Bank's files.*

**Judge Naomi Reice Buchwald,** *Orlander v. Staples, Inc.* (Dec. 13, 2017) 13-cv-00703 (S.D.N.Y.):

*The Notice of Class Action Settlement ("Notice") was given to all Class Members who could be identified with reasonable effort in accordance with the terms of the Settlement Agreement and Preliminary Approval Order. The form and method of notifying the Class of the pendency of the Action as a class action and the terms and conditions of the proposed Settlement met the requirements of Federal Rule of Civil Procedure 23 and the Constitution of the United States (including the Due Process Clause); and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.*

**Judge Lisa Godbey Wood,** *T.A.N. v. PNI Digital Media, Inc.* (Dec. 1, 2017) 2:16-cv-132 (S.D. Ga.):

*Notice to the Settlement Class Members required by Rule 23 has been provided as directed by this Court in the Preliminary Approval Order, and such notice constituted the best notice practicable, including, but not limited to, the forms of notice and methods of identifying and providing notice to the Settlement Class Members, and satisfied the requirements of Rule 23 and due process, and all other applicable laws.*

**Judge Robin L. Rosenberg,** *Gottlieb v. Citgo Petroleum Corporation* (Nov. 29, 2017) 9:16-cv-81911 (S.D. Fla):

*The Settlement Class Notice Program was the best notice practicable under the circumstances. The Notice Program provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed settlement set forth in the Settlement Agreement, to all persons entitled to such notice and said notice fully satisfied the requirements of the Federal Rules of Civil Procedure and the United States Constitution, which include the requirement of due process.*

**Judge Donald M. Middlebrooks,** *Mahoney v. TT of Pine Ridge, Inc.* (Nov. 20, 2017) 9:17-cv-80029 (S.D. Fla.):

*Based on the Settlement Agreement, Order Granting Preliminary Approval of Class Action Settlement Agreement, and upon the Declaration of Cameron Azari, Esq. (DE 61-1), the Court finds that Class Notice provided to the Settlement Class was the best notice practicable under the circumstances, and that it satisfied the requirements of due process and Federal Rule of Civil Procedure 23(e)(1).*

**Judge Gerald Austin McHugh,** *Sobiech v. U.S. Gas & Electric, Inc., i/t/d/b/a Pennsylvania Gas & Electric et al.* (Nov. 8, 2017) 2:14-cv-04464 (E.D. Pa.):

*Notice has been provided to the Settlement Class of the pendency of this Action, the conditional certification of the Settlement Class for purposes of this Settlement, and the preliminary approval of the Settlement Agreement and the Settlement contemplated thereby. The Court finds that the notice provided was the best notice practicable under the circumstances to all persons entitled to such notice and fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process.*

**Judge Federico A. Moreno,** *In re Takata Airbag Products Liability Litigation* (BMW, Mazda, Toyota, & Subaru) (Nov. 1, 2017) MDL No. 2599 (S.D. Fla.):

*[T]he Court finds that the Class Notice has been given to the Class in the manner approved in the Preliminary Approval Order. The Class Notice: (i) is reasonable and constitutes the best practicable notice to Class Members under the circumstances; (ii) constitutes notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action and the terms of the Settlement Agreement, their right to exclude themselves from the Class or to object to all or any part of the Settlement Agreement, their right to appear at the Fairness Hearing (either on their own or through counsel hired at their own expense), and the binding effect of the orders and Final Order and Final Judgment in the Action, whether favorable or unfavorable, on all persons and entities who or which do not exclude themselves from the Class; (iii) constitutes due, adequate, and sufficient notice to all persons or entities entitled to receive notice; and (iv) fully satisfied the requirements of the United States Constitution (including the Due Process Clause), Federal Rule of Civil Procedure 23 and any other applicable law as well as complying with the Federal Judicial Center's illustrative class action notices.*

epiq
legal noticing℠

# Judicial Quotes

**Judge Charles R. Breyer,** *In re Volkswagen "Clean Diesel" Marketing, Sales Practices and Products Liability Litigation* (May 17, 2017) MDL No. 2672 (N.D. Cal.):

*The Court is satisfied that the Notice Program was reasonably calculated to notify Class Members of the proposed Settlement. The Notice "apprise[d] interested parties of the pendency of the action and afford[ed] them an opportunity to present their objections." Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950). Indeed, the Notice Administrator reports that the notice delivery rate of 97.04% "exceed[ed] the expected range and is indicative of the extensive address updating and re-mailing protocols used."*

**Judge Rebecca Brett Nightingale,** *Ratzlaff et al. v. BOKF, NA d/b/a Bank of Oklahoma et al.* (May 15, 2017) CJ-2015-00859 (Dist. Ct. Okla.):

*The Court-approved Notice Plan satisfies Oklahoma law because it is "reasonable" (12 O.S. § 2023(E)(I)) and it satisfies due process requirements because it was "reasonably calculated, under [the] circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Shutts, 472 U.S. at 812 (quoting Mullane, 339 U.S. at 314-15).*

**Judge Joseph F. Bataillon,** *Klug v. Watts Regulator Company* (Apr. 13, 2017) 8:15-cv-00061 (D. Neb.):

*The court finds that the notice to the Settlement Class of the pendency of the Class Action and of this settlement, as provided by the Settlement Agreement and by the Preliminary Approval Order dated December 7, 2017, constituted the best notice practicable under the circumstances to all persons and entities within the definition of the Settlement Class, and fully complied with the requirements of Federal Rules of Civil Procedure Rule 23 and due process. Due and sufficient proof of the execution of the Notice Plan as outlined in the Preliminary Approval Order has been filed.*

**Judge Yvonne Gonzalez Rogers,** *Bias v. Wells Fargo & Company et al.* (Apr. 13, 2017) 4:12-cv-00664 (N.D. Cal.):

*The form, content, and method of dissemination of Notice of Settlement given to the Settlement Class was adequate and reasonable and constituted the best notice practicable under the circumstances, including both individual notice to all Settlement Class Members who could be identified through reasonable effort and publication notice.*

*Notice of Settlement, as given, complied with the requirements of Rule 23 of the Federal Rules of Civil Procedure, satisfied the requirements of due process, and constituted due and sufficient notice of the matters set forth herein.*

*Notice of the Settlement was provided to the appropriate regulators pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715(c)(1).*

**Judge Carlos Murguia,** *Whitton v. Deffenbaugh Industries, Inc. et al.* (Dec. 14, 2016) 2:12-cv-02247 and *Gary, LLC v. Deffenbaugh Industries, Inc. et al.* 2:13-cv-02634 (D. Kan.):

*The Court determines that the Notice Plan as implemented was reasonably calculated to provide the best notice practicable under the circumstances and contained all required information for members of the proposed Settlement Class to act to protect their interests. The Court also finds that Class Members were provided an adequate period of time to receive Notice and respond accordingly.*

**Judge Yvette Kane,** *In re Shop-Vac Marketing and Sales Practices Litigation* (Dec. 9, 2016) MDL No. 2380 (M.D. Pa.):

*The Court hereby finds and concludes that members of the Settlement Class have been provided the best notice practicable of the Settlement and that such notice satisfies all requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, and all other applicable laws.*

**Judge Timothy D. Fox,** *Miner v. Philip Morris USA, Inc.* (Nov. 21, 2016) 60CV03-4661 (Ark. Cir. Ct.):

*The Court finds that the Settlement Notice provided to potential members of the Class constituted the best and most practicable notice under the circumstances, thereby complying fully with due process and Rule 23 of the Arkansas Rules of Civil Procedure.*



# Judicial Quotes

**Judge Eileen Bransten,** *In re HSBC Bank USA, N.A.,* **as part of** *In re Checking Account Overdraft Litigation* (Oct. 13, 2016) 650562/2011 (Sup. Ct. N.Y.):

*This Court finds that the Notice Program and the Notice provided to Settlement Class members fully satisfied the requirements of constitutional due process, the N.Y. C.P.L.R., and any other applicable laws, and constituted the best notice practicable under the circumstances and constituted due and sufficient notice to all persons entitled thereto.*

**Judge Jerome B. Simandle,** *In re Caterpillar, Inc. C13 and C15 Engine Products Liability Litigation* (Sept. 20, 2016) MDL No. 2540 (D.N.J.):

*The Court hereby finds that the Notice provided to the Settlement Class constituted the best notice practicable under the circumstances. Said Notice provided due and adequate notice of these proceedings and the matters set forth herein, including the terms of the Settlement Agreement, to all persons entitled to such notice, and said notice fully satisfied the requirements of Fed. R. Civ. P. 23, requirements of due process and any other applicable law.*

**Judge Marcia G. Cooke,** *Chimeno-Buzzi v. Hollister Co. and Abercrombie & Fitch Co.* (Apr. 11, 2016) 14-cv-23120 (S.D. Fla.):

*Pursuant to the Court's Preliminary Approval Order, the Settlement Administrator, Epiq Systems, Inc., has complied with the approved notice process as confirmed in its Declaration filed with the Court on March 23, 2016. The Court finds that the notice process was designed to advise Class Members of their rights. The form and method for notifying Class Members of the settlement and its terms and conditions was in conformity with this Court's Preliminary Approval Order, constituted the best notice practicable under the circumstances, and satisfied the requirements of Federal Rule of Civil Procedure 23(c)(2)(B), the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, and due process under the United States Constitution and other applicable laws.*

**Judge Yvonne Gonzalez Rogers,** *In re Lithium Ion Batteries Antitrust Litigation* (Mar. 22, 2016) MDL No. 2420, 4:13-md-02420 (N.D. Cal.):

*From what I could tell, I liked your approach and the way you did it. I get a lot of these notices that I think are all legalese and no one can really understand them. Yours was not that way.*

**Judge Christopher S. Sontchi,** *In re Energy Future Holdings Corp et al.* (July 30, 2015) 14-cv-10979 (Bankr. D. Del.):

*Notice of the Asbestos Bar Date as set forth in this Asbestos Bar Date Order and in the manner set forth herein constitutes adequate and sufficient notice of the Asbestos Bar Date and satisfies the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.*

**Judge David C. Norton,** *In re MI Windows and Doors Inc. Products Liability Litigation* (July 22, 2015) MDL No. 2333, 2:12-mn-00001 (D.S.C.):

*The court finds that the Notice Plan, as described in the Settlement and related declarations, has been faithfully carried out and constituted the best practicable notice to Class Members under the circumstances of this Action, and was reasonable and constituted due, adequate, and sufficient notice to all Persons entitled to be provided with Notice.*

*The court also finds that the Notice Plan was reasonably calculated, under the circumstances, to apprise Class Members of: (1) the pendency of this class action; (2) their right to exclude themselves from the Settlement Class and the proposed Settlement; (3) their right to object to any aspect of the proposed Settlement (including final certification of the Settlement Class, the fairness, reasonableness, or adequacy of the proposed Settlement, the adequacy of the Settlement Class's representation by Named Plaintiffs or Class Counsel, or the award of attorney's and representative fees); (4) their right to appear at the fairness hearing (either on their own or through counsel hired at their own expense); and (5) the binding and preclusive effect of the orders and Final Order and Judgment in this Action, whether favorable or unfavorable, on all Persons who do not request exclusion from the Settlement Class. As such, the court finds that the Notice fully satisfied the requirements of the Federal Rules of Civil Procedure, including Federal Rule of Civil Procedure 23(c)(2) and (e), the United States Constitution (including the Due Process*



# Judicial Quotes

*Clause), the rules of this court, and any other applicable law, and provided sufficient notice to bind all Class Members, regardless of whether a particular Class Member received actual notice.*

**Judge Robert W. Gettleman,** *Adkins et al. v. Nestlé Purina PetCare Company et al.* (June 23, 2015) 1:12-cv-02871 (N.D. Ill.):

*Notice to the Settlement Class and other potentially interested parties has been provided in accordance with the notice requirements specified by the Court in the Preliminary Approval Order. Such notice fully and accurately informed the Settlement Class members of all material elements of the proposed Settlement and of their opportunity to object or comment thereon or to exclude themselves from the Settlement; provided Settlement Class Members adequate instructions and a variety of means to obtain additional information; was the best notice practicable under the circumstances; was valid, due, and sufficient notice to all Settlement Class members; and complied fully with the laws of the State of Illinois, Federal Rules of Civil Procedure, the United States Constitution, due process, and other applicable law.*

**Judge James Lawrence King,** *Steen v. Capital One, N.A.* (May 22, 2015) 2:10-cv-01505 (E.D. La.) and 1:10-cv-22058 (S.D. Fla.) as part of *In re Checking Account Overdraft Litigation*, MDL No. 2036 (S.D. Fla.):

*The Court finds that the Settlement Class Members were provided with the best practicable notice; the notice was reasonably calculated, under [the] circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections . . . This Settlement with Capital One was widely publicized, and any Settlement Class Member who wished to express comments or objections had ample opportunity and means to do so.*

**Judge Rya W. Zobel,** *Gulbankian et al. v. MW Manufacturers, Inc.* (Dec. 29, 2014) 1:10-cv-10392 (D. Mass.):

*This Court finds that the Class Notice was provided to the Settlement Class consistent with the Preliminary Approval Order and that it was the best notice practicable and fully satisfied the requirements of the Federal Rules of Civil Procedure, due process, and applicable law. The Court finds that the Notice Plan that was implemented by the Claims Administrator satisfies the requirements of FED. R. CIV. P. 23, 28 U.S.C. § 1715, and Due Process, and is the best notice practicable under the circumstances. The Notice Plan constituted due and sufficient notice of the Settlement, the Final Approval Hearing, and the other matters referred to in the notices. Proof of the giving of such notices has been filed with the Court via the Azari Declaration and its exhibits.*

**Judge Edward J. Davila,** *Rose v. Bank of America Corporation et al.* (Aug. 29, 2014) 5:11-cv-02390 & 5:12-cv-00400 (N.D. Cal.):

*The Court finds that the notice was reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of this action, all material elements of the Settlement, the opportunity for Settlement Class Members to exclude themselves from, object to, or comment on the settlement and to appear at the final approval hearing. The notice was the best notice practicable under the circumstances, satisfying the requirements of Rule 23(c)(2)(B); provided notice in a reasonable manner to all class members, satisfying Rule 23(e)(1)(B); was adequate and sufficient notice to all Class Members; and, complied fully with the laws of the United States and of the Federal Rules of Civil Procedure, due process and any other applicable rules of court.*

**Judge James A. Robertson, II,** *Wong et al. v. Alacer Corp.* (June 27, 2014) CGC-12-519221 (Sup. Ct. Cal.):

*Notice to the Settlement Class has been provided in accordance with the Preliminary Approval Order. Based on the Declaration of Cameron Azari dated March 7, 2014, such Class Notice has been provided in an adequate and sufficient manner, constitutes the best notice practicable under the circumstances and satisfies the requirements of California Civil Code Section 1781, California Civil Code of Civil Procedure Section 382, Rules 3.766 of the California Rules of Court, and due process.*

**Judge John Gleeson,** *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation* (Dec. 13, 2013) MDL No. 1720, 05-md-01720 (E.D.N.Y.):

*The Class Administrator notified class members of the terms of the proposed settlement through a mailed notice and publication campaign that included more than 20 million mailings and publication in more than 400 publications. The notice here meets the requirements of due process and notice standards . . . The objectors' complaints provide no reason to conclude that the purposes and requirements of a notice to a class were not met here.*



# Judicial Quotes

**Judge Lance M. Africk, *Evans et al. v. TIN, Inc. et al.*** (July 7, 2013) 2:11-cv-02067 (E.D. La.):

*The Court finds that the dissemination of the Class Notice… as described in Notice Agent Lauran Schultz's Declaration: (a) constituted the best practicable notice to Class Members under the circumstances; (b) constituted notice that was reasonably calculated, under the circumstances…; (c) constituted notice that was reasonable, due, adequate, and sufficient; and (d) constituted notice that fully satisfied all applicable legal requirements, including Rules 23(c)(2)(B) and (e)(1) of the Federal Rules of Civil Procedure, the United States Constitution (including Due Process Clause), the Rules of this Court, and any other applicable law, as well as complied with the Federal Judicial Center's illustrative class action notices.*

**Judge Edward M. Chen, *Marolda v. Symantec Corporation*** (Apr. 5, 2013) 3:08-cv-05701 (N.D. Cal.):

*Approximately 3.9 million notices were delivered by email to class members, but only a very small percentage objected or opted out … The Court … concludes that notice of settlement to the class was adequate and satisfied all requirements of Federal Rule of Civil Procedure 23(e) and due process. Class members received direct notice by email, and additional notice was given by publication in numerous widely circulated publications as well as in numerous targeted publications. These were the best practicable means of informing class members of their rights and of the settlement's terms.*

**Judge Ann D. Montgomery, *In re Zurn Pex Plumbing Products Liability Litigation*** (Feb. 27, 2013) MDL No. 1958, 08-md-01958 (D. Minn.):

*The form and content of the notices provided to the class were direct, understandable, and consistent with the "plain language" principles advanced by the Federal Judicial Center . . . The notice plan's multi-faceted approach to providing notice to settlement class members whose identity is not known to the settling parties constitutes "the best notice [\*26] that is practicable under the circumstances" consistent with Rule 23(c)(2)(B).*

**Magistrate Judge Stewart, *Gessele et al. v. Jack in the Box, Inc.*** (Jan. 28, 2013) 3:10-cv-00960 (D. Ore.):

*Moreover, plaintiffs have submitted [a] declaration from Cameron Azari, a nationally recognized notice expert, who attests that fashioning an effective joint notice is not unworkable or unduly confusing. Azari also provides a detailed analysis of how he would approach fashioning an effective notice in this case.*

**Judge Carl J. Barbier, *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 (Medical Benefits Settlement)*** (Jan. 11, 2013) MDL No. 2179 (E.D. La.):

*Through August 9, 2012, 366,242 individual notices had been sent to potential [Medical Benefits] Settlement Class Members by postal mail and 56,136 individual notices had been e-mailed. Only 10,700 mailings—or 3.3%—were known to be undeliverable. (Azari Decl. ¶¶ 8, 9.) Notice was also provided through an extensive schedule of local newspaper, radio, television and Internet placements, well-read consumer magazines, a national daily business newspaper, highly-trafficked websites, and Sunday local newspapers (via newspaper supplements). Notice was also provided in non-measured trade, business and specialty publications, African-American, Vietnamese, and Spanish language publications, and Cajun radio programming. The combined measurable paid print, television, radio, and Internet effort reached an estimated 95% of adults aged 18+ in the Gulf Coast region an average of 10.3 times each, and an estimated 83% of all adults in the United States aged 18+ an average of 4 times each. (Id. ¶¶ 8, 10.). All notice documents were designed to be clear, substantive, and informative. (Id. ¶ 5.).*

*The Court received no objections to the scope or content of the [Medical Benefits] Notice Program. (Azari Supp. Decl. ¶ 12.). The Court finds that the Notice and Notice Plan as implemented satisfied the best notice practicable standard of Rule 23(c) and, in accordance with Rule 23(e)(1), provided notice in a reasonable manner to Class Members who would be bound by the Settlement, including individual notice to all Class Members who could be identified through reasonable effort. Likewise, the Notice and Notice Plan satisfied the requirements of Due Process. The Court also finds the Notice and Notice Plan satisfied the requirements of CAFA.*

**Judge Carl J. Barbier, *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 (Economic and Property Damages Settlement)*** (Dec. 21, 2012) MDL No. 2179 (E.D. La.):

*The Court finds that the Class Notice and Class Notice Plan satisfied and continue to satisfy the applicable requirements of Federal Rule of Civil Procedure 23(c)(2)(b) and 23(e), the Class Action Fairness Act (28 U.S.C. § 1711 et seq.), and the Due Process Clause of the United States Constitution (U.S. Const., amend. V), constituting the best notice*



## Judicial Quotes

*that is practicable under the circumstances of this litigation. The notice program surpassed the requirements of Due Process, Rule 23, and CAFA. Based on the factual elements of the Notice Program as detailed below, the Notice Program surpassed all of the requirements of Due Process, Rule 23, and CAFA.*

*The Notice Program, as duly implemented, surpasses other notice programs … executed with court approval. The Notice Program included notification to known or potential Class Members via postal mail and e-mail; an extensive schedule of local newspaper, radio, television and Internet placements, well-read consumer magazines, a national daily business newspaper, and Sunday local newspapers. Notice placements also appeared in non-measured trade, business, and specialty publications, African-American, Vietnamese, and Spanish language publications, and Cajun radio programming. The Notice Program met the objective of reaching the greatest possible number of class members and providing them with every reasonable opportunity to understand their legal rights. See Azari Decl. ¶¶ 8, 15, 68. The Notice Program was substantially completed on July 15, 2012, allowing class members adequate time to make decisions before the opt-out and objections deadlines.*

*The media notice effort alone reached an estimated 95% of adults in the Gulf region an average of 10.3 times each, and an estimated 83% of all adults in the United States an average of 4 times each. These figures do not include notice efforts that cannot be measured, such as advertisements in trade publications and sponsored search engine listings. The Notice Program fairly and adequately covered and notified the class without excluding any demographic group or geographic area, and it exceeded the reach percentage achieved in most other court-approved notice programs.*

**Judge Alonzo Harris, *Opelousas General Hospital Authority, A Public Trust, D/B/A Opelousas General Health System and Arklamiss Surgery Center, L.L.C. v. FairPay Solutions, Inc.*** (Aug. 17, 2012) 12-C-1599 (27th Jud. D. Ct. La.):

*Notice given to Class Members and all other interested parties pursuant to this Court's order of April 18, 2012, was reasonably calculated to apprise interested parties of the pendency of the action, the certification of the Class as Defined for settlement purposes only, the terms of the Settlement Agreement, Class Members rights to be represented by private counsel, at their own costs, and Class Members rights to appear in Court to have their objections heard, and to afford persons or entities within the Class Definition an opportunity to exclude themselves from the Class. Such notice complied with all requirements of the federal and state constitutions, including the Due Process Clause, and applicable articles of the Louisiana Code of Civil Procedure, and constituted the best notice practicable under the circumstances and constituted due and sufficient notice to all potential members of the Class as Defined.*

**Judge James Lawrence King, *Sachar v. Iberiabank Corporation*** (Apr. 26, 2012) as part of ***In re Checking Account Overdraft*** MDL No. 2036 (S.D. Fla):

*The Court finds that the Notice previously approved was fully and properly effectuated and was sufficient to satisfy the requirements of due process because it described "the substantive claims … [and] contained information reasonably necessary to [allow Settlement Class Members to] make a decision to remain a class member and be bound by the final judgment."…. The Notice, among other things, defined the Settlement Class, described the release as well as the amount and method and manner of proposed distribution of the Settlement proceeds, and informed Settlement Class Members of their rights to opt-out or object, the procedures for doing so, and the time and place of the Final Approval Hearing. The Notice also informed Settlement Class Members that a class judgment would bind them unless they opted out, and told them where they could obtain more information, such as access to a full copy of the Agreement. Further, the Notice described in summary form the fact that Class Counsel would be seeking attorneys' fees of up to 30 percent of the Settlement. Settlement Class Members were provided with the best practicable notice "reasonably calculated, under [the] circumstances, to apprise them of the pendency of the action and afford them an opportunity to present their objections." Mullane, 339 U.S. at 314. The content of the Notice fully complied with the requirements of Rule 23.*

**Judge Bobby Peters, *Vereen v. Lowe's Home Centers*** (Apr. 13, 2012) SU10-cv-2267B (Ga. Super. Ct.):

*The Court finds that the Notice and the Notice Plan was fulfilled, in accordance with the terms of the Settlement Agreement, the Amendment, and this Court's Preliminary Approval Order and that this Notice and Notice Plan constituted the best practicable notice to Class Members under the circumstances of this action, constituted due and sufficient Notice of the proposed Settlement to all persons entitled to*



## Judicial Quotes

*participate in the proposed Settlement, and was in full compliance with Ga. Code Ann § 9-11-23 and the constitutional requirements of due process. Extensive notice was provided to the class, including point of sale notification, publication notice and notice by first-class mail for certain potential Class Members.*

*The affidavit of the notice expert conclusively supports this Court's finding that the notice program was adequate, appropriate, and comported with Georgia Code Ann. § 9-11-23(b)(2), the Due Process Clause of the Constitution, and the guidance for effective notice articulate in the FJC's Manual for Complex Litigation, 4th.*

**Judge Lee Rosenthal, *In re Heartland Payment Systems, Inc. Customer Data Security Breach Litigation*** (Mar. 2, 2012) MDL No. 2046 (S.D. Tex.):

*The notice that has been given clearly complies with Rule 23(e)(1)'s reasonableness requirement ... the notice plan after its implementation and conservatively estimated that notice reached 81.4 percent of the class members. (Docket Entry No. 106, ¶ 32). Both the summary notice and the detailed notice provided the information reasonably necessary for the presumptive class members to determine whether to object to the proposed settlement. See Katrina Canal Breaches, 628 F.3d at 197. Both the summary notice and the detailed notice "were written in easy-to-understand plain English." In re Black Farmers Discrimination Litig., — F. Supp. 2d —, 2011 WL 5117058, at *23 (D.D.C. 2011); accord AGGREGATE LITIGATION § 3.04(c).15 The notice provided "satisf[ies] the broad reasonableness standards imposed by due process" and Rule 23. Katrina Canal Breaches, 628 F.3d at 197.*

**Judge John D. Bates, *Trombley v. National City Bank*** (Dec. 1, 2011) 1:10-cv-00232 (D.D.C.) as part of ***In re Checking Account Overdraft Litigation*** MDL No. 2036 (S.D. Fla.):

*The form, content, and method of dissemination of Notice given to the Settlement Class were in full compliance with the Court's January 11, 2011 Order, the requirements of Fed. R. Civ. P. 23(e), and due process. The notice was adequate and reasonable, and constituted the best notice practicable under the circumstances. In addition, adequate notice of the proceedings and an opportunity to participate in the final fairness hearing were provided to the Settlement Class.*

**Judge Robert M. Dow, Jr., *Schulte v. Fifth Third Bank*** (July 29, 2011) 1:09-cv-06655 (N.D. Ill.):

*The Court has reviewed the content of all of the various notices, as well as the manner in which Notice was disseminated, and concludes that the Notice given to the Class fully complied with Federal Rule of Civil Procedure 23, as it was the best notice practicable, satisfied all constitutional due process concerns, and provided the Court with jurisdiction over the absent Class Members.*

**Judge Ellis J. Daigle, *Williams v. Hammerman & Gainer Inc.*** (June 30, 2011) 11-C-3187-B (27th Jud. D. Ct. La.):

*Notices given to Settlement Class members and all other interested parties throughout this proceeding with respect to the certification of the Settlement Class, the proposed settlement, and all related procedures and hearings—including, without limitation, the notice to putative Settlement Class members and others ... were reasonably calculated under all the circumstances and have been sufficient, as to form, content, and manner of dissemination, to apprise interested parties and members of the Settlement Class of the pendency of the action, the certification of the Settlement Class, the Settlement Agreement and its contents, Settlement Class members' right to be represented by private counsel, at their own cost, and Settlement Class members' right to appear in Court to have their objections heard, and to afford Settlement Class members an opportunity to exclude themselves from the Settlement Class. Such notices complied with all requirements of the federal and state constitutions, including the due process clause, and applicable articles of the Louisiana Code of Civil Procedures, and constituted the best notice practicable under the circumstances and constituted due and sufficient notice to all potential members of the Settlement Class.*

**Judge Stefan R. Underhill, *Mathena v. Webster Bank, N.A.*** (Mar. 24, 2011) 3:10-cv-01448 (D. Conn.) as part of ***In re Checking Account Overdraft Litigation*** MDL No. 2036 (S.D. Fla.):

*The form, content, and method of dissemination of Notice given to the Settlement Class were adequate and reasonable, and constituted the best notice practicable under the circumstances. The Notice, as given, provided valid, due, and sufficient notice of the proposed settlement, the terms and conditions set forth in the Settlement Agreement, and these proceedings to all persons entitled to such notice, and said notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process.*



## Judicial Quotes

**Judge Ted Stewart,** *Miller v. Basic Research, LLC* (Sept. 2, 2010) 2:07-cv-00871 (D. Utah):

*Plaintiffs state that they have hired a firm specializing in designing and implementing large scale, unbiased, legal notification plans. Plaintiffs represent to the Court that such notice will include: 1) individual notice by electronic mail and/or first-class mail sent to all reasonably identifiable Class members; 2) nationwide paid media notice through a combination of print publications, including newspapers, consumer magazines, newspaper supplements and the Internet; 3) a neutral, Court-approved, informational press release; 4) a neutral, Court-approved Internet website; and 5) a toll-free telephone number. Similar mixed media plans have been approved by other district courts post class certification. The Court finds this plan is sufficient to meet the notice requirement.*

**Judge Sara Loi,** *Pavlov v. Continental Casualty Co.* (Oct. 7, 2009) 5:07-cv-02580 (N.D. Ohio):

*[T]he elaborate notice program contained in the Settlement Agreement provides for notice through a variety of means, including direct mail to each class member, notice to the United States Attorney General and each State, a toll free number, and a website designed to provide information about the settlement and instructions on submitting claims. With a 99.9% effective rate, the Court finds that the notice program constituted the "best notice that is practicable under the circumstances," Fed. R. Civ. P. 23(c)(2)(B), and clearly satisfies the requirements of Rule 23(c)(2)(B).*

**Judge James Robertson,** *In re Department of Veterans Affairs (VA) Data Theft Litigation* (Sept. 23, 2009) MDL No. 1796 (D.D.C.):

*The Notice Plan, as implemented, satisfied the requirements of due process and was the best notice practicable under the circumstances. The Notice Plan was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the action, the terms of the Settlement, and their right to appear, object to or exclude themselves from the Settlement. Further, the notice was reasonable and constituted due, adequate and sufficient notice to all persons entitled to receive notice.*



# Legal Noticing Cases

Epiq Legal Noticing has served as a notice expert for planning, implementation and/or analysis in the following cases (this is a partial list of cases):

| Case Name | Court & Case No. |
|---|---|
| *Beauford v. The Johns Hopkins Hospital, Inc. et al.* (Pixel) | Cir. Ct. Baltimore Cnty., No. C-03-CV-23-000501 |
| *Doe v. Clinivate, LLC* | Sup. Ct. Cnty. of Contra Costa, Cal., No. C22-01620 |
| *Barletti et al. v. Connexin Software, Inc. d/b/a Office Practicum* (Data Breach) | E.D. Penn., No. 2:22-cv-04676 |
| *Guy et al. v. Convergent Outsourcing, Inc.* (Data Breach) | W.D. Wash., No. 2:22-cv-01558 |
| *Farley et al. v. Eye Care Leaders Holding, LLC* (Data Breach) | M.D.N.C., No. 1:22-cv-00468 |
| *In re Wright & Filippis, LLC Data Security Breach Litigation* | E.D. Mich., No. 2:22-cv-12908 |
| *Holden et al. v. Guardian Analytics, Inc. et al.* (Data Breach) | D.N.J., No. 2:23-cv-2U5 |
| *Bobo et al. v. Clover Network, LLC* (TCPA) | 18th Jud. Cir., Cir. Ct., Dupage Cnty. Ill., No. 2023CH000168 |
| *Dam v. Perkins Coie, LLP et al.* (Crypto) | E.D. Wash., No. 2:20-CV-00464 |
| *Hoover et al. v. Camping World Group, LLC et al.* (Data Breach) | 18th Jud. Cir., Cir. Ct., DuPage Cnty, Ill., No. 2023LA00037 |
| *In re Hope College Data Security Breach Litigation* | W.D. Mich., No. 1:22-cv-01224 |
| *Shaffer et al. v. George Washington University et al.* (Tuition Fees) | D.D.C., No. 20-1145 |
| *In re U.S. Vision Data Breach Litigation* | D.N.J., No. 1:22-cv-06558 |
| *Qureshi et al. v. American University* (Tuition Fees) | D.D.C., No. 1:20-cv-01141 |
| *In re Canon U.S.A. Data Breach Litigation* | E.D.N.Y., No. 1:20-cv-06239 |
| *Patterson et al. v. DPP II LLC et al.* (Data Breach) | Dist. Ct of Dallas Cnty., Tex., No. DC-23-01733 |
| *In re Hyundai and Kia Engine Litigation II* | C.D. Cal, No. 8:18-cv-02223 |
| *Perez et al. v. Discover Bank* (Alienage & Immigration Status Discrimination - Civil Rights for Loans) | N.D. Cal., No. 3:20-cv-06896 |
| *In re Google Location History Litigation* | N.D. Cal., No. 5:18-cv-05062 |
| *Finn and Contristano v. Empress Ambulance Services, Inc.* (Data Breach) | Sup. Ct. N.Y., Cnty. of Westchester, No. 61058/2023 |
| *Ward-Howie v. Frontwave Credit Union* (Bank Fees) | Sup. Ct. Cal. San Diego Cnty., Cal., No. 37-2022-00016328 |
| *Morrow et al. v. Navy Federal Credit Union* (Bank Fees) | E.D. Va., No. 1:21-cv-00722 |
| *In re Goodman Campbell Brain and Spine Data Incident Litigation* | Ind. Comm. Ct., No. 49D01-2207-PL-024807 |
| *Healy et al. v. Reiter Affiliated Companies, LLC* (Data Breach) | Sup. Ct. Cal., Cnty. of Monterey, No. 22-cv-003056 |
| *Wells Fargo Bank, N.A. v. Agak* (Bank Fees) | Sup. Ct. Cnty. of Ventura, Cal., No. 56-2017-00500587-CL-CL-VTA |



## Legal Noticing Cases

| Case Name | Court & Case No. |
|---|---|
| *Crema v. Apple Inc. and Apple Canada Inc.* (Apple iPhone 6, 6 Plus, 6s, 6s Plus, SE, 7 or 7 Plus Smartphone; iPhone Power Management Settlement; Product Defect) | Sup. Ct. of B.C., No. S188008 |
| *Lara v. Lubbock Heart Hospital, LLC, dba Lubbock Heart & Surgical Hospital* (Data Breach) | N.D. Tex., No. 5:23-cv-00036 |
| *Hu et al. v. BMW of North America LLC et al.* (Product Liability Auto Emissions) | D.N.J., No. 2:18-cv-04363 |
| *Williams et al. v. Tallahassee Memorial Healthcare, Inc.* (Data Breach) | 2nd Jud. Cir. Ct., Leon Cnty. Fla., No. 2023 CA 001430 |
| *Doe v. Lima Memorial Hospital et al.* (Pixel) | Ct. of Common Pleas Allen Cnty. Ohio, No. CV2022 0490 |
| *Mikulecky et al. v. Lutheran Social Services of Illinois* (Data Breach) | Cir. Ct. Cook Cnty. Ill., No. 2023-CH-00895 |
| *In re Lipitor Antitrust Litigation* (End Payors - TPPs & Consumers) (Antitrust) | D.N.J., No. 3:12-cv-2389; MDL. 2332 |
| *In re American Financial Resources, Inc. Data Breach Litigation* | D.N.J., No. 2:22-cv-01757 |
| *Lemar Agnew v.Foris DAX, Inc. d/b/a Crypto.com* (Cryptocurrency BIPA) | Cir. Ct. Cook Cnty. Ill., No. 2024-CH-00435 |
| *Domitrovich et al. v. M.C. Dean, Inc.* (Data Breach) | E.D. Vir., No. 1:23-cv-00210 |
| *Moradpour v. Velodyne Lidar, Inc. et al.* (Securities) | N.D. Cal., No. 3:21-cv-01486 |
| *Guy et al. v. Convergent Outsourcing, Inc.* (Data Breach) | W.D. Wash., No. 2:22-cv-01558 |
| *Briscoe et al. v. First Financial Credit Union* (Data Breach) | 2nd. Jud. Dist. Cnty. of Bernalillo, N.M., No. D-202-CV-2022-02974 |
| *Niewinski et al. v. State Farm Life Insurance Company et al.* (Universal Life Insurance Policies) | W.D. Mo., No. 23-04159-CV |
| *Sherwood et al. v. Horizon Actuarial Services, LLC* (Data Breach) | N.D. Ga., No. 1:22-cv-01495 |
| *Prescott et al. v. Reckitt Benckiser LLC* (False Advertising) | N.D. Cal, No. 5:20-cv-02101 |
| *Kaether et al. v. Metropolitan Area EMS Authority D/B/A MedStar Mobile Healthcare* (Data Breach) | Dist. Ct. Tarrant Cnty., Tex. No. 342-339562-23 |
| *In re Waste Management Data Breach Litigation* | S.D. N.Y., No. 1:21-cv-06199 |
| *Medina et al. v. PracticeMax, Inc.* (Data Breach) | D. Ariz., No. CV-22-01261 |
| *Cavanaugh et al. v. Grenville Christian College et al.* | Sup. Ct. of Justice – Ontario, No. 08-CV-347100-00 |
| *Bandy v. TOC Enterprises, Inc. d/b/a Tennessee Orthopaedic Clinics, a division of Tennessee Orthopaedic Alliance, P.A.* (Data Breach) | M.D. Tenn., No. 3:23-cv-00598 |
| *Sayas et al. v. Biometric Impressions Corp.* (BIPA) | Cir. Ct. Cook Cnty. Ill., No. 2020 CH 00201 |
| *Nimsey v. Tinker Federal Credit Union* (Overdraft Fees) | Dist. Ct. Oklahoma Cnty., Okla., No. CJ-2019-6084 |
| *Fiorentino v. Flosports, Inc.* (VPPA) | D. Mass., No. 1:22-cv-11502 |
| *Nielsen v. Walt Disney Parks and Resorts U.S., Inc.,* (Consumer False Advertising) | C.D. Cal, No. 8:21-cv-02055 |



# Legal Noticing Cases

| Case Name | Court & Case No. |
|---|---|
| *Mayheu et al. v. Chick-fil-A Inc.* (Delivery Fees & Menu Prices) | Sup. Ct. Fulton Cnty., Ga., No.2022CV365400 |
| *Arevalo et al. v. USAA Casualty Insurance Company et al.* (Consumer) | Dist. Ct., Bexar County, Tex. 285th Jud. Dist, No. 202-CI-16240 |
| *In re McKinsey & Co., Inc. National Prescription Opiate Consultant Litigation All School District* | N.D. Cal., No. 3:21-md-02996-CRB |
| *In re McKinsey & Co., Inc. National Prescription Opiate Consultant Litigation Subdivision* | N.D. Cal., No. 3:21-md-02996-CRB |
| Beasley et al. v. *TTEC Services Corporation; Anderson v. TTEC Services Corporation* (Data Breach) | D. Col, No. 22-cv-00097; No. 22-cv-00347 |
| *In re PFA Insurance Marketing Litigation* | N.D. Cal, No. 4:18-cv-03771 YGR |
| *Stauber v. Sudler Property Management* (Data Breach) | 18th Jud. Cir., Cir. Ct., DuPage Cnty, Ill, No. 2023LA000411 |
| *In re Accellion, Inc. Data Breach Litigation Accellion; Harbour et al. v. California Health & Wellness et al. (Health Net)* | N.D. Cal., MDL 3002, No. 5:21-CV-01155; 5:21-cv-03322-EJD |
| *Roberts et al. v. Zuora Inc. et al.* (Securities) | N.D. Cal., No. 3:19-cv-03422 |
| *Black v. USAA Casualty Insurance* (Auto Insurance) | N.D. Ga., No. 1:21-cv-01363 |
| *Alexander et al. v. Salud Family Health, Inc.* | 19th Dist. Ct. Greeley Cnty., Col., No. 2023CV030580 |
| *Jackson et al. v. Fandango Media, LLC* (VPPA) | 18th Jud. Cir. Ct. Dupage Cnty., Ind., No. 2023LA000631 |
| *In re Cattle and Beef Antitrust Litigation* | D.Minn., No. 22-3031 |
| *Ross et al. v. Panda Restaurant Group, Inc.* | Sup. Ct. Cal., Cnty of Los Angeles, No. 21STCV03662 |
| *Fernandez et al. v. 90 Degree Benefits Wisconsin et al.* | E.D. Wis., No. 2:22-cv-00799 |
| *Gudgel et al. v. Reynolds Consumer Products, Inc. et al.* | Cir. Ct. 19th Jud. Cir., Lake Cnty, Ill., No. 23LA00000486 |
| *Julien et al. v. Cash Express, LLC* (Data Breach) | Cir. Ct. Putnam Cnty., Tenn., No. 2022-CV-221 |
| *Sharma et al. v. Accutech Systems Corporation* (Data Breach) | Cir. Ct. 2, Del. Cnty, Ind., No. 18C02-2210-CT-000135 |
| *Young et al. v. Military Advantage, Inc. d/b/a Military.com* | 18th Jud. Cir., Cir. Ct., DuPage Cnty, Ill., No. 2023LA00535 |
| *Lukens v. Utah Imaging Associates, Inc.* | 3rd Dist. Ct., Salt Lake Cnty., Utah, No. 210906618 |
| *Miranda v. Xavier University* (Tuition) | S.D. Ohio, No. 1:20-cv-00539 |
| *Holly Wedding et al. vs. California Public Employees' Retirement System et al.* (Calpers II Settlement) | Sup. Ct. Cnty of Los Angeles, Cal., No. BC517444 |
| *Hrebenar v. Davis Yulee LLC, d/b/a Davis Chrysler Dodge Jeep Ram of Julee* (Florida Telephone Solicitation Act) | 11th Jud. Cir. Ct. Miami-Dade Cnty., Fla., No. 2023-001405-CA-01 |
| *Gulf Coast Injury Center, LLC, A/A/O Jordan Rimert v. Esurance Property and Casualty Insurance Company* (Property and Casualty Insurance) | Cir. Ct. 13th Jud. Cir. Hillsborough Cnty, Fla., No. 21-CA-002738 |
| *Perry v. Schnuck Markets, Inc.* (Consumer Product) | Cir. Ct. City of St. Louis, Mo., No. 2022-CC10425 |



# Legal Noticing Cases

| Case Name | Court & Case No. |
|---|---|
| *Gold et al. v. New York Life Insurance Co. et al.* (FLSA Wage / Overtime) | Sup. Ct. N.Y., Cnty of New York, No. 653923/2012 |
| *Banks et al. v. Allstate Fire & Casualty Insurance Company* (Auto Insurance PIP) | M.D. Penn., No. 19-cv-01617 |
| *Dyck v. Tahoe Resources, Inc.* (Securities) | Sup. Ct. of Justice – Ontario, No. CV-18-00606411-00CP |
| *Ambrose et al. v. Boston Globe Media Partners, LLC.* (VPPA) | D. Mass., No. 1:22-cv-10195 |
| *King et al. v. PeopleNet Corporation* (Undisclosed Data Collection) | Cir. Ct. Cook Cnty., Ill., No. 2021-CH-01602 |
| *South et al. v. Progressive Select Insurance Company* (Automobile Total Loss) | S.D.Fla., No. 19-21760-CIV |
| *Paris et al. v. Progressive American Insurance Company et al.* (Automobile Total Loss) | S.D.Fla., No. 19-21761-CIV |
| *Silva et al. v. Connected Investors, Inc.* (TCPA) | E.D.N.C., No. 7:21-cv-00074 |
| *In re Juul Labs, Inc., Marketing, Sales Practices, and Products Liability Litigation* (Juul and Altria Settlements) | N.D. Cal., No. 19-md-02913 |
| *Dusko v. Delta Airlines, Inc.* (Airline Ticket Refunds) | N.D. Ga., 1:20-cv-01664 |
| *Rogowski et al. v. State Farm Life Insurance Company et al.* (Whole Life or Universal Life Insurance) | W.D. Mo., No. 4:22-cv-00203 |
| *Ingram v. Jamestown Import Auto Sales, Inc. d/b/a Kia of Jamestown* (TCPA) | W.D.N.Y., No. 1:22-cv-00309 |
| *In re Hyundai and Kia Engine Litigation II* | C.D. Cal., No. 8:18-cv-02223 |
| *In re Midwestern Pet Foods Marketing, Sales Practices and Product Liability Litigation* | S.D. Ind., No. 3:21-cv-00007 |
| *Meier v. Prosperity Bank* (Bank Fees & Overdraft) | 239th Jud. Dist., Brazoria Cnty, Tex., No. 109569-CV |
| *Middleton et al. v. Liberty Mutual Personal Insurance Company et al.* (Auto Insurance Claims Sales Tax) | S.D. Ohio, No. 1:20-cv-00668 |
| *Checchia v. Bank of America, N.A.* (Bank Fees) | E.D. Penn., No. 2:21-cv-03585 |
| *McCullough v. True Health New Mexico, Inc.* (Data Breach) | 2nd Dist. Ct, N.M., No. D-202-CV-2021-06816 |
| *Sonterra Capital Master Fund Ltd. v. Credit Suisse Group AG et al.* (Swiss Franc LIBOR-Based Derivatives) | S.D.N.Y., No. 1:15-cv-00871 |
| *Duggan et al. v. Wings Financial Credit Union* (Bank Fees) | Dist. Ct., Dakota Cnty., Minn., No. 19AV-cv-20-2163 |
| *Miller v. Bath Saver, Inc. et al.* (TCPA) | M.D. Penn., No. 1:21-cv-01072 |
| *Chapman v. Insight Global LLC.* (Data Breach) | M.D. Penn., No. 1:21-cv-00824 |
| *Thomsen et al. v. Morley Cos., Inc.* (Data Breach) | E.D. Mich., No. 1:22-cv-10271 |
| *Walker v Highmark BCBSD Health* (TCPA) | W.D. Penn., No. 20-cv-01975 |
| *In re Scripps Health Data Incident Litigation* (Data Breach) | Sup. Ct. Cal. Cnty. of San Diego, No. 37-2021-00024103 |
| *In re Robinhood Outage Litigation* (Trading Outage) | N.D. Cal., No. 3:20-cv-01626 |



# Legal Noticing Cases

| Case Name | Court & Case No. |
|---|---|
| *Dickens et al. v. Thinx, Inc.* (Consumer Product) | S.D.N.Y., No. 1:22-cv-04286 |
| *Service et al. v. Volkswagen Group of America et al.* (Data Breach) | Sup. Ct. Cal. Cnty. of Contra Costa, No. C22-01841 |
| *Paris et al. v. Progressive American et al. & South v. Progressive Select Insurance Company* (Automobile Total Loss) | S.D. Fla., No. 19-cv-21761 & 19-cv-21760 |
| *Wenston Desue et al. v. 20/20 Eye Care Network, Inc. et al.* (Data Breach) | S.D. Fla., No. 21-cv-61275 |
| *Rivera v. IH Mississippi Valley Credit Union* (Overdraft) | Cir. Ct 14th Jud. Cir., Rock Island Cnty., Ill., No. 2019 CH 299 |
| *Guthrie v. Service Federal Credit Union* (Overdraft) | Sup. Ct. Rockingham Cnty, N.H., No. 218-2021-CV-00160 |
| *Churchill et al. v. Bangor Savings Bank* (Overdraft) | Maine Bus. & Consumer Ct., No. BCD-CIV-2021-00027 |
| *Opelousas General Hospital Authority. v. Louisiana Health Service & Indemnity Company d/b/a Blue Cross and Blue Shield of Louisiana* (Medical Insurance) | 27th Jud. D. Ct. La., No. 16-C-3647 |
| *Brower v. Northwest Community Credit Union* (Bank Fees) | Ore. Dist. Ct. Multnomah Cnty., No. 20CV38608 |
| *Kent et al. v. Women's Health USA, Inc. et al.* (IVF Antitrust Pricing) | Sup. Ct. Jud. Dist. of Stamford/Norwalk, Conn., No. FST-CV-21-6054676-S |
| *In re U.S. Office of Personnel Management Data Security Breach Litigation* | D.D.C., No. MDL No. 2664, 15-cv-01394 |
| *In re fairlife Milk Products Marketing and Sales Practices Litigation* (False Labeling & Marketing) | N.D. Ill., No. MDL No. 2909, No. 1:19-cv-03924 |
| *In re Zoom Video Communications, Inc. Privacy Litigation* | N.D. Cal., No. 3:20-cv-02155 |
| *Browning et al. v. Anheuser-Busch, LLC* (False Advertising) | W.D. Mo., No. 20-cv-00889 |
| *Callen v. Daimler AG and Mercedes-Benz USA, LLC* (Interior Trim) | N.D. Ga., No. 1:19-cv-01411 |
| *In re Disposable Contact Lens Antitrust Litigation* (Alcon Laboratories, Inc. and Johnson & Johnson Vision Care, Inc.) (Unilateral Pricing Policies) | M.D. Fla., No. 3:15-md-02626 |
| *Ford et al. v. [24]7.ai, Inc.* (Data Breach - Best Buy Data Incident) | N.D. Cal., MDL No. 2863, No. 5:18-cv-02770 |
| *In re Takata Airbag Class Action Settlement* - Australia Settlement *Louise Haselhurst v. Toyota Motor Corporation Australia Limited Kimley Whisson v. Subaru (Aust) Pty Limited Akuratiya Kularathne v. Honda Australia Pty Limited Owen Brewster v. BMW Australia Ltd Jaydan Bond v. Nissan Motor Co (Australia) Pty Limited Camilla Coates v. Mazda Australia Pty Limited* | Australia; NSWSC, No. 2017/00340824 No. 2017/00353017 No. 2017/00378526 No. 2018/00009555 No. 2018/00009565 No. 2018/00042244 |
| *In re Pork Antitrust Litigation (Commercial and Institutional Indirect Purchaser Actions - CIIPPs)* (Smithfield Foods, Inc.) | D. Minn., No. 0:18-cv-01776 |
| *Jackson v. UKG Inc., f/k/a The Ultimate Software Group, Inc.* (Biometrics) | Cir. Ct. of McLean Cnty., Ill., No. 2020L31 |
| *In re Capital One Consumer Data Security Breach Litigation* | E.D. Va., MDL No. 2915, No. 1:19-md-02915 |
| *Aseltine v. Chipotle Mexican Grill, Inc.* (Food Ordering Fees) | Cir. Ct. Cal. Alameda Cnty., No. RG21088118 |



# Legal Noticing Cases

| Case Name | Court & Case No. |
|---|---|
| *In re Morgan Stanley Data Security Litigation* | S.D.N.Y., No. 1:20-cv-05914 |
| *DiFlauro et al. v. Bank of America, N.A.* (Mortgage Bank Fees) | C.D. Cal., No. 2:20-cv-05692 |
| *In re California Pizza Kitchen Data Breach Litigation* | C.D. Cal., No. 8:21-cv-01928 |
| *Breda v. Cellco Partnership d/b/a Verizon Wireless* (TCPA) | D. Mass., No. 1:16-cv-11512 |
| *Snyder et al. v. The Urology Center of Colorado, P.C.* (Data Breach) | 2nd Dist. Ct, Cnty. of Denver Col., No. 2021CV33707 |
| *Dearing v. Magellan Health Inc. et al.* (Data Breach) | Sup. Ct. Cnty. of Maricopa, Ariz., No. CV2020-013648 |
| *Torretto et al. v. Donnelley Financial Solutions, Inc. and Mediant Communications Inc.* (Data Breach) | S.D.N.Y., No. 1:20-cv-02667 |
| *In re Takata Airbag Products Liability Litigation* (Volkswagen) | S.D. Fla., MDL No. 2599, No. 1:15-md-02599 |
| *Beiswinger v. West Shore Home, LLC* (TCPA) | M.D. Fla., No. 3:20-cv-01286 |
| *Cochran et al. v. The Kroger Co. et al.* (Data Breach) | N.D. Cal., No. 5:21-cv-01887 |
| *Arthur et al. v. McDonald's USA, LLC et al.; Lark et al. v. McDonald's USA, LLC et al.* (Biometrics) | Cir. Ct. St. Clair Cnty., Ill., Nos. 20-L-0891; 1-L-559 |
| *Kostka et al. v. Dickey's Barbecue Restaurants, Inc. et al.* (Data Breach) | N.D. Tex., No. 3:20-cv-03424 |
| *Scherr v. Rodan & Fields, LLC; Gorzo et al. v. Rodan & Fields, LLC* (Lash Boost Mascara Product) | Sup. Ct. of Cal., Cnty. San Bernadino, No. CJC-18-004981; Sup. Ct. of Cal., Cnty. of San Francisco, Nos. CIVDS 1723435 and CGC-18-565628 |
| *Fernandez v. Rushmore Loan Management Services LLC* (Mortgage Loan Fees) | C.D. Cal., No. 8:21-cv-00621 |
| *Abramson v. Safe Streets USA LLC* (TCPA) | E.D.N.C., No. 5:19-cv-00394 |
| *Stoll et al. v. Musculoskeletal Institute, Chartered d/b/a Florida Orthopaedic Institute* (Data Breach) | M.D. Fla., No. 8:20-cv-01798 |
| *Mayo v. Affinity Plus Federal Credit Union* (Overdraft) | 4th Jud. Dist. Ct. Minn., No. 27-cv-11786 |
| *Johnson v. Moss Bros. Auto Group, Inc. et al.* (TCPA) | C.D. Cal., No. 5:19-cv-02456 |
| *Muransky et al. v. The Cheesecake Factory, Inc. et al.* (FACTA) | Sup. Ct. Cal. Cnty. of Los Angeles, No. 19 stcv43875 |
| *Haney v. Genworth Life Ins. Co.* (Long Term Care Insurance) | E.D. Va., No. 3:22-cv-00055 |
| *Halcom v. Genworth Life Ins. Co.* (Long Term Care Insurance) | E.D. Va., No. 3:21-cv-00019 |
| *Mercado et al. v. Verde Energy USA, Inc.* (Variable Rate Energy) | N.D. Ill., No. 1:18-cv-02068 |
| *Fallis et al. v. Gate City Bank* (Overdraft) | East Cent. Dist. Ct. Cass Cnty. N.D., No. 09-2019-cv-04007 |
| *Sanchez et al. v. California Public Employees' Retirement System et al.* (Long Term Care Insurance) | Sup. Ct. Cal. Cnty. of Los Angeles, No. BC 517444 |
| *Hameed-Bolden et al. v. Forever 21 Retail, Inc. et al.* (Data Breach for Payment Cards) | C.D. Cal., No. 2:18-cv-03019 |



# Legal Noticing Cases

| Case Name | Court & Case No. |
| --- | --- |
| *Wallace v. Wells Fargo* (Overdraft Fees on Uber and Lyft One-Time Transactions) | Sup. Ct. Cal. Cnty. of Santa Clara, No. 17-cv-317775 |
| *In re Turkey Antitrust Litigations* (Commercial and Institutional Indirect Purchaser Plaintiffs' Action – CIIPPs) *Sandee's Bakery d/b/a Sandee's Catering Bakery & Deli et al. v. Agri Stats, Inc.* | N.D. Ill., No. 1:20-cv-02295 |
| *Coleman v. Alaska USA Federal Credit Union* (Retry Bank Fees) | D. Alaska, No. 3:19-cv-00229 |
| *Fiore et al. v. Ingenious Designs, L.L.C. and HSN, Inc.* (My Little Steamer) | E.D.N.Y., No. 1:18-cv-07124 |
| *In re Pork Antitrust Litigation (Commercial and Institutional Indirect Purchaser Actions - CIIPPs)* (JBS USA Food Company, JBS USA Food Company Holdings) | D. Minn., No. 0:18-cv-01776 |
| *Lozano v. CodeMetro Inc.* (Data Breach) | Sup. Ct. Cal. Cnty. of San Diego, No. 37-2020-00022701 |
| *Yamagata et al. v. Reckitt Benckiser LLC* (Schiff Move Free® Advanced Glucosamine Supplements) | N.D. Cal., No. 3:17-cv-03529 |
| *Cin-Q Automobiles, Inc. et al. v. Buccaneers Limited Partnership* (TCPA) | M.D. Fla., No. 8:13-cv-01592 |
| *Thompson et al. v. Community Bank, N.A.* (Overdraft) | N.D.N.Y., No. 8:19-cv-00919 |
| *Bleachtech L.L.C. v. United Parcel Service Co.* (Declared Value Shipping Fees) | E.D. Mich., No. 2:14-cv-12719 |
| *Silveira v. M&T Bank* (Mortgage Fees) | C.D. Cal., No. 2:19-cv-06958 |
| *In re Toll Roads Litigation; Borsuk et al. v. Foothill/Eastern Transportation Corridor Agency et al.* (OCTA Settlement - Collection & Sharing of Personally Identifiable Information) | C.D. Cal., No. 8:16-cv-00262 |
| *In re Toll Roads Litigation* (3M/TCA Settlement - Collection & Sharing of Personally Identifiable Information) | C.D. Cal., No. 8:16-cv-00262 |
| *Pearlstone v. Wal-Mart Stores, Inc.* (Sales Tax) | C.D. Cal., No. 4:17-cv-02856 |
| *Zanca et al. v. Epic Games, Inc.* (Fortnite or Rocket League Video Games) | Sup. Ct. Wake Cnty. N.C., No. 21-CVS-534 |
| *In re Flint Water Cases* | E.D. Mich., No. 5:16-cv-10444 |
| *Kukorinis v. Walmart, Inc.* (Weighted Goods Pricing) | S.D. Fla., No. 1:19-cv-20592 |
| *Grace v. Apple, Inc.* (Apple iPhone 4 and iPhone 4S Devices) | N.D. Cal., No. 17-cv-00551 |
| *Alvarez v. Sirius XM Radio Inc.* | C.D. Cal., No. 2:18-cv-08605 |
| *In re Pre-Filled Propane Tank Antitrust Litigation* | W.D. Mo., No. MDL No. 2567, No. 14-cv-02567 |
| *In re Disposable Contact Lens Antitrust Litigation* (ABB Concise Optical Group, LLC) (Unilateral Pricing Policies) | M.D. Fla., No. 3:15-md-02626 |
| *Morris v. Provident Credit Union* (Overdraft) | Sup. Ct. Cal. Cnty. of San Fran., No. CGC-19-581616 |
| *Pennington v. Tetra Tech, Inc. et al.* (Property) | N.D. Cal., No. 3:18-cv-05330 |
| *Maldonado et al. v. Apple Inc. et al.* (Apple Care iPhone) | N.D. Cal., No. 3:16-cv-04067 |



# Legal Noticing Cases

| Case Name | Court & Case No. |
|---|---|
| *UFCW & Employers Benefit Trust v. Sutter Health et al.* (Self-Funded Payors) | Sup. Ct. of Cal., Cnty. of San Fran., No. CGC 14-538451 Consolidated with CGC-18-565398 |
| *Fitzhenry v. Independent Home Products, LLC* (TCPA) | D.S.C., No. 2:19-cv-02993 |
| *In re Hyundai and Kia Engine Litigation and Flaherty v. Hyundai Motor Company, Inc. et al.* | C.D. Cal., Nos. 8:17-cv-00838 & 18-cv-02223 |
| *Sager et al. v. Volkswagen Group of America, Inc. et al.* | D.N.J., No. 18-cv-13556 |
| *Bautista v. Valero Marketing and Supply Company* | N.D. Cal., No. 3:15-cv-05557 |
| *Richards et al. v. Chime Financial, Inc.* (Service Disruption) | N.D. Cal., No. 4:19-cv-06864 |
| *In re Health Insurance Innovations Securities Litigation* | M.D. Fla., No. 8:17-cv-02186 |
| *Fox et al. v. Iowa Health System d.b.a. UnityPoint Health* (Data Breach) | W.D. Wis., No. 18-cv-00327 |
| *Smith v. Costa Del Mar, Inc.* (Sunglasses Warranty) | M.D. Fla., No. 3:18-cv-01011 |
| *Al's Discount Plumbing et al. v. Viega, LLC* (Building Products) | M.D. Pa., No. 19-cv-00159 |
| *Rose v. The Travelers Home and Marine Insurance Company et al.* | E.D. Pa., No. 19-cv-00977 |
| *Eastwood Construction LLC et al. v. City of Monroe The Estate of Donald Alan Plyler Sr. et al. v. City of Monroe* | Sup. Ct. N.C., Nos. 18-CVS-2692 & 19-CVS-1825 |
| *Garvin v. San Diego Unified Port District* | Sup. Ct. Cal., No. 37-2020-00015064 |
| *Consumer Financial Protection Bureau v. Siringoringo Law Firm* | C.D. Cal., No. 8:14-cv-01155 |
| *Robinson v. Nationstar Mortgage LLC* | D. Md., No. 8:14-cv-03667 |
| *Drazen v. GoDaddy.com, LLC* and *Bennett v. GoDaddy.com, LLC (TCPA)* | S.D. Ala., No. 1:19-cv-00563 |
| *In re Libor-Based Financial Instruments Antitrust Litigation* | S.D.N.Y., MDL No. 2262, No. 1:11-md-2262 |
| *Izor v. Abacus Data Systems, Inc.* (TCPA) | N.D. Cal., No. 19-cv-01057 |
| *Ciuffitelli et al. v. Deloitte & Touche LLP et al.* | D. Ore., No. 3:16-cv-00580 |
| *In re Wells Fargo Collateral Protection Insurance Litigation* | C.D. Cal., No. 8:17-ml-02797 |
| *In re Roman Catholic Diocese of Harrisburg* | Bank. Ct. M.D. Pa., No. 1:20-bk-00599 |
| *Denier et al. v. Taconic Biosciences, Inc.* | Sup Ct. N.Y., No. 00255851 |
| *Robinson v. First Hawaiian Bank* (Overdraft) | Cir. Ct. of First Cir. Haw., No. 17-1-0167-01 |
| *Burch v. Whirlpool Corporation* | W.D. Mich., No. 1:17-cv-00018 |
| *Armon et al. v. Washington State University* (Data Breach) | Sup. Ct. Wash., No. 17-2-23244-1 consolidated with No. 17-2-25052-0 |
| *Wilson et al. v. Volkswagen Group of America, Inc. et al.* | S.D. Fla., No. 17-cv-23033 |
| *Prather v. Wells Fargo Bank, N.A.* (TCPA) | N.D. Ill., No. 1:17-cv-00481 |



# Legal Noticing Cases

| Case Name | Court & Case No. |
|---|---|
| *Cook et al. v. South Carolina Public Service Authority et al.* | Ct. of Com. Pleas. 13th Jud. Cir. S.C., No. 2019-CP-23-6675 |
| *K.B., by and through her natural parent, Jennifer Qassis, and Lillian Knox-Bender v. Methodist Healthcare - Memphis Hospitals* | 30th Jud. Dist. Tenn., No. CH-13-04871-1 |
| *Coffeng et al. v. Volkswagen Group of America, Inc.* | N.D. Cal., No. 17-cv-01825 |
| *Audet et al. v. Garza et al.* | D. Conn., No. 3:16-cv-00940 |
| *In re Disposable Contact Lens Antitrust Litigation* (CooperVision, Inc.) (Unilateral Pricing Policies) | M.D. Fla., No. 3:15-md-02626 |
| *Hyder et al. v. Consumers County Mutual Insurance Company* | D. Ct. of Travis Cnty. Tex., No. D-1-GN-16-000596 |
| *Fessler v. Porcelana Corona De Mexico, S.A. DE C.V f/k/a Sanitarios Lamosa S.A. DE C.V. a/k/a Vortens* | E.D. Tex., No. 4:19-cv-00248 |
| *In re TD Bank, N.A. Debit Card Overdraft Fee Litigation* | D.S.C., MDL No. 2613, No. 6:15-MN-02613 |
| *Liggio v. Apple Federal Credit Union* | E.D. Va., No. 1:18-cv-01059 |
| *Garcia v. Target Corporation* (TCPA) | D. Minn., No. 16-cv-02574 |
| *Albrecht v. Oasis Power, LLC d/b/a Oasis Energy* | N.D. Ill., No. 1:18-cv-01061 |
| *McKinney-Drobnis et al. v. Massage Envy Franchising* | N.D. Cal., No. 3:16-cv-06450 |
| *In re Optical Disk Drive Products Antitrust Litigation* | N.D. Cal., MDL No. 2143, No. 3:10-md-02143 |
| *Stone et al. v. Porcelana Corona De Mexico, S.A. DE C.V f/k/a Sanitarios Lamosa S.A. DE C.V. a/k/a Vortens* | E.D. Tex., No. 4:17-cv-00001 |
| *In re Kaiser Gypsum Company, Inc. et al.* (Asbestos) | Bankr. W.D. N.C., No. 16-31602 |
| *Kuss v. American HomePatient, Inc. et al.* (Data Breach) | M.D. Fla., No. 8:18-cv-02348 |
| *Lusnak v. Bank of America, N.A.* | C.D. Cal., No. 14-cv-01855 |
| *In re Premera Blue Cross Customer Data Security Breach Litigation* | D. Ore., MDL No. 2633, No. 3:15-md-02633 |
| *Elder v. Hilton Worldwide Holdings, Inc.* (Hotel Stay Promotion) | N.D. Cal., No. 16-cv-00278 |
| *Grayson et al. v. General Electric Company* (Microwaves) | D. Conn., No. 3:13-cv-01799 |
| *Behfarin v. Pruco Life Insurance Company et al.* | C.D. Cal., No. 17-cv-05290 |
| *Lashambae v. Capital One Bank, N.A.* (Overdraft) | E.D.N.Y., No. 1:17-cv-06406 |
| *Trujillo et al. v. Ametek, Inc. et al.* (Toxic Leak) | S.D. Cal., No. 3:15-cv-01394 |
| *Cox et al. v. Ametek, Inc. et al.* (Toxic Leak) | S.D. Cal., No. 3:17-cv-00597 |
| *Pirozzi et al. v. Massage Envy Franchising, LLC* | E.D. Mo., No. 4:19-cv-00807 |
| *Lehman v. Transbay Joint Powers Authority et al.* (Millennium Tower) | Sup. Ct. Cal., No. GCG-16-553758 |
| *In re FCA US LLC Monostable Electronic Gearshift Litigation* | E.D. Mich., MDL No. 2744 & No. 16-md-02744 |

epiq
legal noticing℠

# Legal Noticing Cases

| Case Name | Court & Case No. |
|---|---|
| *Dasher v. RBC Bank (USA) predecessor in interest to PNC Bank, N.A., as part of In re Checking Account Overdraft* | S.D. Fla., No. 1:10-cv-22190, as part of MDL No. 2036 |
| *Harris et al. v. Farmers Insurance Exchange and Mid Century Insurance Company* | Sup. Ct. Cal., No. BC 579498 |
| *In re Renovate America Finance Cases* (Tax Assessment Financing) | Sup. Ct., Cal., Cnty. of Riverside, No. RICJCCP4940 |
| *Nelson v. Roadrunner Transportation Systems, Inc.* (Data Breach) | N.D. Ill., No. 1:18-cv-07400 |
| *Skochin et al. v. Genworth Life Insurance Company et al.* | E.D. Va., No. 3:19-cv-00049 |
| *Walters et al. v. Target Corp.* (Overdraft) | S.D. Cal., No. 3:16-cv-01678 |
| *Jackson et al. v. Viking Group, Inc. et al.* | D. Md., No. 8:18-cv-02356 |
| *Waldrup v. Countrywide Financial Corporation et al.* | C.D. Cal., No. 2:13-cv-08833 |
| *Burrow et al. v. Forjas Taurus S.A. et al.* | S.D. Fla., No. 1:16-cv-21606 |
| *Henrikson v. Samsung Electronics Canada Inc.* | Ontario Super. Ct., No. 2762-16cp |
| *In re Comcast Corp. Set-Top Cable Television Box Antitrust Litigation* | E.D. Pa., No. 2:09-md-02034 |
| *Lightsey et al. v. South Carolina Electric & Gas Company, a Wholly Owned Subsidiary of SCANA et al.* | Ct. of Com. Pleas, S.C., No. 2017-CP-25-335 |
| *Rabin v. HP Canada Co. et al.* | Quebec Ct., Dist. of Montreal, No. 500-06-000813-168 |
| *Di Filippo v. The Bank of Nova Scotia et al.* (Gold Market Instrument) | Ontario Sup. Ct., No. CV-15-543005-00CP & No. CV-16-551067-00CP |
| *Zaklit et al. v. Nationstar Mortgage LLC et al.* (TCPA) | C.D. Cal., No. 5:15-cv-02190 |
| *Adlouni v. UCLA Health Systems Auxiliary et al.* | Sup. Ct. Cal., No. BC589243 |
| *Lloyd et al. v. Navy Federal Credit Union* | S.D. Cal., No. 17-cv-01280 |
| *Luib v. Henkel Consumer Goods Inc.* | E.D.N.Y., No. 1:17-cv-03021 |
| *McIntosh v. Takata Corporation et al.; Vitoratos et al. v. Takata Corporation et al.; and Hall v. Takata Corporation et al.* | Ontario Sup Ct., No. CV-16-543833-00CP; Quebec Sup. Ct. of Justice, No. 500-06-000723-144; & Court of Queen's Bench for Saskatchewan, No. QBG. 1284 or 2015 |
| *In re HP Printer Firmware Update Litigation* | N.D. Cal., No. 5:16-cv-05820 |
| *In re Dealer Management Systems Antitrust Litigation* | N.D. Ill., MDL No. 2817, No. 18-cv-00864 |
| *Mosser v. TD Bank, N.A. and Mazzadra et al. v. TD Bank, N.A., as part of In re Checking Account Overdraft* | E.D. Pa., No. 2:10-cv-00731, S.D. Fla., No. 10-cv-21386 and S.D. Fla., No. 1:10-cv-21870, as part of S.D. Fla., MDL No. 2036 |
| *Naiman v. Total Merchant Services, Inc. et al.* (TCPA) | N.D. Cal., No. 4:17-cv-03806 |
| *In re Valley Anesthesiology Consultants, Inc. Data Breach Litigation* | Sup. Ct. of Maricopa Ariz., No. CV2016-013446 |
| *Parsons v. Kimpton Hotel & Restaurant Group, LLC* (Data Breach) | N.D. Cal., No. 3:16-cv-05387 |



# Legal Noticing Cases

| Case Name | Court & Case No. |
|---|---|
| *Stahl v. Bank of the West* | Sup. Ct. Cal., No. BC673397 |
| *37 Besen Parkway, LLC v. John Hancock Life Insurance Company (U.S.A.)* | S.D.N.Y., No. 15-cv-09924 |
| *Tashica Fulton-Green et al. v. Accolade, Inc.* | E.D. Pa., No. 2:18-cv-00274 |
| *In re Community Health Systems, Inc. Customer Data Security Breach Litigation* | N.D. Ala., MDL No. 2595, No. 2:15-cv-00222 |
| *Al's Pals Pet Card, LLC et al. v. Woodforest National Bank, N.A. et al.* | S.D. Tex., No. 4:17-cv-03852 |
| *Cowen v. Lenny & Larry's Inc.* | N.D. Ill., No. 1:17-cv-01530 |
| *Martin v. Trott* (MI - Foreclosure) | E.D. Mich., No. 2:15-cv-12838 |
| *Knapper v. Cox Communications, Inc.* (TCPA) | D. Ariz., No. 2:17-cv-00913 |
| *Dipuglia v. US Coachways, Inc.* (TCPA) | S.D. Fla., No. 1:17-cv-23006 |
| *Abante Rooter and Plumbing v. Pivotal Payments Inc., d/b/a/ Capital Processing Network and CPN* (TCPA) | N.D. Cal., No. 3:16-cv-05486 |
| *First Impressions Salon, Inc. et al. v. National Milk Producers Federation et al.* | S.D. Ill., No. 3:13-cv-00454 |
| *Raffin v. Medicredit, Inc. et al.* | C.D. Cal., No. 15-cv-04912 |
| *Gergetz v. Telenav, Inc.* (TCPA) | N.D. Cal., No. 5:16-cv-04261 |
| *Ajose et al. v. Interline Brands Inc.* (Plumbing Fixtures) | M.D. Tenn., No. 3:14-cv-01707 |
| *Underwood v. Kohl's Department Stores, Inc. et al.* | E.D. Pa., No. 2:15-cv-00730 |
| *Surrett et al. v. Western Culinary Institute et al.* | Ore. Cir., Ct. Cnty. of Multnomah, No. 0803-03530 |
| *Watson v. Bank of America Corporation et al.; Bancroft-Snell et al. v. Visa Canada Corporation et al.; Bakopanos v. Visa Canada Corporation et al.; Macaronies Hair Club and Laser Center Inc. operating as Fuze Salon v. BofA Canada Bank et al.; Hello Baby Equipment Inc. v. BofA Canada Bank and others (Visa and Mastercard Canadian Interchange Fees)* | Sup. Ct. of B.C., No. VLC-S-S-112003; Ontario Sup. Ct., No. CV-11-426591; Sup. Ct. of Quebec, No. 500-06-00549-101; Ct. of QB of Alberta, No. 1203-18531; Ct. of QB of Saskatchewan, No. 133 of 2013 |
| *In re Takata Airbag Products Liability Litigation* (OEMs – BMW, Mazda, Subaru, and Toyota) | S.D. Fla., MDL No. 2599 |
| *Vergara et al., v. Uber Technologies, Inc.* (TCPA) | N.D. Ill., No. 1:15-cv-06972 |
| *In re Takata Airbag Products Liability Litigation* (OEMs – Honda and Nissan) | S.D. Fla., MDL No. 2599 |
| *In re Takata Airbag Products Liability Litigation* (OEM – Ford) | S.D. Fla., MDL No. 2599 |
| *Poseidon Concepts Corp. et al.* (Canadian Securities Litigation) | Ct. of QB of Alberta, No. 1301-04364 |
| *Callaway v. Mercedes-Benz USA, LLC* (Seat Heaters) | C.D. Cal., No. 8:14-cv-02011 |
| *Hale v. State Farm Mutual Automobile Insurance Company et al.* | S.D. Ill., No. 3:12-cv-00660 |



# Legal Noticing Cases

| Case Name | Court & Case No. |
|---|---|
| *Farrell v. Bank of America, N.A.* (Overdraft) | S.D. Cal., No. 3:16-cv-00492 |
| *In re Windsor Wood Clad Window Products Liability Litigation* | E.D. Wis., MDL No. 2688, No. 16-md-02688 |
| *Wallace et al. v. Monier Lifetile LLC et al.* | Sup. Ct. Cal., No. SCV-16410 |
| *In re Parking Heaters Antitrust Litigation* | E.D.N.Y., No. 15-MC-00940 |
| *Pantelyat et al. v. Bank of America, N.A. et al.* (Overdraft / Uber) | S.D.N.Y., No. 16-cv-08964 |
| *Falco et al. v. Nissan North America, Inc. et al.* (Engine – CA & WA) | C.D. Cal., No. 2:13-cv-00686 |
| *Alaska Electrical Pension Fund et al. v. Bank of America N.A. et al.* (ISDAfix Instruments) | S.D.N.Y., No. 14-cv-07126 |
| *Larson v. John Hancock Life Insurance Company (U.S.A.)* | Sup. Ct. Cal., No. RG16813803 |
| *Larey v. Allstate Property and Casualty Insurance Company* | W.D. Kan., No. 4:14-cv-04008 |
| *Orlander v. Staples, Inc.* | S.D.N.Y., No. 13-cv-00703 |
| *Masson v. Tallahassee Dodge Chrysler Jeep, LLC (TCPA)* | S.D. Fla., No. 1:17-cv-22967 |
| *Gordon et al. v. Amadeus IT Group, S.A. et al.* | S.D.N.Y., No. 1:15-cv-05457 |
| *Alexander M. Rattner v. Tribe App., Inc., and Kenneth Horsley v. Tribe App., Inc.* | S.D. Fla., Nos. 1:17-cv-21344 & 1:14-cv-02311 |
| *Sobiech v. U.S. Gas & Electric, Inc., i/t/d/b/a Pennsylvania Gas & Electric et al.* | E.D. Pa., No. 2:14-cv-04464 |
| *Mahoney v. TT of Pine Ridge, Inc.* | S.D. Fla., No. 9:17-cv-80029 |
| *Ma et al. v. Harmless Harvest Inc.* (Coconut Water) | E.D.N.Y., No. 2:16-cv-07102 |
| *Reilly v. Chipotle Mexican Grill, Inc.* | S.D. Fla., No. 1:15-cv-23425 |
| *The Financial Oversight and Management Board for Puerto Rico as representative of Puerto Rico Electric Power Authority ("PREPA")* (Bankruptcy) | D. Puerto Rico, No. 17-cv-04780 |
| *In re Syngenta Litigation* | 4th Jud. Dist. Minn., No. 27-cv-15-3785 |
| *T.A.N. v. PNI Digital Media, Inc.* | S.D. Ga., No. 2:16-cv-00132 |
| *Lewis v. Flue-Cured Tobacco Cooperative Stabilization Corporation (n/k/a United States Tobacco Cooperative, Inc.)* | N.C. Gen. Ct. of Justice, Sup. Ct. Div., No. 05 CVS 188, No. 05 CVS 1938 |
| *McKnight et al. v. Uber Technologies, Inc. et al.* | N.D. Cal., No. 14-cv-05615 |
| *Gottlieb v. Citgo Petroleum Corporation (TCPA)* | S.D. Fla., No. 9:16-cv-81911 |
| *Farnham v. Caribou Coffee Company, Inc.* (TCPA) | W.D. Wis., No. 16-cv-00295 |
| *Jacobs et al. v. Huntington Bancshares Inc. et al.* (FirstMerit Overdraft Fees) | Ohio C.P., No. 11CV000090 |
| *Morton v. Greenbank* (Overdraft Fees) | 20th Jud. Dist. Tenn., No. 11-135-IV |



# Legal Noticing Cases

| Case Name | Court & Case No. |
|---|---|
| *Ratzlaff et al. v. BOKF, NA d/b/a Bank of Oklahoma et al.* (Overdraft Fees) | Dist. Ct. Okla., No. CJ-2015-00859 |
| *Klug v. Watts Regulator Company* (Product Liability) | D. Neb., No. 8:15-cv-00061 |
| *Bias v. Wells Fargo & Company et al.* (Broker's Price Opinions) | N.D. Cal., No. 4:12-cv-00664 |
| *Greater Chautauqua Federal Credit Union v. Kmart Corp. et al.* (Data Breach) | N.D. Ill., No. 1:15-cv-02228 |
| *Hawkins v. First Tennessee Bank, N.A. et al.* (Overdraft Fees) | 13th Jud. Cir. Tenn., No. CT-004085-11 |
| *In re Volkswagen "Clean Diesel" Marketing, Sales Practices and Product Liability Litigation* (Bosch Settlement) | N.D. Cal., MDL No. 2672 |
| *In re HSBC Bank USA, N.A.* | Sup. Ct. N.Y., No. 650562/11 |
| *Glaske v. Independent Bank Corporation* (Overdraft Fees) | Cir. Ct. Mich., No. 13-009983 |
| *MSPA Claims 1, LLC v. IDS Property Casualty Insurance Company* | 11th Jud. Cir. Fla, No. 15-27940-CA-21 |
| *In re Lithium Ion Batteries Antitrust Litigation* | N.D. Cal, MDL No. 2420, No. 4:13-md-02420 |
| *Chimeno-Buzzi v. Hollister Co. and Abercrombie & Fitch Co.* | S.D. Fla., No. 14-cv-23120 |
| *Small v. BOKF, N.A.* | D. Colo., No. 13-cv-01125 |
| *Forgione v. Webster Bank N.A.* (Overdraft Fees) | Sup. Ct. Conn., No. X10-UWY-cv-12-6015956-S |
| *Swift v. BancorpSouth Bank*, as part of *In re Checking Account Overdraft* | N.D. Fla., No. 1:10-cv-00090, as part of S.D. Fla, MDL No. 2036 |
| *Whitton v. Deffenbaugh Industries, Inc. et al.* *Gary, LLC v. Deffenbaugh Industries, Inc. et al.* | D. Kan., No. 2:12-cv-02247 D. Kan., No. 2:13-cv-02634 |
| *In re Citrus Canker Litigation* | 11th Jud. Cir., Fla., No. 03-8255 CA 13 |
| *In re Caterpillar, Inc. C13 and C15 Engine Products Liability Litigation* | D.N.J., MDL No. 2540 |
| *In re Shop-Vac Marketing and Sales Practices Litigation* | M.D. Pa., MDL No. 2380 |
| *Opelousas General Hospital Authority, A Public Trust, D/B/A Opelousas General Health System and Arklamiss Surgery Center, L.L.C. v. FairPay Solutions, Inc.* | 27th Jud. D. Ct. La., No. 12-C-1599 |
| *Opelousas General Hospital Authority v. PPO Plus, L.L.C. et al.* | 27th Jud. D. Ct. La., No. 13-C-5380 |
| *Russell Minoru Ono v. Head Racquet Sports USA* | C.D. Cal., No. 2:13-cv-04222 |
| *Kerry T. Thibodeaux, M.D. (A Professional Medical Corporation) v. American Lifecare, Inc.* | 27th Jud. D. Ct. La., No. 13-C-3212 |
| *Gattinella v. Michael Kors (USA), Inc. et al.* | S.D.N.Y., No. 14-cv-05731 |
| *In re Energy Future Holdings Corp. et al.* (Asbestos Claims Bar Notice) | Bankr. D. Del., No. 14-10979 |
| *Dorothy Williams d/b/a Dot's Restaurant v. Waste Away Group, Inc.* | Cir. Ct., Lawrence Cnty., Ala., No. 42-cv-2012- 900001.00 |
| *Adkins et al. v. Nestlé Purina PetCare Company et al.* | N.D. Ill., No. 1:12-cv-02871 |

epiq
legal noticing℠

# Legal Noticing Cases

| Case Name | Court & Case No. |
|---|---|
| *Steen v. Capital One, N.A.*, as part of *In re Checking Account Overdraft* | E.D. La., No. 2:10-cv-01505 and 1:10-cv-22058, as part of S.D. Fla., MDL No. 2036 |
| *Childs et al. v. Synovus Bank et al.*, as part of *In re Checking Account Overdraft* | S.D. Fla., MDL No. 2036 |
| *Kota of Sarasota, Inc. v. Waste Management Inc. of Florida* | 12th Jud. Cir. Ct., Sarasota Cnty., Fla., No. 2011-CA-008020NC |
| *In re MI Windows and Doors Inc. Products Liability Litigation* (Building Products) | D.S.C., MDL No. 2333 |
| *Given v. Manufacturers and Traders Trust Company a/k/a M&T Bank*, as part of *In re Checking Account Overdraft* | S.D. Fla., MDL No. 2036 |
| *Scharfstein v. BP West Coast Products, LLC* | Ore. Cir., Cnty. of Multnomah, No. 1112-17046 |
| *Smith v. City of New Orleans* | Civil D. Ct., Parish of Orleans, La., No. 2005-05453 |
| *Hawthorne v. Umpqua Bank* (Overdraft Fees) | N.D. Cal., No. 11-cv-06700 |
| *Gulbankian et al. v. MW Manufacturers, Inc.* | D. Mass., No. 1:10-cv-10392 |
| *Costello v. NBT Bank* (Overdraft Fees) | Sup. Ct. Del Cnty., N.Y., No. 2011-1037 |
| *In re American Express Anti-Steering Rules Antitrust Litigation (II) (Italian Colors Restaurant)* | E.D.N.Y., MDL No. 2221, No. 11-md-2221 |
| *Wong et al. v. Alacer Corp.* (Emergen-C) | Sup. Ct. Cal., No. CGC-12-519221 |
| *Mello et al. v. Susquehanna Bank*, as part of *In re Checking Account Overdraft* | S.D. Fla., MDL No. 2036 |
| *In re Plasma-Derivative Protein Therapies Antitrust Litigation* | N.D. Ill., No. 09-cv-07666 |
| *Simpson v. Citizens Bank* (Overdraft Fees) | E.D. Mich., No. 2:12-cv-10267 |
| *George Raymond Williams, M.D., Orthopedic Surgery, a Professional Medical, LLC et al. v. Bestcomp, Inc. et al.* | 27th Jud. D. Ct. La., No. 09-C-5242-B |
| *Simmons v. Comerica Bank, N.A.*, as part of *In re Checking Account Overdraft* | S.D. Fla., MDL No. 2036 |
| *McGann et al., v. Schnuck Markets, Inc.* (Data Breach) | Mo. Cir. Ct., No. 1322-CC00800 |
| *Rose v. Bank of America Corporation et al.* (TCPA) | N.D. Cal., Nos. 5:11-cv-02390 & 5:12-cv-00400 |
| *Johnson v. Community Bank, N.A. et al.* (Overdraft Fees) | M.D. Pa., No. 3:12-cv-01405 |
| *National Trucking Financial Reclamation Services, LLC et al. v. Pilot Corporation et al.* | E.D. Ark., No. 4:13-cv-00250 |
| *Price v. BP Products North America* | N.D. Ill., No. 12-cv-06799 |
| *Yarger v. ING Bank* | D. Del., No. 11-154-LPS |
| *Glube et al. v. Pella Corporation et al.* (Building Products) | Ont. Super. Ct., No. CV-11-4322294-00CP |
| *Miner v. Philip Morris Companies, Inc. et al.* (Light Cigarettes) | Ark. Cir. Ct., No. 60CV03-4661 |
| *Fontaine v. Attorney General of Canada* (Mistassini Hostels Residential Schools) | Qué. Super. Ct., No. 500-06-000293-056 & No. 550-06-000021-056 |



# Legal Noticing Cases

| Case Name | Court & Case No. |
|---|---|
| *Williams v. SIF Consultants of Louisiana, Inc. et al.* | 27th Jud. D. Ct. La., No. 09-C-5244-C |
| *Opelousas General Hospital Authority v. Qmedtrix Systems, Inc.* | 27th Jud. D. Ct. La., No. 12-C-1599-C |
| *Evans et al. v. TIN, Inc. et al.* (Environmental) | E.D. La., No. 2:11-cv-02067 |
| *Casayuran v. PNC Bank*, as part of *In re Checking Account Overdraft* | S.D. Fla., MDL No. 2036 |
| *Anderson v. Compass Bank*, as part of *In re Checking Account Overdraft* | S.D. Fla., MDL No. 2036 |
| *Eno v. M & I Marshall & Ilsley Bank* as part of *In re Checking Account Overdraft* | S.D. Fla., MDL No. 2036 |
| *Blahut v. Harris, N.A.*, as part of *In re Checking Account Overdraft* | S.D. Fla., MDL No. 2036 |
| *In re Zurn Pex Plumbing Products Liability Litigation* | D. Minn., MDL No. 1958, No. 08-md-1958 |
| *Saltzman v. Pella Corporation* (Building Products) | N.D. Ill., No. 06-cv-04481 |
| *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation* (Mastercard & Visa) | E.D.N.Y., MDL No. 1720, No. 05-md-01720 |
| *RBS v. Citizens Financial Group, Inc.*, as part of *In re Checking Account Overdraft* | S.D. Fla., MDL No. 2036 |
| *Gessele et al. v. Jack in the Box, Inc.* | D. Ore., No. 3:10-cv-00960 |
| *Vodanovich v. Boh Brothers Construction* (Hurricane Katrina Levee Breaches) | E.D. La., No. 05-cv-04191 |
| *Marolda v. Symantec Corporation* (Software Upgrades) | N.D. Cal., No. 3:08-cv-05701 |
| *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010* (Medical Benefits Settlement) | E.D. La., MDL No. 2179 |
| *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010* (Economic & Property Damages Settlement) | E.D. La., MDL No. 2179 |
| *Opelousas General Hospital Authority v. FairPay Solutions* | 27th Jud. D. Ct. La., No. 12-C-1599-C |
| *Fontaine v. Attorney General of Canada* (Stirland Lake and Cristal Lake Residential Schools) | Ont. Super. Ct., No. 00-cv-192059 CP |
| *Nelson v. Rabobank, N.A.* (Overdraft Fees) | Sup. Ct. Cal., No. RIC 1101391 |
| *Case v. Bank of Oklahoma*, as part of *In re Checking Account Overdraft* | S.D. Fla., MDL No. 2036 |
| *Harris v. Associated Bank*, as part of *In re Checking Account Overdraft* | S.D. Fla., MDL No. 2036 |
| *Wolfgeher v. Commerce Bank*, as part of *In re Checking Account Overdraft* | S.D. Fla., MDL No. 2036 |
| *McKinley v. Great Western Bank*, as part of *In re Checking Account Overdraft* | S.D. Fla., MDL No. 2036 |
| *Lawson v. BancorpSouth* (Overdraft Fees) | W.D. Ark., No. 1:12-cv-01016 |
| *LaCour v. Whitney Bank* (Overdraft Fees) | M.D. Fla., No. 8:11-cv-01896 |
| *Gwiazdowski v. County of Chester* (Prisoner Strip Search) | E.D. Pa., No. 2:08-cv-04463 |



# Legal Noticing Cases

| Case Name | Court & Case No. |
|---|---|
| *Williams v. S.I.F. Consultants* (CorVel Corporation) | 27th Jud. D. Ct. La., No. 09-C-5244-C |
| *Sachar v. Iberiabank Corporation*, as part of *In re Checking Account Overdraft* | S.D. Fla., MDL No. 2036 |
| *Williams v. Hammerman & Gainer, Inc.* (SIF Consultants) | 27th Jud. D. Ct. La., No. 11-C-3187-B |
| *Williams v. Hammerman & Gainer, Inc.* (Risk Management) | 27th Jud. D. Ct. La., No. 11-C-3187-B |
| *Williams v. Hammerman & Gainer, Inc.* (Hammerman) | 27th Jud. D. Ct. La., No. 11-C-3187-B |
| *Gunderson v. F.A. Richard & Assocs., Inc.* (First Health) | 14th Jud. D. Ct. La., No. 2004-002417 |
| *Delandro v. County of Allegheny* (Prisoner Strip Search) | W.D. Pa., No. 2:06-cv-00927 |
| *Mathena v. Webster Bank, N.A.*, as part of *In re Checking Account Overdraft* | D. Conn, No. 3:10-cv-01448, as part of S.D. Fla., MDL No. 2036 |
| *Vereen v. Lowe's Home Centers* (Defective Drywall) | Ga. Super. Ct., No. SU10-cv-2267B |
| *Trombley v. National City Bank*, as part of *In re Checking Account Overdraft* | D.D.C., No. 1:10-cv-00232, as part of S.D. Fla., MDL No. 2036 |
| *Schulte v. Fifth Third Bank* (Overdraft Fees) | N.D. Ill., No. 1:09-cv-06655 |
| *Satterfield v. Simon & Schuster, Inc.* (Text Messaging) | N.D. Cal., No. 06-cv-02893 |
| *Coyle v. Hornell Brewing Co.* (Arizona Iced Tea) | D.N.J., No. 08-cv-02797 |
| *Holk v. Snapple Beverage Corporation* | D.N.J., No. 3:07-cv-03018 |
| *In re Heartland Data Payment System Inc. Customer Data Security Breach Litigation* | S.D. Tex., MDL No. 2046 |
| *Weiner v. Snapple Beverage Corporation* | S.D.N.Y., No. 07-cv-08742 |
| *Gunderson v. F.A. Richard & Assocs., Inc.* (Cambridge) | 14th Jud. D. Ct. La., No. 2004-002417 |
| *Miller v. Basic Research, LLC* (Weight-loss Supplement) | D. Utah, No. 2:07-cv-00871 |
| *In re Countrywide Customer Data Breach Litigation* | W.D. Ky., MDL No. 1998 |
| *Boone v. City of Philadelphia* (Prisoner Strip Search) | E.D. Pa., No. 05-cv-01851 |
| *Little v. Kia Motors America, Inc.* (Braking Systems) | N.J. Super. Ct., No. UNN-L-0800-01 |
| *Opelousas Trust Authority v. Summit Consulting* | 27th Jud. D. Ct. La., No. 07-C-3737-B |
| *Steele v. Pergo* (Flooring Products) | D. Ore., No. 07-cv-01493 |
| *Pavlov v. Continental Casualty Co.* (Long Term Care Insurance) | N.D. Ohio, No. 5:07-cv-02580 |
| *Dolen v. ABN AMRO Bank N.V.* (Callable CD's) | Ill. Cir. Ct., Nos. 01-L-454 & 01-L-493 |
| *In re Department of Veterans Affairs (VA) Data Theft Litigation* | D.D.C., MDL No. 1796 |
| *In re Katrina Canal Breaches Consolidated Litigation* | E.D. La., No. 05-cv-04182 |



Exhibit 2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | |
|---|---|
| PING WANG, EMILY LEHNES, EMILY RAMOS, JENNIFER KILKUS, and JOHN DOE, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>v.<br><br>THE CORPORATION OF MERCER UNIVERSITY,<br><br>      Defendant. | Civil Action No.:<br>5:23-cv-00193-TES |

## DECLARATION OF KYLE S. BINGHAM ON IMPLEMENTATION OF CAFA NOTICE

I, KYLE S. BINGHAM, hereby declare and state as follows:

1. My name is KYLE S. BINGHAM.  I am over the age of 25 and I have personal knowledge of the matters set forth herein, and I believe them to be true and correct.

2. I am the Senior Director of Legal Noticing for Epiq Class Action & Claims Solutions, Inc. ("Epiq"), a firm that specializes in designing, developing, analyzing and implementing large-scale, un-biased, legal notification plans.  I have overseen and handled Class Action Fairness Act ("CAFA") notice mailings for more than 500 class action settlements.

3. Epiq is a firm with more than 25 years of experience in claims processing and settlement administration.  Epiq's class action case administration services include coordination of all notice requirements, design of direct-mail notices, establishment of fulfillment services, receipt and processing of opt-outs, coordination with the United States Postal Service ("USPS"), claims database management, claim adjudication, funds management and distribution services.

4. The facts in this Declaration are based on what I personally know, as well as information provided to me in the ordinary course of my business by my colleagues at Epiq.

DECLARATION OF KYLE S. BINGHAM ON IMPLEMENTATION OF CAFA NOTICE

## CAFA NOTICE IMPLEMENTATION

5.      At the direction of counsel for Defendant The Corporation of Mercer University, 57 federal and state officials (the Attorney General of the United States and the Attorneys General of each of the 50 states, the District of Columbia, and the United States Territories) were identified to receive CAFA notice.

6.      Epiq maintains a list of these federal and state officials with contact information for the purpose of providing CAFA notice.  Prior to mailing, the names and addresses selected from Epiq's list were verified, then run through the Coding Accuracy Support System ("CASS") maintained by the United States Postal Service ("USPS").[1]

7.      On December 6, 2024, Epiq sent 57 CAFA Notice Packages ("Notice").  The Notice was mailed via USPS Priority Mail to 53 officials (the Attorneys General of 47 states, the District of Columbia, and the United States Territories).  As per the direction of the Office of the Nevada, New York, and Connecticut Attorneys General, the Notice was sent to the Nevada, New York, and Connecticut Attorneys General electronically via email. The Notice was also sent via United Parcel Service ("UPS") to the Attorney General of the United States.  The CAFA Notice Service List (USPS Priority Mail, Email, and UPS) is included as **Attachment 1**.

8.      The materials sent to the federal and state officials included a Cover Letter, which provided notice of the proposed Settlement of the above-captioned case.  The Cover Letter is included as **Attachment 2**.

9.      The cover letter was accompanied by a CD, which included the following:

   a.      **Per 28 U.S.C. § 1715(b)(1) – Complaint and Any Amended Complaints:**

---

[1] CASS improves the accuracy of carrier route, 5-digit ZIP®, ZIP + 4® and delivery point codes that appear on mail pieces.  The USPS makes this system available to mailing firms who want to improve the accuracy of postal codes, i.e., 5-digit ZIP®, ZIP + 4®, delivery point (DPCs), and carrier route codes that appear on mail pieces.

- Class Action Complaint (filed June 01, 2023); and

- Consolidated Class Action Complaint (filed October 03, 2023).

b.   **Per 28 U.S.C. § 1715(b)(3) – Notification to Class Members:**

- Claim Form (*Exhibit A to the Class Action Settlement Agreement and Release*);

- Long Form Notice (*Exhibit B to the Class Action Settlement Agreement and Release*); and

- Email and Postcard Notice (*Exhibit C to the Class Action Settlement Agreement and Release*).

c.   **Per 28 U.S.C. § 1715(b)(4) – Class Action Settlement Agreement:** The following documents were included:

- Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement;

  o [Proposed] Preliminary Approval Order (*Exhibit 1 to the Motion for Preliminary Approval*);

- Joint Declaration of Counsel in Support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement;

  o Class Action Settlement Agreement and Release (*Exhibit 1 to the Counsel's Declaration*);

    ▪ [Proposed] Preliminary Approval Order (*Exhibit D to the Class Action Settlement Agreement and Release);*

  o Laukaitis Law Firm Resume *(Exhibit 2 to the Counsel's Declaration);*

  o Federman & Sherwood Firm Resume (*Exhibit 3 to the Counsel's Declaration*); and

- Preliminary Approval Order.

d.   **Per 28 U.S.C. § 1715(b)(7) – Estimate of Class Members:** A Geographic Analysis with the current estimate of the number of Settlement Class Members residing in each state was included on the CD.

I declare under penalty of perjury that the foregoing is true and correct.    Executed on December 31, 2024.


_____
KYLE S. BINGHAM

# **<u>Attachment 1</u>**

**CAFA Notice Service List**

**USPS Priority Mail**

| Appropriate Official | FullName | Address1 | Address2 | City | State | Zip |
|---|---|---|---|---|---|---|
| Office of the Attorney General | Treg Taylor | 1031 W 4th Ave | Suite 200 | Anchorage | AK | 99501 |
| Office of the Attorney General | Steve Marshall | 501 Washington Ave | | Montgomery | AL | 36104 |
| Office of the Attorney General | Tim Griffin | 323 Center St | Suite 200 | Little Rock | AR | 72201 |
| Office of the Attorney General | Kris Mayes | 2005 N Central Ave | | Phoenix | AZ | 85004 |
| Office of the Attorney General | CAFA Coordinator | Consumer Protection Section | 455 Golden Gate Ave Suite 11000 | San Francisco | CA | 94102 |
| Office of the Attorney General | Phil Weiser | Ralph L Carr Colorado Judicial Center | 1300 Broadway Fl 10 | Denver | CO | 80203 |
| Office of the Attorney General | Brian Schwalb | 400 6th St NW | | Washington | DC | 20001 |
| Office of the Attorney General | Kathy Jennings | Carvel State Bldg | 820 N French St | Wilmington | DE | 19801 |
| Office of the Attorney General | Ashley Moody | State of Florida | The Capitol PL-01 | Tallahassee | FL | 32399 |
| Office of the Attorney General | Chris Carr | 40 Capitol Square SW | | Atlanta | GA | 30334 |
| Department of the Attorney General | Anne E Lopez | 425 Queen St | | Honolulu | HI | 96813 |
| Iowa Attorney General | Brenna Bird | Hoover State Office Building | 1305 E Walnut St | Des Moines | IA | 50319 |
| Office of the Attorney General | Raul Labrador | 700 W Jefferson St Ste 210 | PO Box 83720 | Boise | ID | 83720 |
| Office of the Attorney General | Kwame Raoul | 500 South Second Street | | Springfield | IL | 62701 |
| Office of the Indiana Attorney General | Todd Rokita | Indiana Government Center South | 302 W Washington St Rm 5 | Indianapolis | IN | 46204 |
| Office of the Attorney General | Kris Kobach | 120 SW 10th Ave 2nd Fl | | Topeka | KS | 66612 |
| Office of the Attorney General | Russell Coleman | 700 Capitol Ave Suite 118 | | Frankfort | KY | 40601 |
| Office of the Attorney General | Liz Murrill | PO Box 94005 | | Baton Rouge | LA | 70804 |
| Office of the Attorney General | Andrea Campbell | 1 Ashburton Pl 20th Fl | | Boston | MA | 02108 |
| Office of the Attorney General | Anthony G Brown | 200 St Paul Pl | | Baltimore | MD | 21202 |
| Office of the Attorney General | Aaron Frey | 6 State House Station | | Augusta | ME | 04333 |
| Department of Attorney General | Dana Nessel | PO BOX 30212 | 525 W. Ottawa St. | Lansing | MI | 48909 |
| Office of the Attorney General | Keith Ellison | 445 Minnesota St Ste 1400 | | St Paul | MN | 55101 |
| Missouri Attorney General's Office | Andrew Bailey | 207 West High Street | PO Box 899 | Jefferson City | MO | 65102 |
| Mississippi Attorney General | Lynn Fitch | PO Box 220 | | Jackson | MS | 39205 |
| Office of the Attorney General | Austin Knudsen | 215 N Sanders 3rd Fl | PO Box 201401 | Helena | MT | 59620 |
| Attorney General's Office | Josh Stein | 9001 Mail Service Ctr | | Raleigh | NC | 27699 |
| Office of the Attorney General | Drew H Wrigley | 600 E Boulevard Ave Dept 125 | | Bismarck | ND | 58505 |
| Nebraska Attorney General | Mike Hilgers | 2115 State Capitol | PO Box 98920 | Lincoln | NE | 68509 |
| Office of the Attorney General | John Formella | NH Department of Justice | 33 Capitol St | Concord | NH | 03301 |
| Office of the Attorney General | Matthew J Platkin | 25 Market Street | PO Box 080 | Trenton | NJ | 08625 |
| Office of the Attorney General | Raul Torrez | 408 Galisteo St | Villagra Bldg | Santa Fe | NM | 87501 |
| Office of the Attorney General | Dave Yost | 30 E Broad St Fl 14 | | Columbus | OH | 43215 |
| Office of the Attorney General | Gentner Drummond | 313 NE 21st St | | Oklahoma City | OK | 73105 |
| Office of the Attorney General | Ellen F Rosenblum | Oregon Department of Justice | 1162 Court St NE | Salem | OR | 97301 |
| Office of the Attorney General | Michelle A Henry | 16th Fl Strawberry Square | | Harrisburg | PA | 17120 |
| Office of the Attorney General | Peter F Neronha | 150 S Main St | | Providence | RI | 02903 |
| Office of the Attorney General | Alan Wilson | PO Box 11549 | | Columbia | SC | 29211 |
| Office of the Attorney General | Marty Jackley | 1302 E Hwy 14 Ste 1 | | Pierre | SD | 57501 |
| Office of the Attorney General | Jonathan Skrmetti | PO Box 20207 | | Nashville | TN | 37202 |
| Office of the Attorney General | Ken Paxton | PO Box 12548 | | Austin | TX | 78711 |
| Office of the Attorney General | Sean D Reyes | Utah State Capitol Complex | 350 North State Street Ste 230 | Salt Lake City | UT | 84114 |
| Office of the Attorney General | Jason S Miyares | 202 N 9th St | | Richmond | VA | 23219 |
| Office of the Attorney General | Charity R Clark | 109 State St | | Montpelier | VT | 05609 |
| Office of the Attorney General | Bob Ferguson | 800 5th Ave Ste 2000 | | Seattle | WA | 98104 |
| Office of the Attorney General | Josh Kaul | PO Box 7857 | | Madison | WI | 53707 |
| Office of the Attorney General | Patrick Morrisey | State Capitol Complex Bldg 1 Room E 26 | 1900 Kanawha Blvd E | Charleston | WV | 25305 |
| Office of the Attorney General | Bridget Hill | 109 State Capital | | Cheyenne | WY | 82002 |
| Department of Legal Affairs | Fainu'ulei Falefatu Ala'ilima-Utu | 3rd Floor PO Box 7 | Territory of American Samoa | Pago Pago | AS | 96799 |
| Attorney General Office of Guam | Douglas Moylan | ITC Bldg. | 590 S Marine Corps Dr Ste 901 | Tamuning | GU | 96913 |
| | Edward Manibusan | PO Box 10007 | | Saipan | MP | 96950 |
| PR Department of Justice | Domingo Emanuelli Hernández | PO Box 9020192 | | San Juan | PR | 00902 |
| Department of Justice | Gordon C. Rhea | 3438 Kronprindsens Gade | GERS BLDG 2nd Floor | St Thomas | VI | 00802 |

**CAFA Notice Service List**

**Email**

| Appropriate Official | Contact Format | State |
|---|---|---|
| Office of the Attorney General for Connecticut | All documents sent to CT AG at their dedicated CAFA email inbox. | CT |
| Office of the Attorney General for Nevada | All documents sent to NV AG at their dedicated CAFA email inbox. | NV |
| Office of the Attorney General for New York | All documents sent to NY AG at their dedicated CAFA email inbox. | NY |

**CAFA Notice Service List**

**UPS**

| Appropriate Official | FullName | Address1 | Address2 | City | State |
|---|---|---|---|---|---|
| US Department of Justice | Merrick B. Garland | 950 Pennsylvania Ave NW | | Washington | DC |

# **Attachment 2**

**CAFA NOTICE ADMINISTRATOR**
10300 SW Allen Blvd
Beaverton, OR 97005
P 503-350-5800
DL-CAFA@epiqglobal.com

December 6, 2024

**VIA UPS OR USPS PRIORITY MAIL**

---

| **Class Action Fairness Act – Notice to Federal and State Officials** |
| --- |

---

Dear Federal and State Officials:

Pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. § 1715, please find enclosed information from Defendant The Corporation of Mercer University ("Defendant") relating to the proposed settlement of a class action lawsuit.

- **Case:** *Wang et al. v. The Corporation of Mercer University,* Case No. 5:23-cv-00193-TES.

- **Court:** United States District Court for the Middle District of Georgia Macon Division.

- **Defendant:** The Corporation of Mercer University.

- **Documents Enclosed**: In accordance with the requirements of 28 U.S.C. § 1715, please find copies of the following documents associated with this action on the enclosed CD:

  1. **Per 28 U.S.C. § 1715(b)(1) – Complaint and Any Amended Complaints:**

     - Class Action Complaint (filed June 01, 2023); and

     - Consolidated Class Action Complaint (filed October 03, 2023).

  2. **Per 28 U.S.C. § 1715(b)(2) – Notice of Any Scheduled Judicial Hearing:** A Final Approval Hearing is scheduled for April 17, 2025 at 11:00 a.m. in the William A. Bootle Federal Building & United States Courthouse. The Order granting preliminary approval and setting the Final Approval Hearing is included in the enclosed CD.

  3. **Per 28 U.S.C. § 1715(b)(3) – Notification to Class Members:**

     - Claim Form *(Exhibit A to the Class Action Settlement Agreement and Release)*;

     - Long Form Notice *(Exhibit B to the Class Action Settlement Agreement and Release)*; and

     - Email and Postcard Notice *(Exhibit C to the Class Action Settlement Agreement and Release).*

  4. **Per 28 U.S.C. § 1715(b)(4) – Class Action Settlement Agreement:** The following documents are included:

     - Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement;

       o [Proposed] Preliminary Approval Order *(Exhibit 1 to the Motion for Preliminary Approval)*;

**CAFA NOTICE ADMINISTRATOR**
10300 SW Allen Blvd
Beaverton, OR 97005
P 503-350-5800
DL-CAFA@epiqglobal.com

- Joint Declaration of Counsel in Support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement;

  o Class Action Settlement Agreement and Release (*Exhibit 1 to the Counsel's Declaration*);

    ▪ [Proposed] Preliminary Approval Order (*Exhibit D to the Class Action Settlement Agreement and Release);*

  o Laukaitis Law Firm Resume *(Exhibit 2 to the Counsel's Declaration);*

  o Federman & Sherwood Firm Resume (*Exhibit 3 to the Counsel's Declaration*); and

- Preliminary Approval Order.

5. **Per 28 U.S.C. § 1715(b)(5) – Any Settlement or Other Agreements:** There are no other Settlements or Agreements between the parties.

6. **Per 28 U.S.C. § 1715(b)(6) – Final Judgment or Notice of Dismissal:** To date, the Court has not issued a final order, judgment or dismissal in the above-referenced action.

7. **Per 28 U.S.C. § 1715(b)(7) – Estimate of Class Members:** The Class consists of all individuals who were notified that their information may have been impacted in the Data Incident. The Settlement Class specifically excludes: (i) Mercer and its respective officers and directors; (ii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iii) the Judge and/or magistrate assigned to evaluate the fairness of this settlement; and (iv) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding, or abetting the Data Incident or who pleads *nolo contender* to any such charge.

   Defendant has provided a Geographic Analysis with the current estimate of the number of Settlement Class Members residing in each state in the enclosed CD.

5. **Per 28 U.S.C. § 1715(b)(8) – Judicial Opinions Related to the Settlement:** To date, the Court has not issued a final order or judgment in the above-referenced action.

If you have questions or concerns about this notice or the enclosed materials, please contact this office.

Sincerely,

CAFA Notice Administrator

Enclosures

Exhibit 3

*Wang et al. v. Mie Corporation of Mercer University*
**Settlement Administrator**
**PO Box 2853**
**Portland, OR 97208-2853**

FIRST-CLASS MAIL
PRESORTED
U.S. POSTAGE PAID
PORTLAND, OR
PERMIT NO. 2882

LEGAL NOTICE ONLY TO BE
OPENED BY THE INTENDED
RECIPIENT

**This is <u>not</u> a solicitation from a lawyer.**



**THIS IS NOT A CLAIM FORM**

**CHANGE OF ADDRESS (IF DIFFERENT THAN POSTCARD)**

**UPDATED ADDRESS:**

Primary Address:

Primary Address continued:

City:                                                                            State:        ZIP Code:

AK8393 v.02

**If your personal information was compromised in a security incident affecting Mercer University, you may be eligible for benefits from a class action settlement.**

**PLEASE VISIT WWW.MERCERDATASETTLEMENT.COM FOR MORE INFORMATION.**

A Settlement has been reached in the lawsuit captioned *Wang et al. v. The Corporation of Mercer University*, Case No. 5:23-cv-00193, filed in the United States District Court for the Middle District of Georgia. This litigation arises out of a data security incident affecting certain Mercer computer systems between February 12 and 24, 2023 (the "Data Incident").

**WHO IS INCLUDED?** All persons who were notified that their information may have been impacted in the Data Incident.

**SETTLEMENT BENEFITS.** Settlement Class Members may submit a claim for (i) Ordinary Out-of-Pocket Losses and Attested Time reimbursement up to $450 per individual, including: (a) up to $100 in reimbursement for undocumented time spent dealing with the Data Incident for up to 5 hours at $20.00/hour; (b) reimbursement for documented, unreimbursed out-of-pocket expenses incurred in responding to the Data Incident; (ii) Extraordinary Out-of-Pocket Losses reimbursement of up to $5,500.00 per individual for documented, unreimbursed actual identity theft expenses that resulted from the Data Incident; and (iii) two years of free credit monitoring and identity resolution services. Class Counsel, William Federman and Kevin Laukaitis, the Court-appointed attorneys representing the Settlement Class in this case, will ask the Court to approve attorneys' fees, reimbursement of litigation expenses, and service awards for Class Representative in a combined amount not to exceed $300,000, to be paid by Defendant.

**WHAT ARE MY OPTIONS?** To get a payment and/or benefit you must submit a Claim Form by **March 18, 2025**. To submit a claim visit www.MercerDataSettlement.com. You may also call 1-888-884-9402 to request that a Claim Form be mailed to you. If you do not want to be legally bound by the Settlement, you must exclude yourself from it by **February 17, 2025**, or you will not be able to sue, or continue to sue, Mercer University about the legal claims this Settlement resolves. If you exclude yourself, you cannot get benefits from the Settlement. If you stay in the Settlement Class, you can object to the Settlement by **February 17, 2025**. A long-form notice available at www.MercerDataSettlement.com explains how to exclude yourself or object and describes the released claims in detail.

**WANT MORE INFORMATION?** Do NOT call the Court. Visit www.MercerDataSettlement.com or call 1-888-884-9402.
AK8392 v.02



NO POSTAGE
NECESSARY
IF MAILED
IN THE
UNITED STATES

**BUSINESS REPLY MAIL**
FIRST-CLASS MAIL    PERMIT NO. 581    PORTLAND, OR

POSTAGE WILL BE PAID BY ADDRESSEE

MERCER UNIVERSITY DATA BREACH
C/O EPIQ
PO BOX 2853
PORTLAND OR 97208-9684

Exhibit 4

## NOTICE OF CLASS ACTION AND PROPOSED SETTLEMENT

*This is <u>not</u> a solicitation from a lawyer, junk mail, or an advertisement. A court authorized this Notice.*

- A proposed Settlement has been reached in a class action lawsuit known as *Wang et al. v. The Corporation of Mercer University*, Case No. 5:23-cv-00193-TES ("Lawsuit"), filed in the U.S.D.C. for the Middle District of Georgia.

- This litigation arises out of a data security incident affecting certain Mercer computer systems between February 12 and 24, 2023 (the "Data Incident").

- All Settlement Class Members can receive the following benefits from the Settlement: (i) Ordinary Out-of-Pocket Losses and Attested Time reimbursement up to $450 per individual, including: (a) up to $100 in reimbursement for undocumented time spent dealing with the Data Incident for up to 5 hours at $20.00/hour; (b) reimbursement for documented, unreimbursed out-of-pocket expenses incurred in responding to the Data Incident; (ii) Extraordinary Out-of-Pocket Losses reimbursement of up to $5,500.00 per individual for documented, unreimbursed actual identity theft expenses that resulted from the Data Incident; AND (iii) two years of free credit monitoring and identity resolution services. Mercer also agrees to provide security-related improvements.

- You are included in this Settlement as a Settlement Class Member if were notified that their information may have been impacted in the Data Incident.

- Your legal rights are affected regardless of whether you do or do not act. Read this Notice carefully.

| YOUR LEGAL RIGHTS & OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **Submit a Claim and/or Receive Credit Monitoring** | **You must submit a Valid Claim to get money from this Settlement.**<br><br>Claim Forms must be submitted online by **March 18, 2025,** or, if mailed, postmarked no later than **March 18, 2025.**<br><br>You may enroll in the credit monitoring product offered by Mercer University, for a period of 2 years, by submitting a request through the Claim Form. |
| **Do Nothing** | If you do nothing, you remain in the Settlement.<br><br>You give up your rights to sue and you will not get any money. |
| **Exclude Yourself** | **Get out of the Settlement. Get no money. Keep your rights.**<br><br>This is the only option that allows you to keep your right to sue about the claims in this lawsuit. You will not get any money from the Settlement.<br><br>Your request to exclude yourself must be postmarked no later than **February 17, 2025**. |
| **File an Objection** | Stay in the Settlement but tell the Court why you think the Settlement should not be approved.<br><br>Objections must be postmarked no later than **February 17, 2025**. |
| **Go to a Hearing** | You can ask to speak in Court about the fairness of the Settlement, at your own expense. *See* Question 18 for more details.<br><br>The Final Fairness Hearing is scheduled for **April 17, 2025**. |

**WHAT THIS NOTICE CONTAINS**

**BASIC INFORMATION** ................................................................................................................ **PAGES 3-4**

     1.  How do I know if I am affected by the lawsuit and Settlement?
     2.  What is this case about?
     3.  Why is there a Settlement?
     4.  Why is this a class action?
     5.  How do I know if I am included in the Settlement?

**THE SETTLEMENT BENEFITS** ...................................................................................................... **PAGES 4-5**

     6.  What does this Settlement provide?
     7.  How to submit a Claim?
     8.  What am I giving up as part of the Settlement?

**EXCLUDE YOURSELF** ...................................................................................................................... **PAGE 5**

     9.  How do I exclude myself from the Settlement?
    10.  If I do not exclude myself, can I sue later?
    11.  What happens if I do nothing at all?

**THE LAWYERS REPRESENTING YOU** ............................................................................................ **PAGE 6**

    12.  Do I have a lawyer in the case?
    13.  How will the lawyers be paid?

**OBJECTING TO THE SETTLEMENT** ............................................................................................ **PAGE 6-7**

    14.  How do I tell the Court that I do not like the Settlement?
    15.  What is the difference between objecting and asking to be excluded?

**THE FINAL FAIRNESS HEARING** .................................................................................................. **PAGE 7**

    16.  When and where will the Court decide whether to approve the Settlement?
    17.  Do I have to come to the hearing?
    18.  May I speak at the hearing?

**DO NOTHING** ................................................................................................................................ **PAGE 7**

    19.  What happens if I do nothing?

**GET MORE INFORMATION** ........................................................................................................ **PAGE 8**

    20.  How do I get more information about the Settlement?

# BASIC INFORMATION

## 1.    How do I know if I am affected by the Lawsuit and Settlement?

You are a Settlement Class Member if you were notified that their information may have been impacted in the Data Incident.

The Settlement Class specifically excludes: (i) Mercer and its respective officers and directors; (ii) all Settlement Class Members who timely and validly request exclusion from the Settlement Class; (iii) the Judge and/or magistrate assigned to evaluate the fairness of this settlement; and (iv) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding, or abetting the Data Incident or who pleads *nolo contender* to any such charge.

## 2.    What is this case about?

This case is known as *Wang et al. v. The Corporation of Mercer University*, Case No. 5:23-cv-00193, filed in the United States District Court for the Middle District of Georgia (the "Lawsuit"). The individuals who sued are called the "Plaintiffs" and the company they sued, The Corporation of Mercer University, is known as the "Defendant" in this case. The Corporation of Mercer University will be called "Defendant" in this Notice.

Plaintiffs filed a lawsuit against Defendant, individually, and on behalf of anyone whose personally identifiable information, including names in combination with Social Security numbers and/or driver's license numbers ("Personal Information") was potentially impacted as a result of the Data Incident.

This Lawsuit arises out of a data security incident affecting certain Mercer computer systems between February 12 and 24, 2023.

## 3.    Why is there a Settlement?

By agreeing to settle, both sides avoid the cost, disruption, and distraction of further litigation. The Class Representatives, Defendant, and their attorneys believe the proposed Settlement is fair, reasonable, and adequate and, thus, best for the Settlement Class Members. The Court did not decide in favor of the Plaintiffs or Defendant. Full details about the proposed Settlement are found in the Settlement Agreement available at www.MercerDataSettlement.com.

## 4.    Why is this a class action?

In a class action, one or more people called "Class Representatives" sue on behalf of all people who have similar claims. All of these people together are the "Settlement Class" or "Settlement Class Members."

## 5.    How do I know if I am included in the Settlement?

You are included in the Settlement if you were notified that their information may have been impacted in the Data Incident. If you are not sure whether you are included as a Settlement Class Member, or have any other questions about the Settlement, visit www.MercerDataSettlement.com, call toll free 1-888-884-9402, or write to:

> Mercer University Data Incident
> Claims Administrator
> P.O. Box 2853
> Portland, OR 97208-2853

## THE SETTLEMENT BENEFITS

**6.    What does this Settlement provide?**

The proposed Settlement will provide the following benefits to Settlement Class Members:

**Documented Ordinary Out-of-Pocket Losses and Attested Time Reimbursement:** All Settlement Class Members who submit a Valid Claim using the Claim Form are eligible for reimbursement of documented out-of-pocket losses and attested time, not to exceed $450 per Settlement Class Member.

*Ordinary Out-of-Pocket Losses* are unreimbursed costs or expenditures incurred by a Settlement Class Member in responding to notice of the Data Incident that are fairly traceable to the Data Incident. Ordinary Out-of-Pocket Losses may include, without limitation, the following: (1) costs incurred on or after May 24, 2023 associated with accessing or freezing/unfreezing credit reports with any credit reporting agency; (2) other miscellaneous expenses incurred related to any Ordinary Out-of- Pocket Loss such as notary, fax, postage, copying, mileage, and long-distance telephone charges; and (3) credit monitoring or other mitigative costs that were incurred on or after May 24, 2023 through the date of the Class member's claim submission.

Settlement Class Members who elect to submit a claim for reimbursement of Ordinary Out-of-Pocket Losses must provide to the Settlement Administrator the information required to evaluate the claim, including: (1) the Settlement Class Member's name and current address; (2) documentation supporting their claim; and (3) a brief description of the documentation describing the nature of the loss, if the nature of the loss is not apparent from the documentation alone. Documentation supporting Ordinary Out-of-Pocket Losses can include receipts or other documentation not "self-prepared" by the Settlement Class Member that documents the costs incurred

*Lost Time Reimbursement:* Settlement Class Members are also eligible to receive reimbursement for up to 5 hours of lost time spent dealing with the Data Incident (calculated at the rate of $20 per hour). Settlement Class Members may receive reimbursement for lost time if the Settlement Class Member provides an attestation and a written (narrative) description of (1) the actions taken in response to the Data Incident, and (2) the time associated with those actions.

**Documented Extraordinary Out-of-Pocket Losses Reimbursement:** Settlement Class Members are also eligible to receive reimbursement for extraordinary losses, not to exceed $5,500 per Settlement Class Member, for unreimbursed monetary losses incurred by a Settlement Class Member that are more likely than not directly arising from identity theft or other fraud perpetrated against the Settlement Class Member as a result of the Data Incident. Extraordinary Out-of-Pocket Losses may include, without limitation, the unreimbursed costs, expenses, losses or charges incurred a result of identity theft or identity fraud, falsified tax returns, or other possible misuse of Settlement Class Member's personal information.

Settlement Class Members who elect to submit a claim for reimbursement of Extraordinary Out-of-Pocket Losses must provide information required to evaluate the claim, including: (1) the Settlement Class Member's name and current address; (2) an attestation and documentation supporting their claim; and (3) a brief description of the documentation describing the nature of the loss, if the nature of the loss is not apparent from the documentation alone. Documentation supporting Extraordinary Out-of-Pocket Losses can include receipts or other documentation not "self-prepared" by the Settlement Class Member that documents the costs incurred.

**Credit Monitoring:** If you would like to claim 2 years of three-bureau credit monitoring, you may do so before the Claims Deadline on March 18, 2025 by selecting the credit monitoring option on the Claim Form.

**7.    How to submit a claim?**

All claims will be reviewed by the Claims Administrator and/or a claims referee. You must file a Claim Form to get any money from the proposed Settlement. Claim Forms must be submitted online by 11:59 p.m. March 18, 2025 or postmarked no later than March 18, 2025. You can download a Claim Form at  www.MercerDataSettlement.com or you can call the Claims Administrator at 1-888-884-9402. The Claimant ID Login and Password that were printed on the Notice you received will be required to access online claim filing. You may also download a paper claim form from the Documents Page at www.MercerDataSettlement.com.

Your paper claim form must be postmarked no later than March 18, 2025to:

Mercer University Data Incident
Claims Administrator
P.O. Box 2853
Portland, OR 97208-2853

## 8.    What am I giving up as part of the Settlement?

If you stay in the Settlement Class, you will be eligible to receive benefits, but you will not be able to sue Defendant and its Related Entities and each of their past or present parents, subsidiaries, divisions, and related or affiliated entities, and each of their respective predecessors, successors, directors, officers, principals, agents, attorneys, insurers, and reinsurers regarding the claims in this case. The Settlement Agreement, which includes all provisions about settled claims, releases, and Released Persons, is available at www.MercerDataSettlement.com The only way to keep the right to sue is to exclude yourself (*see* Question 10), otherwise you will be included in the Settlement Class, if the Settlement is approved, and you give up the right to sue for the claims in this case.

## EXCLUDE YOURSELF

## 9.    How do I exclude myself from the Settlement?

If you do not want to be included in the Settlement, you must send a timely written request for exclusion. Your request for exclusion must be individually signed by you. Your request must clearly manifest your intent to be excluded from the Settlement.

Your written request for exclusion must be postmarked no later than **February 17, 2025,** to:

> Mercer University Data Incident
> Claims Administrator
> P.O. Box 2853
> Portland, OR 97208-2853

Instructions on how to submit a request for exclusion are available at www.MercerDataSettlement.com or from the Claims Administrator by calling 1-888-884-9402.

If you exclude yourself, you will not be able to receive any cash benefits from the Settlement and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit and you will keep your right to sue the Defendant on your own for the claims that this Settlement resolves.

## 10.    If I do not exclude myself, can I sue later?

No. If you do not exclude yourself from the Settlement, and the Settlement is approved by the Court, you forever give up the right to sue the Released Persons (listed in Question 8) for the claims this Settlement resolves.

## 11.    What happens if I do nothing at all?

If you do nothing, you will be bound by the Settlement if the Court approves it, you will not get any money from the Settlement, you will not be able to start or proceed with a lawsuit or be part of any other lawsuit against the Released Persons (listed in Question 8) about the settled claims in this case at any time.

## THE LAWYERS REPRESENTING YOU

**12.    Do I have a lawyer in the case?**

Yes. The Court has appointed William B. Federman of the law firm Federman & Sherwood and Kevin Laukaitis of the law firm Laukaitis Law LLC (called "Class Counsel") to represent the interests of all Settlement Class Members in this case. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

**13.    How will the lawyers be paid?**

Class Counsel will apply to the Court for an award of attorneys' fees, costs, and litigation expenses in an amount not to exceed $300,000, which includes service awards of $1,500 to the Class Representatives. A copy of Class Counsel's Application for Attorneys' Fees, Costs, Expenses, and Service Awards to Class Representatives will be posted on the Settlement Website, www.MercerDataSettlement.com before the Final Fairness Hearing. The Court will make the final decisions as to the amounts to be paid to Class Counsel.

## OBJECTING TO THE SETTLEMENT

**14.    How do I tell the Court that I do not like the Settlement?**

If you want to tell the Court that you do not agree with the proposed Settlement or some part of it, you can submit an objection telling it why you do not think the Settlement should be approved. Objections must be submitted in writing and include all the following information:

Such notice shall state:

(i)    The objection's full name and address;

(ii)    The case name and docket number: *Wang et al. v. The Corporation of Mercer University*, 5:23-cv-00193-TES (M.D. Ga.);

(iii)    A written statement of all grounds for the objection, including whether the objection applies only to the objector, to a subset of the Settlement Class, or to the entire Settlement Class, accompanied by any legal support for the objection the objector believes applicable;

(iv)    The identity of any and all counsel representing the objector in connection with the objection;

(v)    A statement whether the objector and/or his or her counsel will appear at the Final Fairness Hearing; and

(vi)    The objector's signature or the signature of the objector's duly authorized attorney or other duly authorized representative (if any) representing him or her in connection with the objection.

Your Objection may be filed with the Court through the Court's ECF system by **February 17, 2025**. In addition, you must mail a copy of your objection to Class Counsel and Defense Counsel, postmarked no later th**an February 17, 2025.**

| CLASS COUNSEL | DEFENSE COUNSEL |
|---|---|
| William B. Federman<br>FEDERMAN & SHERWOOD<br>10205 N. Pennsylvania Ave.<br>Oklahoma City, OK 73120<br><br>Kevin Laukaitis<br>LAUKAITIS LAW LLC<br>954 Avenida Ponce De Leon<br>Suite 205, #10518<br>San Juan, PR 00907 | Christopher A. Wiech<br>BAKER & HOSTETLER LLP<br>1170 Peachtree Street NE, Suite 2400<br>Atlanta, GA 30309-7676 |

If you do not submit your objection with all requirements, or if your objection is not postmarked by **February 17, 2025**, you will be considered to have waived all Objections and will not be entitled to speak at the Final Fairness Hearing.

## 15.   What is the difference between objecting and asking to be excluded?

Objecting is simply telling the Court that you don't like something about the Settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you don't want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the Settlement no longer affects you.

# THE FINAL FAIRNESS HEARING

## 16.   When and where will the Court decide whether to approve the Settlement?

The Court will hold the Final Fairness Hearing on April 17, 2025, at 11:00 a.m. via the William A. Bootle Federal Building & United States Courthouse, 475 Mulberry Street, Macon, Georgia 31201. The hearing may be moved to a different date, time, or location without additional notice, so it is recommended that you periodically www.MercerDataSettlement.com for updated information.

At the hearing, the Court will consider whether the proposed Settlement is fair, reasonable, adequate, and is in the best interests of Settlement Class Members, and if it should be approved. If there are valid objections, the Court will consider them and will listen to people who have asked to speak at the hearing if the request was made properly. The Court will also consider the award of Attorneys' Fees, Costs, and Expenses to Class Counsel and the request for a service award to the Class Representatives.

## 17.   Do I have to come to the hearing?

No. You are not required to come to the Final Fairness Hearing. However, you are welcome to attend the hearing at your own expense.

If you submit an Objection, you do not have to come to the hearing to talk about it. If your objection was submitted properly and on time, the Court will consider it. You also may pay your own lawyer to attend the Final Fairness Hearing, but that is not necessary.

## 18.   May I speak at the hearing?

Yes. You can speak at the Final Fairness Hearing, but you must ask the Court for permission. To request permission to speak, you must file an objection according to the instructions in Question 14, including all the information required. You cannot speak at the hearing if you exclude yourself from the Settlement.

# DO NOTHING

## 19.   What happens if I do nothing?

If you do nothing, you will not get any money from the Settlement, you will not be able to sue for the claims in this case, and you release the claims against Defendant described in Question 8.

## GET MORE INFORMATION

**20.    How do I get more information about the Settlement?**

This is only a summary of the proposed Settlement. If you want additional information about this lawsuit, including a copy of the Claim Form, Long Form Notice, or the Settlement Agreement., and more, please visit www.MercerDataSettlement.com or call 1-888-884-9402. You may also contact the Claims Administrator at:

Mercer University Data Incident
Claims Administrator
P.O. Box 2853
Portland, OR 97208-2853

**PLEASE DO NOT ADDRESS ANY QUESTIONS ABOUT THE SETTLEMENT
OR LITIGATION TO THE CLERK OF THE COURT, THE JUDGE, DEFENDANT,
OR DEFENDANT'S COUNSEL.**

Exhibit 5

**Must be postmarked or submitted online**
**NO LATER THAN March 18, 2025**

Mercer University Data Incident
Settlement Administrator
P.O. BOX 2853
PORTLAND, OR 97208-2853
www.MercerDataSettlement.com

## Your Information

This Claim Form should be filled out online or submitted by mail if you want to receive payments and/or benefits under the Settlement. Checks will be mailed, or electronic payments will be made, to eligible Settlement Class Members if the Settlement is approved by the Court.

The Settlement Notice describes your legal rights and options. Please visit the official settlement administration website www.MercerDataSettlement.com, or call 1-888-884-9402 for more information.

Claim submission options:

- File a claim online at www.MercerDataSettlement.com. Your form must be submitted by **11:59 PM on March 18, 2025**.
- Print this form from the settlement administration website, complete the form in its entirety and mail to the Settlement Administrator at the address listed below. Your Claim Form must be postmarked by **March 18, 2025.**
- You can contact the Settlement Administrator to request a Claim Form be mailed to you. You must complete the Claim Form in its entirety and mail the completed Claim Form so that it is postmarked by **March 18, 2025.**

YOU MUST INCLUDE YOUR UNIQUE ID in Section 1 below. You can locate your Unique ID at the top of the postcard Notice that was sent to you.

First Name    MI    Last Name

Mailing Address

City    State    ZIP Code

Phone Number

Email Address

Unique ID (located on the postcard notice mailed to you)

## Attested Time

All Settlement Class Members who have spent time dealing with the Data Incident may submit a claim between one (1) and five (5) hours of time spent dealing with the Data Incident (which will be calculated and paid at a rate of $20 per hour for a total of up to $100). You must attest that any claimed lost time was spent responding to issues raised by the Data Incident and provide a written description of how the claimed lost time spent was related to the Data Incident and the time associated with each action. Reimbursement for Attested Lost Time and Ordinary Out-of-Pocket Losses may not exceed $450 per Settlement Class Member.

**Hours lost as a result of the Data Incident**

Examples – You spent time reviewing financial account statements, calling customer service lines, writing letters or emails, or on the Internet in response to the Data Incident. Please note that the time that it takes to fill out this Claim Form is not reimbursable and should not be included in the total.

Total Hours Being Claimed: ☐ 1 Hour  ☐ 2 Hours  ☐ 3 Hours  ☐ 4 Hours  ☐ 5 Hours

*In order to receive this payment, you **must** provide a brief description of the action(s) you took in response to the Data Incident below and the time associated with each action. The total time spent should not exceed 5 hours.*

| Description(s) of Action(s) Taken in Response to Data Incident | Approximate Time Associated with Actions |
|---|---|
| Description of Action Taken<br>*Example: Reviewing financial account statements for unusual activity.* | [3] Hour(s) |
| Description of Action Taken | ☐ Hour(s) |
| Description of Action Taken | ☐ Hour(s) |
| Description of Action Taken | ☐ Hour(s) |

Questions? Visit www.MercerDataSettlement.com or call 1-888-884-9402.

3

## Documented Ordinary Out-of-Pocket Losses

All Settlement Class Members who have incurred costs or expenditures in responding to notice of the Data Incident that are fairly traceable to the Data Incident may submit a claim for unreimbursed Ordinary Out-of-Pocket Losses. Please review the Notice and section 2.1.1 of the Settlement Agreement (available at www.MercerDataSettlement.com) for more information on who is eligible for a payment and the nature of the expenses or losses that can be claimed.

Please provide as much information as you can to confirm you are entitled to a Settlement payment.

PLEASE PROVIDE THE INFORMATION LISTED BELOW:

Fill in the sections below for each category of documented, unreimbursed Out-of-Pocket Losses that you incurred between **May 24, 2023**, and **March 18, 2025** in responding to notice of the Data Incident. Examples include costs associated with accessing or freezing/unfreezing credit reports with any credit reporting agency; other miscellaneous expenses incurred related to any Ordinary Out-of-Pocket Loss such as notary, fax, postage, copying, mileage, and long-distance telephone charges; and credit monitoring or other mitigative costs.

Please be sure to fill in the total amount you are claiming for each category and to attach documentation of the charges (if you are asked to provide account statements as part of proof required for any part of your claim, you may mark out any unrelated transactions if you wish).

Reimbursement for Ordinary Out-of-Pocket Losses Resulting from the Data Incident: (not to exceed $450 per Settlement Class Member, along with any Attested Time)

| Expense Types and Examples of Documents | Approximate Amount of Expense and Date | Description of Expense or Money Spent and Supporting Documents (Identify what you are attaching and why it's related to the Data Incident) |
|---|---|---|
| Credit Reports, Freezing Credit, Identity Theft Insurance, or Credit Monitoring Charges<br><br>*Examples: The cost of a credit report, identity theft insurance, or credit monitoring services that you purchased on or after May 24, 2023* | $ ⬚⬚⬚⬚⬚ · ⬚⬚<br><br>⬚⬚ – ⬚⬚ – ⬚⬚⬚⬚<br>MM   DD   YYYY | _____<br>_____<br>_____<br>_____ |
| Other Miscellaneous Expenses incurred relating to any Ordinary Out-of-Pocket Loss<br><br>*Examples: Notary, fax, postage, copying, mileage, and long distance phone charges, cell phone charges (only if charged by the minute), data charges (only if charged based on the amount of data used)* | $ ⬚⬚⬚⬚⬚ · ⬚⬚<br><br>⬚⬚ – ⬚⬚ – ⬚⬚⬚⬚<br>MM   DD   YYYY | _____<br>_____<br>_____<br>_____ |

Documentation supporting Ordinary Out-of-Pocket Losses can include receipts or other documentation not "self-prepared" by the Settlement Class Member that documents the costs incurred. You may also mark out any transactions that were not fraudulent and any other information that is not relevant to your claim before sending in the documentation.

Questions? Visit www.MercerDataSettlement.com or call 1-888-884-9402.

## Documented Extraordinary Out-of-Pocket Losses

All Settlement Class Members may submit a claim for reimbursement of actual, documented, and unreimbursed Extraordinary Out-of-Pocket Losses (up to $5,500) that were more likely than not directly arising from identity theft or other fraud perpetrated against you as a result of the Data Incident, occurred between **February 12, 2023,** and **March 18, 2025** and are not already covered by one or more of the other categories of Settlement benefits.

PLEASE PROVIDE THE INFORMATION LISTED BELOW:

You must describe the unreimbursed losses claimed (including the amount of each loss), sign the attestation at the end of this Claim Form, and attach supporting documentation (if you provide account statements as part of proof required for any part of your claim, you may mark out any unrelated transactions if you wish). Documentation supporting Extraordinary Out-of-Pocket Losses can include receipts or other documentation not "self-prepared" by the Settlement Class Member that documents the costs incurred. By signing the attestation below, you are affirming that to the best of your knowledge and belief the claimed losses were more likely than not caused by the Data Incident.

| Extraordinary Losses | Approximate Amount of Expense and Date |
|---|---|
| Description of Extraordinary Loss _____ _____ _____ | $ ☐☐☐☐☐ . ☐☐  <br> ☐☐ – ☐☐ – ☐☐☐☐ <br> MM      DD      YYYY |
| Description of Extraordinary Loss _____ _____ _____ | $ ☐☐☐☐☐ . ☐☐  <br> ☐☐ – ☐☐ – ☐☐☐☐ <br> MM      DD      YYYY |
| Description of Extraordinary Loss _____ _____ _____ | $ ☐☐☐☐☐ . ☐☐  <br> ☐☐ – ☐☐ – ☐☐☐☐ <br> MM      DD      YYYY |
| **TOTAL Amount Being Claimed:** | $ ☐☐☐☐☐ . ☐☐ |

☐ *I have attached documentation showing that the claimed losses were more likely than not caused by the Data Incident.*

☐ *Check this box to confirm that you have exhausted all applicable insurance policies, including credit monitoring insurance and identity theft insurance, and that you have no insurance coverage for these fraudulent charges.*

Questions? Visit www.MercerDataSettlement.com or call 1-888-884-9402.

## Credit Monitoring Services

All Settlement Class Members are eligible to claim two (2) years of credit monitoring services with three bureaus and at least $1,000,000.00 in identity theft insurance.

Do you wish to claim 2 years of free Credit Monitoring?

☐ Yes, I want to receive free Credit Monitoring

If you select "YES" for this option, you will need to follow instructions and use an activation code that you receive after the Settlement is final. Credit Monitoring Protections will not begin until you use your activation code to enroll. Activation instructions will be provided to your email address. If you do not have an email address, your activation code and instructions will be sent to your home address listed on this Claim Form.

## Medicare Beneficiary

Were you a Medicare beneficiary during the time period of February 12, 2023 to the present? (check one)

☐ Yes        ☐ No

If you are a Medicare beneficiary receiving more than $750 under this settlement, the Settlement Administrator may need to contact you for additional information related to Medicare reporting requirements.

## Sign and Date Claim Form

I declare under penalty of perjury and the laws of the United States and my state of residence that the information supplied in this Claim Form by the undersigned is true and correct to the best of my recollection, and that this form was executed on the date set forth below.

I understand that I may be asked to provide supplemental information by the Settlement Administrator or Claims Referee before my claim will be considered complete and valid.

Date:  ☐☐ – ☐☐ – ☐☐☐☐
        MM      DD        YYYY

_____
Signature

_____
Print Name

## SUBMIT YOUR CLAIM FORM.

This Claim Form and any supporting documentation must be either submitted online at www.MercerDataSettlement.com or postmarked by **March 18, 2025** and mailed to:

Mercer University Data Incident
Settlement Administrator

Questions? Visit www.MercerDataSettlement.com or call 1-888-884-9402.

PO BOX 2853
PORTLAND, OR 97208-2853

Questions? Visit www.MercerDataSettlement.com or call 1-888-884-9402.

3

Exhibit 6



*Wang et al. v. The Corporation of Mercer University*
**Exclusion Report**

| Number | Name ID |
|--------|---------|
| 1 | XXX127 |